IN THE UNITED STATES DISTIRCT COURT
FOR THE STATE OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| KATARZYNA FOULGER and JOHN DOE, | ) ) ) | Cause No: 4:22-CV-00878 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| AVERTEST, LLC d/b/a AVERHEALTH | ) ) | |
| Defendant. | ) ) | |

_____

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**
_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION ................................................................................................. 1

FACTS RELEVANT TO MOTION ......................................................................... 1

LEGAL ANALYSIS .............................................................................................. 2

I.     Missouri Law Governs All Common Law Claims Asserted in the
Complaint. ........................................................................................................ 2

        A.     Missouri Law Governs All Common Law Claims ................................ 3

        B.     Plaintiffs' Negligence Claims are Properly Characterized as
Claims for Medical Malpractice and Must be Dismissed for
Failure to Meet Statutory Requirements for Such Actions
Under Missouri Law. ............................................................................ 3

        C.     Plaintiff Doe's Negligence Claim is Barred by the
Applicable Statute of Limitations. ........................................................ 6

        D.     Plaintiff Foulger's Breach of Contract Claim Has Been
Supplanted by Section 538.210 and Should be Dismissed. ................... 7

II.    Plaintiff Foulger's Breach of Contract Claim Has Been Released. ................. 8

III.   Plaintiff Foulger's Claims for Violation of the Arizona Consumer
Fraud Act Fail to State a Claim Upon Which Relief May be
Granted. ........................................................................................................... 8

        A.     Plaintiff Foulger Lacks Standing to Assert a Claim Under
the ACFA. ............................................................................................ 8

        B.     Plaintiff Foulger Fails to Meet the Pleading Requirements of
the ACFA and Rule 9(b) of the Federal Rules of Civil
Procedure. .......................................................................................... 10

             1.     Plaintiff Foulger Only Pleads Conclusory Assertions. ............. 10

             2.     Plaintiff Foulger's ACFA Claims Rely on Alleged
Misrepresentations That Constitute Non-Actionable
Puffery. .................................................................................. 11

3.      Plaintiff Foulger's Factual Allegations Fail to Meet
Rule 9(b)'s Requirement to Establish Factual Falsity ............... 13

CONCLUSION ......................................................................................................... 15

CERTIFICATE OF SERVICE ..................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Italian Pasta Co. v. New World Pasta Co.*,
371 F.3d 387 (8th Cir. 2004) ............................................................. 11, 12

*Ashanti v. City of Golden Valley*,
666 F.3d 1148 (8th Cir. 2012) ................................................................. 14

*In re Banner Health Data Breach Litig.*,
2017 WL 6763548 (D. Ariz. 2017) .................................................... 10, 14

*Barnhoff v. Aldridge*,
38 S.W.2d 1029 (Mo. 1931) ............................................................. 5, 6, 7

*In re BK and MB, Minor(s)*,
FID No. 76442-1/2-NA ............................................................................ 13

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ........................................................... 10, 14

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990) .................................................................. 12

*Davis v. Citibank*,
2015 WL 928117 (E.D. Mo. Mar. 4, 2015) ............................................. 6

*Devitre v. Orthopedic Ctr. of St. Louis, LLC*,
349 S.W.3d 327 (Mo. 2011) ..................................................................... 5

*Dunlap v. Jimmy GMC of Tucson, Inc.*,
666 P.2d 83 (Ariz. Ct. App. 1983) ...................................................... 9, 10

*Ellis v. First Nat'l Bank*,
172 P. 281 (Ariz. 1918) ........................................................................... 11

*Gerber v. Wells Fargo Bank, N.A.*,
2011 WL 50076921 (D. Ariz. October 20, 2011) .................................... 11

*Glick v. W. Power Sports, Inc.*,
944 F.3d 714 (8th Cir. 2019) ..................................................................... 2

*Gorog v. Best Buy Co.*,
    760 F.3d 787 (8th Cir. 2014) ............................................................ 1, 14

*J.K.M. v. Dempsey*,
    317 S.W.3d 621 (Mo. Ct. App. 2010) ..................................................... 6, 7

*Jacobs v. Wolff*,
    829 S.W.2d 470 (Mo. Ct. App. 1992) ................................................ 5, 6, 7

*James Erickson Family Partnership LLLP v. Transamerica Life Ins. Co.*,
    2019 WL 4673337 ........................................................................ 10, 14

