IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATARZYNA FOULGER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:22-CV-00878 |
| AVERTEST, LLC, | ) |
| d/b/a AVERHEALTH, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO RESOLVE DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSE TO DISCOVERY**

Plaintiffs respectfully request Court intervention to resolve a discovery dispute between the parties, described more fully in the accompanying motion. In short, assuming that Defendant's Motion for Stay, Doc. #41, is not granted (as it is not currently), Plaintiffs propose that Defendant Avertest, LLC, d/b/a Averhealth ("Averhealth") respond to written discovery and begin producing documents on or before May 31, 2023, disclose documents on a rolling basis thereafter, and substantially complete production by July 31, 2023. This timeline, and in particular a date for substantial completion, will ensure Plaintiffs can meaningfully review and analyze Averhealth's documents before the deadlines for expert disclosures, depositions, and dispositive motions. Defendant, however, insists on delaying its written responses and initial document production until June 30, with no parameters for the pace at which it will continue and no date for when production will be substantially completed.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns the manner in which Averhealth conducted mandatory drug tests in several states. (ECF Dkt. 23, Second Am. Compl.) Plaintiffs allege that Averhealth failed to adhere to industry, accreditation, and accepted laboratory standards when conducting drug tests

1

and consequently generated false positive results. (*Id.*) These inaccurate results irreparably damaged Plaintiffs, who lost rights to custody and/or visitation with their children in the course of divorce and/or child custody proceedings. (*Id.*) Plaintiffs seek actual and punitive damages, injunctive relief, interest, attorneys' fees, and any other relief the Court deems appropriate. (*Id.*) Averhealth filed a Motion to Dismiss the Second Amended Complaint, and Plaintiffs have responded. (ECF Dkt. 26, 27 and 38).

The parties submitted their Joint Proposed Scheduling Plan ("JPSP") on February 7, 2023, and continued negotiating the finer details of discovery, including an ESI protocol, protective order, and the timing and manner of written discovery responses and document production. (ECF Dkt. 19, JPSP). The Court entered its Case Management Order on March 6, 2023. (ECF Dkt. 29, Case Management Order ("CMO")). The following dates are particularly relevant here:

- Plaintiffs' expert witness disclosures are due March 15, 2024, with experts deposed by May 14, 2024;
- Defendant's expert witness disclosures are due August 12, 2024, with experts deposed by September 10, 2024; and
- Discovery closes and dispositive motions are due on December 6, 2024.

(*Id.*)

Plaintiffs have served one set of interrogatories on February 1, 2023, and three sets of Requests for Production: (1) a single request seeking insurance information served on January 26, 2023; (2) a Second Request for Production containing 94 requests served on February 1, 2023; and (3) a Third Request for Production with four additional requests served on February 16, 2023 (collectively "Requests"). (*See* ECF Dkt. 24, Joint Memorandum Requesting Teleconference With Court Regarding Discovery Matter ("Joint Memo.") at p. 2). While the

2

parties negotiated the timing of responses, objections, and production of documents, they mutually agreed to extend the response and objection deadlines for the Requests.

The present dispute centers on when responses to written discovery and document production should begin and substantially end. Plaintiffs propose the following:

- Averhealth serves its objections to the Requests on or before May 15, 2023;
- Averhealth responds to written discovery and begins producing documents on May 31, 2023 (roughly four months after the bulk of the Requests were served);
- Production then continues on a rolling basis; and
- Production is substantially complete by July 31, 2023 (approximately six months after most Requests were served).

Averhealth proposes:

- The parties serve responses and objections to written discovery and Averhealth makes its initial document production by June 30, 2023 (five months after service);
- A rolling production; and
- **No** deadline for substantial completion (other than the final discovery cutoff).