*Law v. Sidney*,
    53 P.2d 64 (Ariz. 1936) ....................................................................... 11

*Newcal Indus., Inc. v. Ikon Office Solutions*,
    513 F.3d 1038 (9th Cir. 2008) ............................................................. 11

*In re NuvaRing Prods. Liab. Litig.*,
    957 F. Supp. 1110 (E.D. Mo. 2013) ......................................................... 3

*Parks v. Macro-Dynamics*,
    591 P.2d 1005 (Ariz. Ct. App. 1979) .................................................. 9, 10

*Sellinger v. Freeway Mobile Home Sales, Inc.*,
    521 P.2d 1119 (1974) ........................................................................ 8, 9

*Sorrells v. Clifford*,
    204 P. 1013 (Ariz. 1922) ..................................................................... 11

*Stahl v. U.S. Dep't of Agric.*,
    327 F.3d 697 (8th Cir. 2003) .................................................................. 1

*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*,
    971 F.2d 401 (9th Cir. 1992) .................................................................. 9

*Waste Mfg. & Leasing Corp. v. Hambicki*,
    900 P.2d 1220 (Ariz. Ct. App. 1995) ....................................................... 9

**Statutes**

42 U.S.C. § 263a(b) ................................................................................. 5

Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 et seq. .................................. 8

Mo. Rev. Stat. § 516.105.1 ........................................................................ 6

iv

M<small>O</small>. R<small>EV</small>. S<small>TAT</small>. § 538.205(6) ............................................................. 4

M<small>O</small>. R<small>EV</small>. S<small>TAT</small>. § 538.205 (7) .......................................................... 4

**Other Authorities**

B<small>LACK'S</small> L<small>AW</small> D<small>ICTIONARY</small> (10th ed. 2014) .................................... 11

Fed. R. Civ. P. 9(b) ...................................................... 1, 10

Fed. R. Civ. P. 12(b)(6) ..................................................... 1

R<small>ESTATEMENT</small> (S<small>ECOND</small>) <small>OF</small> C<small>ONFLICT OF</small> L<small>AWS</small> § 145 ...................... 3

Rule 9(b) ............................................................. 12, 14

# INTRODUCTION

Plaintiffs' Complaint fails to state a claim upon which relief may be granted. In an attempt to plead around Missouri law, Plaintiffs claim Averhealth was negligent under the laws of Arizona and Massachusetts, that it violated the Arizona Consumer Fraud Act ("ACFA"), and breach of contract. Plaintiffs' non-ACFA claims are either not cognizable under Missouri law, have not been filed within the applicable statute of limitations, or are subject to previously-executed releases. Plaintiff Foulger's ACFA claims fail due to a lack of standing and failure to plead sufficient factual allegations to meet the threshold requirements to maintain a cause of action under the ACFA and Fed. R. Civ. P. 9(b). For these reasons, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

# FACTS RELEVANT TO MOTION

Avertest, LLC, d/b/a Averhealth ("Averhealth") operates a drug testing laboratory in St. Louis, Missouri. (Doc. 1 ¶ 10). Averhealth's laboratory is accredited by the College of American Pathologists–Forensic Drug Testing ("CAP-FDT"), the U.S. Department of Health and Human Services Clinical Laboratory Improvements Amendment ("CLIA") program, and the U.S. Drug Enforcement Agency ("DEA"). (*Id.* at ¶ 13). Averhealth's CAP- FDT, CLIA, and DEA certificates are attached as **Exhibits 1, 2, and 3,** respectively.[1]

Plaintiff Foulger is a litigant in divorce proceedings pending in Arizona, and was

---

[1] On a motion to dismiss, the Court may review documents embraced by the complaint, including contract documents, matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

ordered by the Superior Court of Maricopa County, Arizona, to undergo drug testing starting in December 2021. (Doc. 1, ¶ 68). In furtherance of the Court's Order, Plaintiff Foulger executed a Donor Testing Agreement (the "Agreement") and registered as an Averhealth patient on December 13, 2021, submitting samples that were tested by Averhealth at its laboratory in St. Louis, Missouri. (*See id*. at ¶¶ 10, 70, 74; Doc 1–1).