In compliance with Local Rule 37 the parties conferred multiple times via email and telephone to address their dispute. Specifically, the parties participated in: (1) discussions of the issue while the JPSP was drafted; (2) a videoconference on January 26, 2023; (2) a conference call on February 24, 2023; and (3) upwards of 10 emails among counsel as well as telephone calls about these disputes. *See* Declaration of J.C. Pleban, attached hereto as Exhibit A. Unable to reach agreement, and while the case was pending before Judge Pitlyk, the parties submitted the Joint Memo. in accordance with her instructions for handling discovery disputes. (ECF Dkt. 24, Joint Memo. at p. 1-2).

In response to the Joint Memo., the Court issued an Order setting the dispute for hearing at the Rule 16 conference; however the issue was tabled at that time. (ECF Dkt. 25, Order & ECF Dkt. 28, Order). A week after the Rule 16 conference, Judge Pitlyk recused herself. (ECF

3

Dkt. 30), and the case was subsequently transferred to Judge Locher. ECF Dkt. 34. Accordingly, the outstanding discovery dispute remains unresolved.

## LEGAL ARGUMENT AND AUTHORITY

**I.     THE COURT HAS DISCRETION OVER HOW DISCOVERY IS CONDUCTED.**

"Rule 26 vests the district court with broad discretion in regulating discovery." *Nidec Motor Corp. v. Broad Ocean Motor, LLC*, 2022 U.S. Dist. LEXIS 174315 at *7 (E.D.Mo. 9/27/22) (internal quotations omitted). "Because discovery rules should be construed to secure the just, speedy, and inexpensive determination of every action . . . judges should not hesitate to exercise appropriate control over the discovery process." *Miravelle v. One World Techs.*, 2020 U.S. Dist. LEXIS 237451 at *9 (E.D.Mo. 12/17/20) (internal quotations omitted). Here, the Court should endorse Plaintiffs' proposed production schedule because it would ensure that written discovery proceeds efficiently and the parties are able to meaningfully review and utilize the documents in time to meet the deadlines for expert disclosures, fact and expert depositions, dispositive motions, and trial.

**III.    PLAINTIFFS' SCHEDULING PROPOSAL IS REASONABLE AND ENSURES THIS CASE PROCEEDS EFFICIENTLY TOWARD TRIAL.**

This is a complicated case that will require an extensive production of documents. Plaintiffs acknowledge that such a production will occur over time, on a rolling basis, over the next several months. That said, Averhealth's production must be substantially completed in a timely manner because nearly every other aspect of this case depends upon it. If the production occurs in a piecemeal, never-ending fashion, it will significantly hinder the parties' ability to prepare for and take expert depositions, prepare expert disclosures, and conduct motion practice. Such an approach would serve no one—not the parties and not the Court—nor the interests of justice.

Plaintiffs' proposal strikes a reasonable balance between the complex nature of this case and the need to keep the discovery trains running on time. Averhealth's first document production would occur approximately four months after the majority of Plaintiffs' Requests were served, then proceed on a rolling basis, with a substantial completion date of July 31, 2023, giving Averhealth six months to substantially complete its production. The substantial completion deadline is absolutely necessary because it ensures that the parties are working with a near complete disclosure of information as they prepare for fact depositions, as well as expert disclosures and depositions.

Under Plaintiffs' proposal, the vast majority of Averhealth's document production may occur on or near the date for substantial completion. This is not a criticism; merely an acknowledgement of how litigation sometimes proceeds. If Plaintiffs' plan is adopted, that would leave Plaintiffs roughly seven months to meaningfully review thousands of documents (many of which are likely to require consultation with experts to understand), prepare for and conduct key fact depositions, and then provide their experts with whatever information is pertinent from that discovery in time to prepare and timely disclose their opinions. That is not an inordinate amount of time given the scope of this case and likely number of fact depositions (Defendant's Initial Disclosure identified 33 witnesses, not counting the eight Plaintiffs, including 23 company employees). It is also reasonable considering the complexity of the issues regarding testing, standards, and laboratory practices that will be the subject of expert testimony. When the overall timeline is considered, the need for a substantial completion date for document production is clear. Without it, the parties cannot effectively move through the various discovery stages toward trial.