Upon information and belief, Plaintiff Doe was a litigant in a child custody proceeding in Massachusetts state court in 2019. (*See* Doc. 1, ¶ 101). The Norfolk Massachusetts Probate and Family Court ordered him to undergo drug testing, and he provided samples to Averhealth pursuant to the Court's Order that were tested by Averhealth at its laboratory in St. Louis, Missouri. (*See* Doc. 1, ¶¶ 10, 101-107).

Both plaintiffs received test results that were positive for illegal substances, which both plaintiffs claim were "false positives." (*See* Doc. 1*, ¶¶* 78, 103, 108). Plaintiffs claim they tested positive for illegal substances because Averhealth failed to use proper collection and testing methods. (*See* Doc. 1, ¶¶ 25-26, 54-56).

## LEGAL ANALYSIS

To avoid dismissal, a Complaint must state a claim for relief that is plausible on its face, accepting the factual allegations as true and viewing them in the light most favorable to the plaintiff. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## I.   Missouri Law Governs All Common Law Claims Asserted in the Complaint.

Plaintiffs purport to assert their respective negligence claims under the common law of their states of residence, while Plaintiff Foulger's breach of contract claim states no jurisdictional claim(s). Notwithstanding Plaintiffs' characterization of their common law

claims, each of those claims are governed by Missouri law.

A.   **Missouri Law Governs All Common Law Claims.**

While Plaintiffs purport to assert claims of negligence under Arizona and Massachusetts law by referencing those states in parentheticals, Missouri has the most significant relationship to the claims. *See In re NuvaRing Prods. Liab. Litig*., 957 F. Supp. 1110, 1113 (E.D. Mo. 2013) (Missouri federal court sitting in diversity applies Missouri's choice of law rules in conducting a most significant relationship analysis). The significant relationship test requires a multi-factorial analysis of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 factors, including: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145.

B.   **Plaintiffs' Negligence Claims are Properly Characterized as Claims for Medical Malpractice and Must be Dismissed for Failure to Meet Statutory Requirements for Such Actions Under Missouri Law.**

Plaintiffs' negligence claims allege misconduct in collection and testing of samples that resulted in inaccurate and unreliable results, causing Plaintiffs to test positive for substances they claim to have not used. (Doc. 1, ¶¶ 114-15, 179-80). Specifically, Plaintiffs allege Averhealth failed to "utilize appropriate collection protocols and quality control methods in its testing," resulting in "serious negative consequences for individuals who tested positive for substances that they had not taken." (*Id*. at ¶¶ 117, 182). Plaintiffs allege their samples were tested and reported from Averhealth's laboratory in Missouri,

and that they were damaged by the results of said testing. (Doc. 1 at ¶¶ 10, 117, 182). Accordingly, the conduct on which Plaintiffs base their claims occurred solely in Missouri, and Missouri law applies.

Having determined Missouri law applies to Plaintiffs' negligence claims, the Court must apply Missouri common law and statutory provisions governing those claims. Here, Plaintiffs have pled facts showing that Averhealth was a health care provider performing health care services for the Plaintiffs and that their "true claim" relates to the rendering of those services. (Doc. 1, ¶¶ 10, 117, 182).

Section 538.210.1 of the Revised Statutes of Missouri provides, in relevant part:

> A statutory cause of action for damages against a health care provider for personal injury or death arising out of the rendering of or failure to render health care services is hereby created, **replacing any such common law cause of action**.

(emphasis added).

Chapter 538 defines "health care provider" broadly to include specific professionals, as well as "any other person or entity that provides health care services under the authority of a license or certificate." MO. REV. STAT. § 538.205(6). "Health care services" are further defined to include "any services that a health care provider renders to a patient in the ordinary course of the health care provider's profession." MO. REV. STAT. § 538.205 (7). Averhealth meets the statutory definition of "health care provider" because it provides drug testing services under its CAP-FDT accreditation and the authority of its CLIA and DEA

certificates.[2]  (*See* Doc. 1 ¶ 13; Exhs. 1 – 3).  And those services are "health care services" because Averhealth engages in drug testing in the ordinary course of its profession and in furtherance of the purposes for which Averhealth is organized and exists.  (*See* Doc. 1 ¶¶ 12-13).