Averhealth's proposal does nothing to promote this same efficiency because, under it, Averhealth does not have to produce a single document until five months after most of the

Requests were served and will not have to substantially complete its production within a specific time frame. This, in turn, leaves open the possibility of having to significantly push back deadlines, reschedule, postpone or re-open depositions, and/or amend or supplement expert opinions if additional, relevant materials are disclosed. This is more than just a concern. Averhealth still has not produced a single document identified in its Initial Disclosures. It has not even produced all of its insurance policies. All of this will put pressure on the ultimate deadlines in this case for the close of discovery, dispositive motions, and trial.

Moreover, several of Plaintiffs' Requests are narrowly tailored and/or seek documents already gathered and produced to various government agencies. For example, one request seeks documents submitted to the College of American Pathologists in response to a complaint by a former Averhealth employee. (Pls.' Second Req. for Production at No. 12). These documents were, undoubtedly, already gathered and should be easily and quickly accessible. Two others request testing reports on the Plaintiffs and documents regarding their positive tests (*Id.* Nos. 3 and 4). In their Initial Disclosure, Averhealth listed records of Averhealth's analysis of the Plaintiffs samples, so these can't be difficult to produce. Even so, Averhealth has provided no rationale for an open-ended production that could imperil the other discovery deadlines in the Case Management Order.

Moreover, in its Initial Disclosures, served on March 17, 2023 Averhealth identified 21 categories of documents that it may use to support its defenses. Plaintiffs do not understand why they have not been produced already, as required by Eastern District of Missouri Local Rule 3.01(A).[1] But under Plaintiffs' proposal, Averhealth has until May 31, 2023, to do so. Since it had

---

[1] That rule provides: "Disclosure of documents and electronically stored information pursuant to Rule 26(a)(1)(A)(ii) shall be made by providing a copy to all other parties, except as otherwise ordered by the Court."

identified them by March 17, there is no reason it needs longer than the end of May to produce them.

Ultimately, Plaintiffs' proposal is the one which properly balances the competing needs of this case. It recognizes the breadth of this lawsuit by granting Averhealth months longer than the Rules of Civil Procedure provide for document production and allows that production to take place over time. The substantial completion deadline ensures not only that written discovery is efficiently completed, but that it occurs in enough time for the parties to resolve objections and meet the other key due dates in this case. Plaintiffs' proposal eliminates the threat of delays, extensions, and discovery do-overs inherent in Averhealth's piecemeal approach. Accordingly, the Court should endorse Plaintiffs' plan and enter an order enforcing deadlines for production in this case.

WHEREFORE Plaintiffs respectfully request the Court enter an order requiring that Averhealth serve objections to the Requests and Interrogatories and responses and begin document production no later than May 31, 2023, continue producing documents on a rolling basis, substantially complete its production by July 31, 2023, and for whatever further relief the Court deems just and appropriate.

Respectfully submitted,

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By:/s/*Richard S. Cornfeld*

Richard S. Cornfeld, #31046MO
Daniel S. Levy, #66039MO
2227 S. State Route 157
Edwardsville, Illinois 62025

---

E.D. Mo. L.R. 3.01(A). Plaintiffs believe that, because this local rule does not relate to motion practice, it applies under the Court's Order of March 29, 2023, Doc. # 37. Regardless, it applied at the time of the initial disclosures on March 17, 2023, because the case had not been transferred to this Court at that time.

7

618.656.5150
rick@ghalaw.com
daniel@ghalaw.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
Pleban & Associates Law LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 – Telephone
(314) 645-7376 – Facsimile

And

Mike Arias, #115385(CA)
Arnold Wang, #204431(CA)
Craig S. Momita #163347(CA)
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Tel: (310) 844-9696 / Fax: (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of April, 2023, the foregoing was served by operation of the Court's electronic filing system on all counsel of record in this matter.

      /s/*Richard S. Cornfeld*