Though couched as common law negligence under the laws of Arizona and Massachusetts, Counts I and VI allege Averhealth, a health care provider, breached its duty of care to Plaintiffs.  When a plaintiff claims damages resulting from the wrongful acts of a health care provider, it does not matter how the claim is characterized, the cause of action is for medical malpractice.  *See, e.g.*, *Jacobs v. Wolff*, 829 S.W.2d 470, 472 (Mo. Ct. App. 1992).  Plaintiffs' efforts to characterize what is properly a medical malpractice action as a negligence action has long been held non-colorable.  *See id.; Barnhoff v. Aldridge*, 38 S.W.2d 1029, 1030-31 (Mo. 1931); *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331-32 (Mo. 2011).

The Complaint further clearly alleges that Plaintiffs were Averhealth patients and that Averhealth considered Plaintiffs patients.  (*See* Doc. 1 ¶¶ 55, 63-64).  The Agreement identifies Plaintiff Foulger as a "patient" for purposes of providing court-ordered testing. (Doc. 1-1).  Averhealth's registration form—titled "Patient Registration Form"—specifically characterizes Plaintiff Foulger as an Averhealth patient.  (Defendant's Exh.

---

[2] Under federal law, a drug testing laboratory cannot accept or analyze human samples without a CLIA certificate.  42 U.S.C. § 263a(b).

4).[3]  The Complaint further clearly pleads that Averhealth rendered improper health care services.  (*See* Doc. 1 ¶¶ 55, 63-64, 113-14, 178-79; Doc. 1-1).  Pursuant to Section 538.210.1, the *only* claim Plaintiffs could assert for "negligence" must be brought pursuant to Section 538.210.1 and its related provisions, and their respective common law negligence claims fail as a matter of law.  *See Barnhoff*, 38 S.W.2d at 1030-31; *J.K.M. v. Dempsey*, 317 S.W.3d 621, 626-67 & n.6 (Mo. Ct. App. 2010); *Jacobs*, 829 S.W.2d at 472.

### C.   Plaintiff Doe's Negligence Claim is Barred by the Applicable Statute of Limitations.

As set forth above, Plaintiff Doe's claim for negligence is properly a claim for medical malpractice and must be brought pursuant to Section 538.210.  As a result, the applicable limitations period is set forth in Section 516.105.1, which provides a strict two-year period for bringing a medical malpractice action.  *See* MO. REV. STAT. § 516.105.1.

The Complaint alleges that Averhealth tested Plaintiff Doe beginning in 2019 "until August 2020."  (Doc. 1 ¶ 111).  For Plaintiff Doe's claim to be timely, his tests would have had to have been performed on or after August 22, 2020, two years prior to filing of the Complaint on August 22, 2022.  Even interpreting the Complaint liberally, the allegation is clear that testing was *until* August 2020; accordingly, Plaintiff Doe's claim is barred by the statute of limitations and should be dismissed with prejudice.

---

[3] Plaintiff Foulger provided the Agreement as Exhibit A (Doc. 1-1) to the Complaint. The Patient Registration Form attached as Defendant's Exh. 4 is the complete form provided to Plaintiff Foulger.

**D.** **Plaintiff Foulger's Breach of Contract Claim Has Been Supplanted by Section 538.210 and Should be Dismissed.**

"Missouri generally recognizes and enforces contractual choice-of-law provisions." *Davis v. Citibank*, 2015 WL 928117, at *2 (E.D. Mo. Mar. 4, 2015). With respect to Plaintiff Foulger's breach of contract claim, the Agreement expressly provides that Missouri law applies. (Exh. 4 at ¶ 8). The Complaint is further clear that all testing, over which the Agreement controls, takes place in St. Louis, Missouri. (Doc. 1, ¶ 10). Beyond that, the choice of law analysis is identical to that asserted above with respect to Plaintiffs' negligence claims.

Given the above, the result of applying Missouri law to the breach of contract claim results in the same conclusion as that for Plaintiffs' respective negligence claims. Though a breach of contract claim in form, Count V alleges in substance that Plaintiff Foulger was a patient of Averhealth for purposes of having samples tested, that Averhealth failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by pathologists and forensic toxicologists to test samples, and that Averhealth's failure caused her injuries. (*See* Doc. 1, ¶¶ 55, 63-64, 170-175; Exh. 4). When a plaintiff claims damages resulting from the wrongful acts of a health care provider, it does not matter how the claim is characterized, the cause of action is for medical malpractice, and Plaintiff Foulger's independent breach of contract claims fails as a matter of law. *See Jacobs*, 829 S.W.2d at 472; *Barnhoff*, 38 S.W.2d at 1030-31; *J.K.M.*, 317 S.W.3d at 626-27 & n.6; *Spruill*, 750 S.W.2d at 733.

## II.    Plaintiff Foulger's Breach of Contract Claim Has Been Released.

As discussed above, Plaintiff Foulger's claim for breach of contract should be dismissed because the claim is properly brought under Chapter 538 and therefore fails to state a claim upon which relief may be granted.  However, assuming *arguendo*, that the breach of contract claim states a colorable claim, Plaintiff Foulger has released such a claim against Averhealth.

Section 7 of the Agreement, titled "Consent, Waiver, & Release," provides, in pertinent part, that Plaintiff Foulger agrees to:

> **release** Averhealth from liability for, and **waive** my right to sue Averhealth as a result of, any and all claims arising from or related to my participation in the drug testing program and Averhealth's collection and testing services.

(Exh. 4) (emphasis added).

Plaintiff Foulger's participation in the drug testing program and Averhealth's collection and testing services form the gravamen of her claim for breach of contract. Those claims have been waived and released.  The waiver and release signed by Plaintiff Foulger provides an additional and independent basis for dismissal.

## III.    Plaintiff Foulger's Claims for Violation of the Arizona Consumer Fraud Act Fail to State a Claim Upon Which Relief May be Granted.

Plaintiff Foulger asserts three claims, set forth in Counts II through IV, alleging violation of the ACFA, A.R.S. §§ 44-1521 et seq.  (*See* Doc. 1, ¶¶ 119-169).  None of Counts II through IV meet the threshold requirements necessary to survive dismissal.

### A.    Plaintiff Foulger Lacks Standing to Assert a Claim Under the ACFA.

In determining whether a party has standing to assert such a cause of action, Arizona

law requires analysis of the legislative intent underlying the statute at issue. *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1121 (1974). *Sellinger* recognized that, in determining legislative intent, courts must "consider the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Id.* (citations omitted). The purpose of the ACFA is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in *consumer transactions. See*, *e.g.*, *Waste Mfg. & Leasing Corp. v. Hambicki*, 900 P.2d 1220, 1224 (Ariz. Ct. App. 1995)); *Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 88 (Ariz. Ct. App. 1983). The elements of the private cause of action are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the ***hearer's*** consequent and proximate injury. *Dunlap*, 666 P.2d at 87; *Parks v. Macro-Dynamics*, 591 P.2d 1005, 1008 (Ariz. Ct. App. 1979) (for false advertisement to cause the injury, the hearer must actually rely on the advertisement); *see also*, *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) ("clear intent" of ACFA is "to protect unwary buyers from unscrupulous sellers" and plaintiff must be buyer or a target of deceptive advertising).

Plaintiff Foulger's ACFA claims flow from Averhealth's contracting with the State of Arizona. Pursuant to that contract the Superior Court of Maricopa County, Family Department (the "Family Court"), ordered Plaintiff Foulger to undergo drug testing with Averhealth. (Doc. 1, ¶¶ 68-69; Exh. 4 at ¶¶ 1, 2, 4(a)). Plaintiff Foulger was neither given the option to select a different drug testing provider nor the option to decline drug testing altogether. (*Id.*). It necessarily follows that any alleged representation or omission of

Averhealth in no way influenced or was otherwise determinative of Plaintiff Foulger's submission to drug testing with Averhealth. As she was never a participant in transaction a merchant-consumer transaction and never in a "bargaining position" vis-à-vis Averhealth, Plaintiff Foulger lacks standing to assert her ACFA claim. *See Hambicki*, 900 P.2d at, 1224; *Dunlap*, 666 P.2d at 87; *Parks*, 591 P.2d 1005 (Ariz. Ct. App. 1979).

**B.      Plaintiff Foulger Fails to Meet the Pleading Requirements of the ACFA and Rule 9(b) of the Federal Rules of Civil Procedure.**

Claims under the ACFA are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *James Erickson Family Partnership LLLP v. Transamerica Life Ins. Co.*, 2019 WL 4673337, *2; *In re Banner Health Data Breach Litig.*, 2017 WL 6763548, *6 (D. Ariz. 2017). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation omitted) (pleading must identify 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false).

**1.      Plaintiff Foulger Only Pleads Conclusory Assertions.**

Plaintiff Foulger does not allege any facts showing that her alleged damages were the result of an unlawful merchandising practice. She alleges only that her individual tests analyzed by Averhealth's laboratory were inaccurate because they are "false positives." (Doc. 1 ¶¶ 74, 77, and 95). In support of that allegation, the Complaint simply discusses details of the general testing processes samples undergo. (*Id.* ¶ 17). That discussion is not factually tied to Plaintiff Foulger's specific tests, and the Complaint lacks any factual

support for the claim that her positive test results were inaccurate or the product of incorrect or manipulated testing by Averhealth. By merely inviting the Court to assume her test results were incorrect or "false positives," Plaintiff Foulger fails to allege facts sufficient to assert cognizable claims for deception with respect to her specific test result(s) at issue. *See*, *e.g.*, *Gerber v. Wells Fargo Bank, N.A.*, 2011 WL 50076921, *5 (D. Ariz. October 20, 2011) (dismissing ACFA claim where complaint failed to allege facts to support claim of deception as opposed to inviting reader to assume facts).

### 2. Plaintiff Foulger's ACFA Claims Rely on Alleged Misrepresentations That Constitute Non-Actionable Puffery.

Plaintiff Foulger's ACFA claim is partially based on alleged misrepresentations by Averhealth "boasting "as to the accuracy and speed of its testing services. (*See* Doc. 1, ¶¶ 13, 15-16, 19). The cited representations constitute puffery and are not actionable.

Puffery is "[t]he expression of an exaggerated opinion—as opposed to a factual representation—with the intent to sell a good or service." BLACK'S LAW DICTIONARY (10th ed. 2014). "Puffery exists in two general forms: (1) exaggerated statements of bluster or boast upon which no reasonable consumer would rely; and (2) vague or highly subjective claims of product superiority, including bald assertions of superiority." *Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390–91 (8th Cir. 2004). Because puffery is a subjective characterization of a product's value rather than a representation of fact, it cannot give rise to a fraud claim. *See Law v. Sidney*, 53 P.2d 64, 66 (Ariz. 1936) (fraud "cannot be predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment"); *see also Sorrells v. Clifford*, 204 P. 1013, 1017 (Ariz.

1922); *Ellis v. First Nat'l Bank*, 172 P. 281, 284 (Ariz. 1918).   As the Ninth Circuit has

explained in an analogous context, "the difference between a statement of fact and mere

puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. Ikon Office

Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008).   Whether a defendant's statement is puffery

or a representation of fact is a question of law that may properly be decided on a motion to

dismiss.   *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242,

245 (9th Cir. 1990).

　　　Here, each of the alleged misrepresentations are either clear puffery or never pled

by Plaintiff Foulger as being false.   In Paragraph 13 of the Complaint, Plaintiff Foulger

alleges Averhealth "boasts" about its laboratory, including its accreditations and operation

by toxicologists.   (*See* Doc. 1, ¶ 13).   Nowhere in the remainder of the Complaint is there

any allegation that any aspect of the public statement referenced in Paragraph 13 is false.

In Paragraphs 15 and 16, Plaintiff Foulger alleges Averhealth claims it "delivers the

industry's most accurate and timely testing" and that it "boasts" about that testing.   These

statements are equivalent to subjective characterization of a product's value, no different

than stating a product is "America's favorite" or use of similar language.   "Most accurate

and timely" in this context provides an empirical benchmark by which the claim can be

measured; accordingly, the statement constitutes puffery.   *See*, *e.g.*, *Am. Italian Pasta*, 371

F.3d at 391-92.   Finally, in Paragraph 19, Plaintiff Foulger cites a statement regarding

Averhealth's "Next Day Business Results" – an assertion never referenced anywhere in the

Complaint as being false or misleading.   As with Paragraphs 15 and 16, *supra*, Averhealth's

claim vis-à-vis "most lab-based testing companies" constitutes puffery.   *See Am. Italian*

*Pasta*, 371 F.3d at 391-92.

### 3.    Plaintiff Foulger's Factual Allegations Fail to Meet Rule 9(b)'s Requirement to Establish Factual Falsity.

Beyond puffery discussed above—none of which is supported by any factual assertions by Plaintiff Foulger—the balance of Plaintiff Foulger's ACFA claims for "unfair practices" (Count II), deception (Count III), and omission (Count IV) are either without any legally cognizable foundation or reliant exclusively on testimony provided by Sarah Riley, M.D. in a Michigan Family Court case litigated in 2021 that has been adjudicated as unreliable and speculative. (*See* Doc. 1, ¶¶ 50-67).

Count II purports to assert a claim that Averhealth engaged in "unfair practices" by engaging in vaguely-asserted "unethical practices" in violation of ethical "norms" of the American Marketing Association. (*See* Doc. 1, ¶¶ 119-135). In support of this claim, Plaintiffs incorporate their citation to earlier paragraphs and then claim that Averhealth violated the "ethical value" of appropriately collecting and analyzing Plaintiff Foulger's samples. (*See id.*). Plaintiff provides no substantive facts supporting any claimed violation of ethical norms beyond reference to her self-serving claim that her test results were false positives.

In Counts III and IV, Plaintiff Foulger cites public-facing, general representations by Averhealth regarding the scope of its *laboratory testing* services and the methodologies followed. (*See* Doc. 1, ¶¶ 14, 17-18). Plaintiff attempts to bolster her conclusory statement that Averhealth "used improper testing methods" and that Averhealth's test results either did not meet CAP requirements or were "riddled with inaccuracies" by paraphrasing and

exclusively relying on information provided by a Dr. Sarah Riley in the form of testimony elicited in a child custody case, *In re BK and MB, Minor(s)*, FID No. 76442-1/2-NA.  (*See* Doc. 1, ¶¶ 26, 50-53).  By exclusively citing Dr. Riley's purported testimony as support for their factual assertions regarding improper testing and laboratory activities, Plaintiff Foulger's ACFA claims rest entirely on evaluation of Dr. Riley's assertions to assess whether Rule 9(b)'s requirement of establishing falsity has been met.  *See Transamerica*, 2019 WL 4673337 at \*2; *In re Banner Health Data Breach Litig.*, 2017 WL 6763548 at \*6; *United States ex rel. Cafasso*, 637 F.3d at 1055; *Schreiber*, 806 F.2d at 1401; *Vess*, 317 F.3d at 1106.

This reliance is the fatal flaw in Plaintiffs' Complaint.  While Plaintiffs embrace Dr. Riley's Michigan testimony, they fail to apprise this Court of the Michigan Family Court's determination that Dr. Riley's testimony and allegations were found to be speculative and lacking in factual support after conducting an extensive evaluation of Dr. Riley's claims. (*See* Defendant's Exhibit 5, pp. 7-8).[4]  In reaching that conclusion, the Court heard not only Dr. Riley's testimony but also that of an expert charged with providing an independent review of Averhealth's procedures.  (*See id.*).  After evaluating all of the evidence, the Michigan Court entered a June 4, 2021 Order adjudging Dr. Riley's testimony "speculative" and lacking "any specific examples" sufficient to support a claim that Averhealth's laboratory process and testing was inappropriate or not otherwise reliable.

---

[4] By embracing Dr. Riley's testimony, all information relevant to that testimony is implicated and submissible in concert with a motion to dismiss. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012); *see also Gorog*, 760 F.3d at 791.

(*See* Defendants' Exhibit 5, pp. 7-8).  By comparison, the Michigan Court found that the independent review was "credible and reliable" and that the test results at issue were "reliable" based on Averhealth's challenged laboratory testing procedures and methodologies.  (*See id*).  Absent Dr. Riley's unfounded assertions, Plaintiffs lack any factual support that any of Averhealth's representations regarding its laboratory testing procedures were misrepresentations known to be false at the time they were made, or that the representations omitted any information in violation of the ACFA.

## CONCLUSION

Based on the foregoing, Plaintiffs fail to state any claims upon which relief may be granted, and dismissal of Counts I through VI are appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant requests an Order dismissing Counts I through VI, and for such other and further relief as the Court deems just and proper under the circumstances.

ARMSTRONG TEASDALE LLP

By: _____
    Timothy J. Gearin        #39133MO
    David G. Ott             #30449MO
    Scott K.G. Kozak       #49029MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.237.1535 (facsimile)
    tgearin@atllp.com
    dott@atllp.com
    skozak@atllp.com
    E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC D/B/A AVERHEALTH

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **4th** day of **January**, **2023**, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Richard S. Cornfeld
Daniel S. Levy
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555
Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Wang
Craig S. Momita
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
(*pro hac vice admission to be sought*)
*Attorneys for Plaintiffs*