**Exhibit 1**

IN THE UNITED STATES DISTIRCT COURT
FOR THE STATE OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| KATARZYNA FOULGER, DAVID SHNITZER, TIFFANI PADILLA, STEPHEN PADILLA, RANDI HEKKEMA, JOSEPH HEKKEMA, ALEXANDRA HODOR, and NICOLE WHITE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No: 4:22-CV-00878-SHL |
| vs. | ) ) | |
| AVERTEST, LLC d/b/a AVERHEALTH | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT AVERTEST, LLC D/B/A AVERHEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Avertest, LLC d/b/a Averhealth ("Averhealth"), by and through the undersigned counsel, and for its Objections and Responses to Plaintiffs' Second Request for Production of Documents states as follows:

**PRELIMINARY STATEMENT AND RECURRING OBJECTIONS**

Averhealth has not completed its factual and legal investigation, discovery, or trial preparation. Averhealth reserves the right, without accepting the obligation to do so, to amend and/or supplement its objections when additional information is learned or discovered.

To the extent Averhealth withholds privileged information or materials, it will abide by the obligations set forth in Fed. R. Civ. P. 26(b)(5).

Averhealth objects to Plaintiffs' instructions and definitions to the extent they

impose or seek to impose any obligation on Averhealth that exceeds or is inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

Averhealth reserves the right to supplement and/or amend its objections.

Averhealth sets forth the following recurring objections, which it will assert and incorporate by reference where appropriate.

**All Documents Objection:** Averhealth objects to each request served by Plaintiffs that seeks "all documents" in any area that is the subject of each request. Such boilerplate language fails to meet the requirement that discovery be tailored, with an established factual or legal nexus to the claims asserted in the Second Amended Petition. Federal Rule 34(b)(A) requires that all requests for production "describe with reasonable particularity each item or category of items." FED.R.CIV.P. 34(b). The test for reasonable particularity is whether the request places the party upon "reasonable notice of what is called for and what is not." St. Paul Reinsurance Co., v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) (quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992)). The party requesting the production of documents must provide "sufficient information to enable [the party to whom the request is directed] to identify responsive documents." Id. (quoting Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D. W.Va. 2000)). Courts have interpreted the "particularity" requirement to mandate that a responding party be given sufficient information to enable it to identify responsive documents. See id. (citing Mallinckrodt Chem. Works v. Goldman, Sachs & Co., 58 F.R.D. 348 (S.D.N.Y. 1973)). Broad and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too

ambiguous. See St. Paul, 198 F.R.D. at 512 (citing  Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 50 (D.N.J. 1985)); see also Holland v. Muscatine Gen. Hosp., 971 F. Supp. 385, 392 (S.D. Iowa 1997) (stating that "all papers" relied on in answering an entire set of interrogatories does not describe the documents with the required "reasonable particularity").

**Litigation Counsel Objection**: Some of Plaintiffs' requests for production are so broadly worded as to require production of communications between Averhealth and counsel or materials prepared in anticipation of litigation at the instruction of counsel. Averhealth presumes that Plaintiffs are not actually seeking the content of such communications and materials, which would be unreasonable to log here and are presumptively not discoverable. Nevertheless, to the extent that any request seeks the content of such communications or such materials, Averhealth objects to each such request as seeking records and/or information that are protected by the attorney-client privilege or work-product doctrine.

If Plaintiffs do intend to attempt discovery of such communications or records, they must say so, so that Averhealth may respond accordingly, including potentially seeking appropriate relief from the Court. For now, with respect to each such discovery request subject to this "Litigation Counsel Objection" below, Averhealth objects to the same to the extent that Plaintiffs actually intend to seek to discover communications between Averhealth and counsel as seeking information that is plainly subject to the attorney-client privilege and work product immunity and not discoverable under the Federal Rules of Civil Procedure. Averhealth also will not log such post-complaint communications.

Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege or work-product doctrine.

**CAP Information Objection:** Many of Plaintiffs' request seek documents and information that are Confidential. The College of American Pathologists ("CAP"). CAP is an approved accreditation organization by the Centers for Medicare and Medicaid Services ("CMS"). Under relevant federal law, CMS grants the CAP Laboratory Accreditation Program "deeming authority," which allows CAP inspections in lieu of a CMS inspection. CMS may disclose accreditation organization inspection results to the public only if the results are related to an enforcement action taken by the Secretary. *See* 42 C.F.R. § 493.571(a). That is due to the confidential nature of the inspection checklists, reports, and findings, all of which are confidential pursuant to CAP's accreditation guidelines:

**Confidentiality**

All inspection findings are confidential. They should not be discussed in any context other than the inspection itself. Moreover, they should not be disclosed to anyone not associated with the accreditation process unless appropriate prior documented consent has been obtained.

CAP Laboratory Accreditation Manual, 2020 ed.

CAP guidelines also require that inspection materials and other documents used in an inspection be shredded to maintain confidentiality, with any reports that are not shredded contain confidential comments returned to and maintained by CAP, who may only provide them to CMS or a validly authorized oversight agency. CMS also has the power under federal law to issue sanctions, which could include sanctions against Averhealth risking its accreditation under CAP should any confidential information be

disclosed. Accordingly, any information related to CAP investigation, actions, or communications are confidential and cannot be disclosed by Averhealth without violating CAP's regulatory guidelines and risking ongoing accreditation by same, and Averhealth objects to any request to provide such information in violation of its accreditation with CAP and will withhold responsive documents pursuant to this objection.

**Disguised Interrogatory Objection:** Many of Plaintiffs' requests are ill-disguised interrogatories that seek information rather than documents. Rule 34 requires a party to "produce…any designated documents or electronically stored information…or…any designated tangible things," not information. FED. R. CIV. P. 34. "Parties cannot avoid the limits on the number of interrogatories authorized under Rule 33(a)(1) or a specific limitation in a case management order by labeling an interrogatory as a request for admission or a request for production of documents." Baker v. Cnty. of Missaukee, No. 1:09-CV-1059, 2013 WL 5786899, at *4 (W.D. Mich. Oct. 28, 2013); cf. Children's Legal Servs. P.L.L.C v. Kresch, No. CIV.A. 07-CV-10255, 2007 WL 4098203, at *4 (E.D. Mich. Nov. 16, 2007) ("[A] party may not use interrogatories as a substitute for a request for production and attempt to circumvent Rule 34 by requesting the attachment of a document."). Averhealth thus objects to each request that improperly seeks information rather than documents, ESI, or tangible things.

## DEFINITIONS AND INSTRUCTIONS

1.  "You," "your," and "Defendant" all mean Avertest, LLC d/b/a Averhealth, and all its directors, officers, employees, agents, representatives, attorneys, affiliates and subsidiaries.

**RESPONSE:** **Averhealth objects to its attorneys and affiliates (none of whom are before the Court) being deemed part of Averhealth, which is a distinct legal entity. Any objection below made in connection with a request employing the words "you," "your," or "Defendant" refers only to Avertest LLC, d/b/a Averhealth, the defendant in this action.**

2. "Plaintiffs" means the named Plaintiffs in this action.

**RESPONSE:** **None.**

3. "Identify" in connection with a document means its date, subject matter, author, all recipients and current location.

**RESPONSE:** **Averhealth expressly notes that the inclusion of definition for "identify" is further support for its <u>Disguised Interrogatory Objection</u> because a request to "identify" a document is the office of an interrogatory and not a request for production.**

4. "Identify" in connection with respect to a person, corporation, or other entity means the name, business address, residence address, and telephone number of the person, corporation, or other entity, along with job title if that person is or was employed by you.

**RESPONSE:** **Averhealth expressly notes that the inclusion of a definition for "identify" is further support for its <u>Disguised Interrogatory Objection</u> because a request to "identify" a person or company is the office of an interrogatory and not a request for production.**

5. "Identify" in connection with a photograph means the date the photograph was taken, its subject matter, the person who took the photograph, the purpose for which it was taken, and its current location.

**RESPONSE:** **Averhealth expressly notes that the inclusion of a definition for "identify" is further support for its <u>Disguised Interrogatory Objection</u> because a request to "identify" information regarding a photograph is the office of an interrogatory and not a request for production.**

6.   The time period for these is the period beginning January 1, 2018; that time period applies regardless of the tense in which the interrogatory is worded.

**RESPONSE:**     **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth also objects to this definition as it violates Rule 34's requirement to describe the thing sought with reasonable particularity. Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.**

7.   "Document" and "Documents" means any written or recorded matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, in the custody or control of you or your attorneys, agents, representatives, or assigns. This shall include, but not be limited to, all retrievable information in computer storage, emails ESI, photographs, videotapes, letters, telegrams, correspondence, facsimiles, memoranda, contracts, agreements, teletype messages, notes, reports, mechanical and electronic sound recordings or transcripts thereof, memoranda or minutes of telephone or personal conversations or minutes of conferences in your possession and/or control or in the possession and/or control of your attorneys or agents.

**RESPONSE:**     **None.**

8.   "Relating to" means referring to, pertaining to, consisting of, concerning, reflecting, or in any way being legally, logically, or factually connected with the matter discussed.

**RESPONSE:**     **None.**

9. "Including" means that the items following that word are a non-exclusive list of what is encompassed by the topic and are set forth for clarification purposes only, such that it should be read as "including, but not limited to."

**RESPONSE:**        **None.**

10. "ESI" means Electronically Stored Information.

**RESPONSE:**        **None.**

11. "Communications" includes all discussions, conversations, interviews, meetings, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, or other forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda and other documents and records of communications.

**RESPONSE:**        **Averhealth objects to this definition because it includes "written *or verbal* intercourse, however transmitted," which necessarily will not be responsive to a request for production.**

12. "Amended Complaint" means the Amended Complaint filed in this case (Document 16) and any subsequent amended complaints filed in this action.

**RESPONSE:**        **None.**

13. "Subject" means an individual being tested by Defendant.

**RESPONSE:**        **Averhealth objects to this definition because it is vague and ambiguous in that Averhealth does not "test" individuals. Rather, it fulfills the orders of referring providers by collecting a sample from a patient, testing that sample as instructed, and reporting results from those tests.**

14. "CAP" means the College of American Pathologists.

**RESPONSE:**        **None.**

15. "MDHHS" means the Michigan Department of Health and Human Services.

**RESPONSE:    None.**

16. "CSA" means the Michigan Children's Services Agency.

**RESPONSE:    None.**

17. "CLIA" means Clinical Laboratory Improvement Amendments Certificate of Compliance

**RESPONSE:    None.**

18. "Litigation Pack" and "batch record" have the meaning of those terms in the field of forensic toxicology and include, in the case of the Litigation Pack, the data and documentation relating to an individual result including sufficient material to allow independent review by a qualified toxicologist, including:

- The entire case file;

- Chain of custody records, test results and report; and

- The associated batch record including the instrument sequence, all data relating to calibrators and quality controls (including target ranges), including all decision-making records, records of failures in the quality controls and any corrective action taken.

**RESPONSE:    Averhealth objects to this definition and/or instruction on the grounds that it is vague and ambiguous as to the term "entire case file." Further, Averhealth objects to this request because it does not describe the materials sought with reasonable particularity and is an improper "catchall" request. The plaintiffs lump together documents in an all-encompassing demand that does not distinguish the types of documents and places a burden on Averhealth to compile said documents based on a definition created by Plaintiffs.**

## DOCUMENTS, ESI AND TANGIBLE THINGS TO BE PRODUCED

1.    All Documents referenced in your Rule 26 disclosures.

**RESPONSE:**    **Averhealth objects to this request because it seeks materials protected by the attorney-client privilege and/or work-product immunity and calls for mental impressions of counsel in preparing Averhealth's initial disclosures.**

**Averhealth also interposes its Litigation Counsel Objection because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Subject to these objections, without waiving same, Averhealth directs Plaintiffs to documents being produced pursuant to the requests for production enumerated below; Averhealth further produces its contract with the State of Arizona and related documentation relevant to the issues raised by Plaintiff Foulger (2021-2022) as AH0002239-2269; AH0003410. In addition to those responses, objections, and documents being produced, Plaintiffs are already in possession of the transcript of Dominique Delagnes' testimony as well as Judge McCormick's Order, the latter of which was previously provided as an exhibit to pleadings filed in this litigation. With respect to emails, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement its response as needed.**

2.    All Documents you referenced or reviewed in order to complete your Rule 26 disclosures but did not identify.

**RESPONSE:**    **Averhealth interposes its Litigation Counsel Objection because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

3.    All reports of drug testing on any of the Plaintiffs.

**RESPONSE:**    **Averhealth objects to the extent this request seeks information other than drug testing performed by Averhealth as overbroad, and the term "drug testing" as**

10

**vague and ambiguous in the context of this request.**

**Subject to this objection, without waiving same, Averhealth produces herewith documents setting forth the results of all drug testing performed by Averhealth for each of the plaintiffs, bates-numberedAH0001885-2238; AH0002722-3361; AH0003411-3456. Pursuant to the above objection, Averhealth no longer has possession of and is not producing underlying data for tests results for each plaintiff that were either negative or positive for a prescribed pharmaceutical. The responsive documents being produced have been marked Confidential pursuant to the Protective Order entered into this case due to the presence of PHI.**

4.      A full Litigation Pack and batch record relating to every positive drug test on any of the Plaintiffs.

**RESPONSE:**      **Averhealth objects to this request on the grounds that it is vague and ambiguous as described in objection to the definition of "Litigation Pack" and "batch record" above.**

**Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Subject to the above objections, without waiving same, Averhealth produces herewith documents bates-stamped AH0004325-9093; AH0009249-15499; AH001550-15596; AH0015600-15694. The responsive documents being produced have been marked Confidential pursuant to the Protective Order entered into this case due to the presence of PHI.**

5.      All emails or other communications to, from or regarding any of the Plaintiffs, including recordings of telephone conversations.

**RESPONSE:**      **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client**

**communications as well as work performed by counsel, which are not discoverable.**

**Subject to the above objection, without waiving same, Averhealth produces documents bates-stamped AH0003502-3503 with respect to Plaintiff David Shnitzer. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing, and Averhealth will supplement this response.**

6.    All communications with Massachusetts Probation Service or any other entity in Massachusetts relating to David Shnitzer.

**RESPONSE:**    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to the phrase "any other entity in Massachusetts" as being vague, ambiguous, overbroad, unduly burdensome, as seeking information irrelevant to the issues in this case, and as not being reasonably calculated to discover admissible evidence. Plaintiff Shnitzer's claims are focused on collection of samples and testing of those samples; a broad-based request seeking documents not tied or related to that narrow area of focus is overbroad and seeks irrelevant evidence. The scope of "entity in Massachusetts" is vague in terms of the potential scope, placing on Averhealth the onus to identify corporate structure of potentially responsive entities that should be more narrowly identified by Plaintiffs.**

**Subject to these objections, without waiving same, based on the results of its investigation to date, Averhealth produces documents bates-stamped AH0003502-3503 with respect to the Massachusetts Probation Service. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed.**

7.    All Documents relating to Averhealth's accreditation or application for accreditation by CAP.

**RESPONSE:** Averhealth interposes its <u>**All Document Objection**</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth interposes its <u>**Litigation Counsel Objection**</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth also interposes its <u>**CAP Information Objection**</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

Pursuant to the above objections, Averhealth is withholding documents responsive to this request, other than certification confirmations provided by CAP. See documents bates-stamped AH0015695.

8.  All reports of inspection by CAP.

**RESPONSE:** Averhealth interposes its <u>**CAP Information Objection**</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.

Pursuant to the above objections, Averhealth is withholding documents responsive to this request.

9.  All proficiency testing ("PT") results from 2018 to the present, including, for each PT result in 2019 and 2020, a Litigation Pack and associated batch record, along with a Litigation Pack and associated batch records for cases tested as part of the same batch.

**RESPONSE:** Averhealth objects to this request because, by its terms, it includes testing performed outside any potential limitations period, as this matter was filed on August 22,

2022, and any testing more than two years prior to that date is not relevant to the instant litigation.

Averhealth objects to this request on the grounds that it is vague and ambiguous as described in the definition of "Litigation Pack" and "batch record" above.

Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.

Averhealth further objects to this request to the extent it seeks a "Litigation Pack" or associated "batch record" outside of those sought with respect to the plaintiffs in this action as being overbroad, seeking irrelevant information, as not being reasonably calculated to discover admissible evidence, and as seeking confidential information protected from disclosure, including private health information (PHI) protected under the Health Insurance Portability and Accountability Act (HIPAA).

Subject to these objections, without waiving same, Averhealth is withholding documents other than the proficiency testing, if any, related to Litigation Packs being produced in response to Requestion No. 4, herein.

10.    All Documents relating to an inspection of your laboratory by CAP.

**RESPONSE:**    Averhealth interposes its <u>**All Document Objection**</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth interposes its <u>**Litigation Counsel Objection**</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth interposes its <u>**CAP Information Objection**</u>, because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

> **Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.**
>
> **Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

11.    All Documents relating to the investigation by CAP into Averhealth's laboratory practices that followed a complaint submitted to CAP by Dr. Sarah Riley in or about November 2020.

> **RESPONSE:**    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
> **Averhealth also interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**
>
> **Pursuant to the above objections, Averhealth is withholding documents responsive to this request. See document bates-stamped AH0002423-2424.**

12.    All Documents submitted to CAP in response to its investigation into Averhealth's laboratory practices that followed a complaint submitted to CAP by Dr. Sarah Riley in or about November 2020.

> **RESPONSE:**    **Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**
>
> **Subject to the above objection, Averhealth is withholding documents responsive to this request.**

13.     All Documents that support or relate to any claim by you that Dr. Sarah Riley was disgruntled, disregarded principles of ethical conduct, or violated any obligation of confidentiality, honesty and personal integrity.

> **RESPONSE:**     **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
> **Subject to this objection, without waiving same, see Averhealth's responses and objections to Request Nos. 84-90 herein.**

14.     All Documents containing or relating to the principles of ethical conduct for the toxicology profession referenced in Dr. Michele Glinn's letter to CAP of January 4, 2021.

> **RESPONSE:**     **Averhealth objects to this request as being overbroad, unduly burdensome, as not being sufficiently limited in time or scope, as seeking information irrelevant to the issues in this case. Plaintiffs have not alleged any violation of toxicology professional "principles."**

15.     All Documents relating to whether Dr. Sarah Riley "merits the title" of doctor, as set forth in Jason Herzog's email to Colin Parks of November 5, 2020.

> **RESPONSE:**     **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
> **Averhealth further objects to this request on the grounds that it is overbroad, vague, and ambiguous. The fact that a statement was made in an email can be addressed, should Plaintiffs choose, in a deposition. The request provides no parameters or scope in its request, and seeks no information relevant to the issues in this case regarding Plaintiffs' samples that tested positive for illicit substances.**

16.    All Documents relating to any or all of the following allegations regarding your practices:

> a.    Concern regarding unacceptable quality assurance of mass spectrometry confirmatory testing.
>
> b.    Failure to follow procedures as written.
>
> c.    Concern regarding the manipulation of instrument calibrations.
>
> d.    Concern regarding the review of quality control results.

This request includes but is not limited to the checklist items, as well as the evaluation of bias and root cause analysis in regard to proficiency testing results and the use of historical QC and QC acceptance practices that were mentioned in Dr. Michael B. Datto's letter to Dr. Michele Glinn of January 29, 2021 (see Ex. 112 to Amended Complaint).

> **RESPONSE:**    **Averhealth interposes its __All Document Objection__. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
> **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity and is an improper "catchall" request in violation FRCP 26(b)(1). The plaintiffs identify four allegations and then ask Averhealth to produce materials showing internal adherence to the same, argumentatively tracking the grievances in the Amended Complaint. Averhealth further objects to the terms "concern," "unacceptable," and "manipulation" as vague and ambiguous. The request provides no clarity on what constitutes a "concern" to differentiate it from any other routine analysis or identification of an issue, presupposing any such analysis/identification is potentially problematic. The term "manipulation" as used is in the request appears to suggest purposeful or wrongful activities with respect to instrument calibrations; without further clarification from Plaintiffs, Averhealth cannot provide a meaningful**

response. The term "unacceptable" provides no objective or evidence-based measurement or threshold for comparison purposes to provide Averhealth with the necessary specificity to provide a meaningful response.

Averhealth further objects to the request as being overbroad unduly burdensome, and not sufficiently limited in time or scope, and as seeking information irrelevant to the issues in this case. Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition. To the extent any of the information sought had no impact on testing or is not applicable to CAP-FDT testing of Plaintiffs' respective samples, the request is not only overbroad, but also seeks information irrelevant to the Plaintiffs' claims.

Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable. Averhealth will withhold materials based on this objection as necessary.

Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

Subject to the above objection, Averhealth is withholding documents responsive to this request.

17.    All Documents relating to the decision by CAP to place your accreditation on probation.

      **RESPONSE:**    Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

Averhealth interposes its <u>Litigation Counsel Objection</u> to the extent this request implicates attorney-client communications, which are not discoverable. Averhealth

**will withhold materials based on this objection as necessary.**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

18.    All Documents relating to the probationary status of your accreditation by CAP in 2021.

**RESPONSE:**    Averhealth interposes its <u>**All Document Objection**</u>. **Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>CAP Information Objection</u>, because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Averhealth interposes its <u>Litigation Counsel Objection</u> to the extent this request implicates attorney-client communications, which are not discoverable. Averhealth will withhold materials based on this objection as necessary.**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

19.    All Documents submitted by you to CAP regarding your proficiency testing result for 2019, 2020 and 2021.

**RESPONSE:**    Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

20.     All Documents relating to the consideration of whether to inform clients or others of the probationary status of your accreditation by CAP in 2021 or CAP's decision to place your accreditation on probation.

> **RESPONSE:**     **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
> **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
> **Averhealth also interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**
>
> **Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to the issues in this case, as not being reasonably calculated to discover admissible evidence, and as not being proportional to the needs of this case pursuant to FRCP 26(b)(1). Averhealth's communications or dealings with "clients" or "others" are irrelevant to the specific claims asserted by the Plaintiffs and accordingly overbroad; identification and collection of "all" such potentially responsive documents place on Averhealth a burden to address issues beyond the scope of the claims asserted in the Second Amended Petition.**
>
> **Subject to these objections, without waiving same, investigation is ongoing, including review of ESI, to evaluate any responsive documents to this request as stated; however, pursuant to the above objections, Averhealth would withhold any responsive documents pursuant to the stated objections.**

21.    All Documents from January 27 to July 31, 2021, containing or relating to communications by you to anyone not employed by you regarding whether Averhealth was accredited by CAP.

**RESPONSE:**    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable. Averhealth will withhold materials based on the foregoing objection.**

**Averhealth also interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to the issues in this case, as not being reasonably calculated to discover admissible evidence, and as not being proportional to the needs of this case pursuant to FRCP 26(b)(1). Averhealth's communications or dealings with "anyone" is irrelevant to the specific claims asserted by the Plaintiffs and accordingly overbroad; identification and collection of "all" such potentially responsive documents place on Averhealth a burden to address issues beyond the scope of the claims asserted in the Second Amended Petition.**

**Subject to these objections, without waiving same, investigation is ongoing, including review of ESI, to evaluate any responsive documents to this request as stated; however, pursuant to the above objections, Averhealth would withhold any responsive documents pursuant to the stated objections.**

22.    All Documents containing or relating to communications by you to anyone not employed by you regarding whether CAP had determined that Dr. Riley's allegations were unfounded.

**RESPONSE:**    **Averhealth interposes its <u>CAP Information Objection</u>**

21

because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.

Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to the issues in this case, as not being reasonably calculated to discover admissible evidence, and as not being proportional to the needs of this case pursuant to FRCP 26(b)(1). Averhealth's communications or dealings with "anyone" is irrelevant to the specific claims asserted by the Plaintiffs and accordingly overbroad; identification and collection of "all" such potentially responsive documents place on Averhealth a burden to address issues beyond the scope of the claims asserted in the Second Amended Petition.

Pursuant to the above objections, Averhealth is withholding documents responsive to this request to the extent they include communications to CAP personnel, agents, or other representatives. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed, but reserves the right to withhold responsive documents pursuant to the objections stated above.

23.    All Documents referring or relating to the consideration of whether to inform clients or others of a less-than-perfect result on proficiency testing.

**RESPONSE:**    Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth further objects to the term "less-than-perfect" as vague and ambiguous, as it provides no objective or evidence-based measurement or threshold for comparison

**purposes to provide Averhealth with the necessary specificity to provide a meaningful response.**

**Averhealth further objects to the request as being overbroad unduly burdensome, and not sufficiently limited in time or scope, as seeking information irrelevant to the issues in this case, as not being reasonably calculated to discover admissible evidence, and as not being proportional to the needs of this case pursuant to FRCP 26(b)(1). Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition. Averhealth's communications or dealings globally with "clients or others" is irrelevant to the specific claims asserted by the Plaintiffs and accordingly overbroad; identification and collection of "all" such potentially responsive documents place on Averhealth a burden to address issues beyond the scope of the claims asserted in the Second Amended Petition.**

**Subject to these objections, without waiving same, investigation is ongoing, including review of ESI, to evaluate any responsive documents to this request as stated; however, pursuant to the above objections, Averhealth would withhold any responsive documents pursuant to the stated objections.**

24.    All Documents relating to the non-routine inspection of Averhealth by CAP on or about May 13, 2021.

**RESPONSE:**    **Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

25.    All Documents submitted to CAP as required in the letter from Dr. Datto to Dr. Glinn on or about July 29, 2021 (see Amended Complaint ¶ 116).

**RESPONSE:** **Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

26. All Documents relating to Averhealth's accreditation or application for accreditation by CLIA.

**RESPONSE:** **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.**

**Subject to these objections, without waiving same, Averhealth produces responsive documents bates-stamped AH0000400-409.**

27. All reports of inspection by CLIA from 2018 to the present.

**RESPONSE:** **Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.**

**Subject to these objections, without waiving same, Averhealth produces responsive documents bates-stamped AH0000400-409; AH0003607; AH0003747; AH0003776-3784; AH0004050-4053.**

28. All Documents relating to an inspection by CLIA from 2018 to the present.

**RESPONSE:** **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses implicates attorney-**

client communications as well as work performed by counsel, which are not discoverable.

Averhealth objects to this request on the grounds that is not limited in time or scope. Plaintiffs' claims involve testing performed in 2019 and later; accordingly, information sought for periods prior to August 2019 implicated by Plaintiffs' claims are irrelevant.

Subject to these objections, without waiving same, see response to Request No. 27 herein. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed.

29.    All Documents relating to any investigation by CLIA of Dr. Riley's allegations.

**RESPONSE:**    Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth objects to this request as seeking information involving a non-party to this action. To the extent Plaintiffs seek information relating to any investigation by CLIA, Plaintiffs should direct such discovery, in whatever form, to the appropriate CLIA recipient.

Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request, but will supplement as necessary should further investigation identify responsive documents.

30.    All Documents relating to any determination by CLIA of whether Dr. Riley's allegations were founded or unfounded.

**RESPONSE:**    Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

**Averhealth objects to this request as seeking information involving a non-party to this action. To the extent Plaintiffs seek information relating to any investigation by CLIA, Plaintiffs should direct such discovery, in whatever form, to the appropriate CLIA recipient.**

**See response and objections to Request No. 29 herein.**

31.    All Documents relating to compliance with, lack of compliance with, attempt to comply with or consideration of whether to comply with ISO 17025.

**RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant. There are no allegations in the Amended Complaint that Averhealth was not in compliance with ISO 17025, and therefore this has no bearing on the allegations contained in the Second Amended Petition or the services rendered to Plaintiffs.**

**Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request.**

32.    All Documents relating to certification by ANSI National Accreditation Board ("ANAB"), an attempt to be certified by ANAB or the consideration of whether to attempt to be certified by ANAB.

**RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client**

**communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant. There are no allegations in the Second Amended Complaint regarding certification with the ANSI National Accreditation Board, and therefore this has no bearing on the allegations contained in the Amended Petition or the services rendered to Plaintiffs.**

**Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request.**

33.    All Documents relating to or constituting communications with ANAB.

**RESPONSE:**        **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant. There are no allegations in the Second Amended Complaint regarding the ANSI National Accreditation Board, and therefore any "communications" have no bearing on the allegations contained in the Second Amended Complaint or the services rendered to Plaintiffs.**

**Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request.**

34.    All Documents relating to an application for certification or accreditation of your laboratory by any organization other than CAP, CLIA or ANAB.

**RESPONSE:**        **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant. There are no allegations in the Second Amended Complaint regarding any certification or accreditation by "organization other than CAP, CLIA or ANAB," and therefore an overbroad request for "all documents" has no bearing on the allegations contained in the Second Amended Complaint or the services rendered to Plaintiffs.**

**Subject to these objections, without waiving same, see documents bates-numbered AH0003882-3885; AH0003909-3913; AH0004047-4049.**

35.   All emails relating to the November 6, 2020 memorandum by Judge Thomas P. Boyd, including changes in protocols, requirements, standards, trainings or other changes made as a result of that memorandum (see Amended Complaint ¶ 148).

**RESPONSE:**   **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as seeking information irrelevant to the issues in this case; Plaintiffs provide no nexus with or explanation regarding any specific "protocols, requirements, standards, trainings or other changes" and the claims asserted in the Second Amended Petition regarding Plaintiff's specific positive samples for illicit substances. The overbroad request is a fishing expedition and is not proportional to the needs of this case.**

**Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed.**

36.   All Documents relating to the decision by any court to disallow the use of Averhealth test results in proceedings before that court.

**RESPONSE:**   **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable**

particularity as required by Rule 34(b).

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to this litigation, and as not being reasonably calculated to discover admissible evidence. The only claims in this case are those of Plaintiffs, related to their submission of samples for testing by Averhealth by state courts in Arizona, Massachusetts, and Michigan. Determinations, if any, made by courts in those or other jurisdictions are irrelevant to the claims asserted by Plaintiffs and are not probative of any issues in this case specific to the specific Plaintiff samples at issue.

Pursuant to the above objections, Averhealth would withhold any responsive documents.

37.    All Documents referring or relating to communications with Alice Hines or any other representative of Vice News.

**RESPONSE:**    Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to this litigation, and as not being reasonably calculated to discover admissible evidence. The request is not tied to any of the claims presented by the Plaintiffs in this case, and is not probative of or relevant to the issues raised in the claims asserted by Plaintiffs.

Subject to these objections, without waiving same,

> **Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth is withholding responsive documents pursuant to the stated objections.**

38. Your contract with the State of Michigan, the Michigan Department of Technology, Management and Budget and/or MDHHS to provide drug screening services.

**RESPONSE:**         **See documents bates-stamped AH0000475-552.**

39. Your contract with the Commonwealth of Massachusetts or the Massachusetts Probation Service to provide drug testing services.

**RESPONSE:**         **See documents bates-stamped AH0002270-2280.**

40. All Training Materials used in training of MDHHS assigned personnel, private agency partners and/or TPSs (Third Party Administrators), including training to address a worker's ability to administer drug testing correctly and in accordance with existing protocols and State law.

**RESPONSE:**         **Averhealth objects to the term "administer drug testing" as vague and ambiguous. Each of the Plaintiffs residing in Michigan asserting claims in the Second Amended Petition allege any testing that is the subject of their claims was performed in Missouri, not Michigan.**

**To the extent the term "administer drug testing" is intended to implicate the collection of samples for testing, none of the Plaintiffs residing in Michigan have alleged any claim involving the collection of samples; accordingly, this request seeks information irrelevant to claims asserted in this lawsuit.**

**Subject to these objections, without waiving same, see documents bates-stamped AH0003457-3501; AH0003509-3506; AH00036083685; AH0003688-3733; AH0003774-3775; AH0003785-3881; AH0003886-3899; AH0003914-3967; AH0003980-4045 AH0009157-9248.**

41.     All Documents containing or relating to communications between you and personnel employed by MDHHS, CSA, CPS and/or Michigan courts relating to the quality of your drug testing services or to complaints about your drug testing services.

**RESPONSE:**          **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth objects to this request as unduly burdensome, overbroad, and not properly limited in time or scope. Averhealth contracted with the State of Michigan to provide drug testing services, and therefore a request for "[a]ll documents containing or relating to communications" is breathtakingly broad and arguably encompasses every document or communication between Averhealth and the Michigan entities above.**

**To resolve this objection, and to the extent that this request is understood, Averhealth would be willing to produce non-privileged documents responsive to this request.**

**Subject to these objections, without waiving same, see documents bates-stamped AH0000463-464; AH0000553-772; AH0003971-3979.**

42.     All reports to MDHHS regarding training.

**RESPONSE:**          **Averhealth objects to the term "training" as vague and ambiguous. None of the Plaintiffs residing in Michigan asserting claims in the Second Amended Petition implicate any actions undertaken by MDHHS.**

**Consistent with its objection to Request No. 40 herein, to the extent the term "training" is intended to implicate the collection of samples for later testing, none of the Plaintiffs residing in Michigan have alleged any claim involving the collection of samples; accordingly, this request seeks information irrelevant to claims asserted in this lawsuit.**

**Subject to these objections, without waiving same, see documents produced in response to Request No. 40 herein.**

43.     All Documents relating to presentations by you to personnel of MDHHS, CSA, CPS and/or Michigan courts that pertained in any way to the quality of your drug testing services or to complaints about your drug testing services.

> **RESPONSE:**     Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).
>
> Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.
>
> Averhealth objects to the terms "quality" and "complaints" as vague and ambiguous, and as seeking information irrelevant to the issues in this case. Plaintiffs assert no claims related to any representations to, or reliance on, any statements made by Averhealth regarding its drug testing services; the Plaintiffs residing in Michigan limit their claims to allegations of negligence in the testing of samples. This request accordingly seeks to improperly burden Averhealth with collection, review, and production of materials irrelevant to the claims asserted.
>
> See Averhealth's responses and objections to Request No. 41 herein.

44.     All video or audio recordings of presentations by you to MDHHS, CSA, CPS and/or Michigan courts relating to the quality of your drug testing services or to complaints about your drug testing services.

> **RESPONSE:**     Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).
>
> Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

**Averhealth objects to the terms "quality" and "complaints" as vague and ambiguous, and as seeking information irrelevant to the issues in this case. Plaintiffs assert no claims related to any representations to, or reliance on, any statements made by Averhealth regarding its drug testing services; the Plaintiffs residing in Michigan limit their claims to allegations of negligence in the testing of samples. This request accordingly seeks to improperly burden Averhealth with collection, review, and production of materials irrelevant to the claims asserted.**

**Subject to the above objections, without waiving same, Averhealth's investigation is ongoing and this response will be supplemented as necessary. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

45.    All Documents relating to the inspection, review and/or audit of Averhealth's laboratory practices conducted by Jarrad Wagner and Larry Broussard on behalf of Wagner Toxicology Associates ("Wagner audit") and/or the report they prepared regarding same ("Wagner Report").

      **RESPONSE:**      **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

                        **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

                        **Subject to these objections, without waiving same, see documents bates-stamped AH0002285-2291; AH0002304-2305; AH0002318-2329; AH0002332-2348; AH0002351-2353; AH0002372-2384; AH0002389-2390; AH0002403-2420; AH0002427-2428; AH0002441-2444; AH0002451-2453; AH0002468-2477; AH0002496-2512; AH0002525-2536; AH0002561-2575; AH0002582-2610; AH0002617-2620; AH0002623-2628; AH0002635-2639; AH0002642; AH2667-2668;    AH0002679-2680;    AH0002685-2687;**

**AH0002694-2706;   AH0002713-2716;   AH0002719-2721. Several documents contained PHI and have been redacted accordingly; all and are marked "Confidential" pursuant to the Protective Order on that basis. Plaintiffs are already in possession of the Wagner Report referenced, which is not reproduced here.**

46.    All Documents provided to Dr. Wagner and/or Dr. Broussard in connection with the Wagner audit and/or Wagner Report.

> **RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
> **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
> **See objections and response to Request No. 45 herein.**

47.    All Documents sent or received relating to the Wagner audit and/or Wagner Report.

> **RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
> **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity. The Wagner Report is the product of an investigation into Averhealth's operations and contains numerous findings and conclusions regarding the very services that Averhealth exists to provide. By calling for all documents "relating to" that report, the request is breathtakingly broad and arguably encompasses every shred of paper and bit of data maintained by Averhealth.**
>
> **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**See objections and response to Request No. 45 herein. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

48.    All Documents relating to whether you reported analytes that were flagged as outside identification criteria by MultiQuant, including the acceptance criteria with which MultiQuant was set up and the acceptance criteria of your SOP (see Amended Complaint ¶ 190).

**RESPONSE:**          **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Disguised Interrogatory Objection</u> because the request seeks information that that is more properly addressed in response to an interrogatory or provided via testimony.**

**Averhealth objects to this request as irrelevant, vague, and ambiguous. Paragraph 190 of the Second Amended Complaint, involves a selected quote from the Wagner Report with a recommendation by the authors of that report. Plaintiffs provide no factual or legal nexus between those recommendations and the allegations asserted in the Second Amended Complaint.**

**Averhealth objects to this request as seeking information irrelevant to the issues in this case. The Wagner Report confirmed that practices of Averhealth were reliable and appropriate; Paragraph 190 involves claims by Plaintiffs of improper conclusions by the Wagner Report authors, not Averhealth, and has no relevance to the claims asserted in the Second Amended Complaint.**

**Pursuant to the above objections, Averhealth would withhold any responsive documents.**

49.    All Documents indicating that Averhealth defined the acceptance criteria for identification of analytes as set forth in the Wagner Report, including all communications with Drs. Wagner or Broussard regarding same (see Amended Complaint ¶ 191).

**OBJECTION:**    Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth also interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth objects to this request as seeking information irrelevant to the issues in this case. The Wagner Report confirmed that practices of Averhealth were reliable and appropriate; Paragraph 191 involves claims by Plaintiffs of improper conclusions by the Wagner Report authors, not Averhealth, and has no relevance to the claims asserted in the Second Amended Complaint.

See objections and response to Request No. 45 herein. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.

50.    All Documents relating to whether, if Quality Control values were outside the normal range, you might change the linearity model or internal standard used for a specific analyte (see Amended Complaint ¶ 192).

**RESPONSE:**    Averhealth further objects to this request on the grounds that it seeks information irrelevant to the issues in this case. The incident referenced in previous requests is not probative of or relevant to, Plaintiffs' claims of improper testing of their individual samples. Averhealth objects to this request as seeking information irrelevant to the issues in this case. The Wagner Report confirmed that practices

**of Averhealth were reliable and appropriate; Paragraph 192 involves claims by Plaintiffs of improper conclusions by the Wagner Report authors, not Averhealth, and has no relevance to the claims asserted in the Second Amended Complaint.**

**Subject to those objections, without waiving same, see Averhealth's responses and objections to Request Nos. 62 and 63 herein.**

51.    All Documents relating to or containing method validation for the practice of changing the linearity model or internal standard used for a specific analyte if Quality Control values were outside the normal range (see Amended Complaint ¶ 192).

**RESPONSE:**          **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as seeking information irrelevant to the issues in this case. The Wagner Report confirmed that practices of Averhealth were reliable and appropriate; Paragraph 192 involves claims by Plaintiffs of improper conclusions by the Wagner Report authors, not Averhealth, and has no relevance to the claims asserted in the Second Amended Complaint.**

**Subject to those objections, without waiving same, see Averhealth's response and objections to Request No. 50 herein.**

52.    All Documents relating to an incident in which 13 false positives were reported where vials were put in the autosampler in the wrong location (see Amended Complaint ¶ 193), including all Documents relating to any investigation into why that occurred and/or whether any such errors or similar errors had occurred on other investigations.

**RESPONSE:**          **Averhealth interposes its <u>Litigation Counsel Objection</u>**

**because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth also objects to this request to the extent it calls for materials protected by work product immunity.**

**Averhealth further objects to the plaintiffs' reference to "false positive" test results, which is a medical term of art that the plaintiffs are misusing in the context of this request thereby rendering it vague, ambiguous, and argumentative. On the occasion in question, Averhealth did not report 13 "false positive" test results, i.e. samples that Averhealth determined were positive for a particular assay but actually were not.**

**Given the foregoing, Averhealth further objects to the term "such errors or similar errors" as being vague, ambiguous, or overbroad. The situation involving the 13 test results identified in the request involved specific circumstances, there is no objective or subjective basis on which Averhealth can identify "similar errors" or "such errors" to respond to this request.**

**Subject to these objections, without waiving same, see documents bates-stamped AH0000465-474.**

53.    All Documents relating to changes in protocols, requirements, standards, training or other similar change, including independent sequence and vial checks, that were added as a result of the incident referred to in the previous paragraph.

**RESPONSE:**    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request on the grounds that it seeks information irrelevant to the issues in this case. The incident referenced in previous requests is not probative of or relevant to Plaintiffs' claims of improper testing of their individual samples.**

> **Subject to the above objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

54. All emails or other written communications with Drs. Wagner and/or Broussard regarding the Wagner audit or Wagner Report.

> **RESPONSE:** **Averhealth objects to this request as overbroad and unduly burdensome.**
>
> **See Averhealth's response and objections to Request No. 47 herein.**

55. Any payments made to Jarrad Wagner, Larry Broussard and/or Wagner Toxicology in the last ten years.

> **RESPONSE:** **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel , which are not discoverable.**
>
> **Averhealth objects to this request as seeking information irrelevant to the issues in this case. Responsive payments, if any, have no bearing on or relevance to the claims asserted by Plaintiffs.**
>
> **Averhealth would withhold any documents responsive to this request pursuant to the above objections.**

56. All Documents relating to an investigation into Averhealth's practices by the Michigan Department of Attorney General and/or the United States Department of Justice.

> **RESPONSE:** **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
> **Averhealth also interposes its <u>Litigation Counsel Objection</u>**

**because this request implicates attorney-client communications as well as work performed by counsel , which are not discoverable.**

**Averhealth objects to this request to the extent it seeks production of confidential materials held by the Department of Justice that are not subject to public disclosure or production pursuant to the Freedom of Information Act (FOIA).**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

57.    All internal emails relating to this lawsuit, any of the Plaintiffs, the Gonzalez case, CAP's investigation of Dr. Riley's allegations, the placement of Averhealth's accreditation on probation by CAP, the discontinuation of Averhealth's services by CSA, the Michigan case referred to in ¶227 of the Amended Complaint, or false positive test results.

**<u>RESPONSE:</u>**    **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity. By calling for all internal emails "relating to" eight distinct topics, each made of up an innumerable subtopics, spanning time periods beyond the limitations period at issue in the Second Amended Complaint, is overbroad, harassing, and arguably encompasses every communication to which Averhealth was a party. The request further seeks information irrelevant to the issues in this case, as the Gonzalez case, CAP's investigation, Averhealth's probation, discontinuation of Averhealth's services by CSA, and the Michigan case referenced have no relevance to, nor are probative of, Plaintiffs' respective, individual positive test results for illicit substances that form the basis of their claims.**

**Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth also interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Averhealth further objects to the plaintiffs' reference to "false positive" test results, which is a medical term of art that the plaintiffs are misusing in the context of this request thereby rendering it vague, ambiguous, and argumentative.**

**Subject to these objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

58.    A current curriculum vitae of Dominique Delagnes.

<u>**RESPONSE:**</u>    **Ms. Delagnes's resume is attached as document bates-stamped AH0015597-15599.**

59.    All Documents relating to claims or complaints that:

    a.    Defendant's drug testing was/is not accurate;

    b.    Defendant's calibration curve was/is not accurate or otherwise improper;

    c.    Defendant's quality controls were/are not accurate or otherwise improper;

    d.    Defendant's internal standards were/are not accurate or otherwise improper;

    e.    Defendant's use of historical curve(s) was/is not accurate or otherwise improper;

    f.    Defendant's qualitative testing was/is not accurate or otherwise improper.

<u>**RESPONSE:**</u>    **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity. The request seeks documents that either do or do not support a contention, i.e., "Defendant's drug**

testing was/is not accurate," of six different topics, seeking, in effect, twelve separate requests, and is an improper "catchall" request. Further, this request is unlimited in temporal scope and by its terms includes requests outside any potential limitations period.

Averhealth objects to the terms "accurate" and "otherwise improper" as vague and ambiguous. The concepts raised in each of the subparts to this request involve highly technical and specialized scientific assessments; terms like "accurate" or "otherwise improper," provide no meaningful basis to provide a response, failing to provide or identify any objective or recognized, technical specification or standard against which Averhealth is being asked to compare its practices to provide a response.

Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Subject to the above objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed to the extent they involve the Plaintiffs in this lawsuit. Averhealth stands on its objections with respect to any other "complaints" as that term is commonly understood and will not produce documents pursuant to said objection.

60.    All communications, complaints, and Documents relating to complaints about your drug testing along with your responses to same and any other Documents referring or relating to same.

**RESPONSE:**    Averhealth objects to this request because it is overbroad, unduly burdensome, seeks information irrelevant to the issues in this case, and is not reasonably calculated to discover admissible evidence. Nothing in this request is tied to the Plaintiffs' individual claims set forth in the Second Amended Petition. The request essentially seeks any statement by anyone, at any time, in anyplace regarding issues a person or entity may have with "drug testing"

generally without providing any nexus with the allegations in the Second Amended Complaint. The Plaintiffs lump together "claims or complaints" in an all-encompassing demand, then seek all documents "relating to" those claims. This request is accordingly unlimited in temporal scope and by its terms includes requests outside any potential limitations period.

Averhealth also interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel , which are not discoverable.

Averhealth also interposes its **Disguised Interrogatory Objection** because this request is more appropriately propounded by a properly crafted interrogatory.

Subject to the above objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed to the extent they involve the Plaintiffs in this lawsuit. Averhealth stands on its objections with respect to any other "complaints" as that term is commonly understood and will not produce documents pursuant to said objection.

61.    All reports from any of your personnel regarding whether Defendant's calibration curves were or may be improper or not meeting expectations/protocols/standards, as well as any Document referring or relating to concerns regarding the accuracy or validity of Defendant's calibration curves.

**RESPONSE:**    Averhealth objects to this request as vague and ambiguous due to its double compound nature and confusing language in the last clause ("any Document referring or relating to or concerns regarding"). Further, this request is unlimited in temporal scope and by its terms includes requests outside any potential limitations period.

Averhealth also interposes its **Litigation Counsel Objection** because this request implicates attorney-client

**communications as well as work performed by counsel , which are not discoverable.**

**Averhealth objects to the terms "improper" and "expectations/protocols/standards" as vague and ambiguous. The concepts raised in this request involve highly technical and specialized scientific assessments; the vague terms utilized by Plaintiffs provide no meaningful basis to provide a response, failing to provide or identify any objective or recognized, technical specification or standard against which Averhealth is being asked to compare its practices to provide a response.**

**Subject to the above objections, without waiving same, Averhealth has not identified any documents responsive to this request. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed with respect to the time periods at issue with respect to Plaintiffs' claims and the related samples identified in this litigation.**

62.    Defendant's expectations, protocols, practices, procedures and standards, from January 1, 2018 to the present (if they have changed) relating to its:

    a.    Quality controls;

    b.    Internal standards;

    c.    Historical curve use;

    d.    Qualitative testing;

    e.    Quantitative testing;

    f.    Calibration curve;

    g.    Inaccurate drug testing;

    h.    False positive drug testing; and

    i.    Sample collection.

**RESPONSE:**    **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity and is an improper "catchall" request. The plaintiffs lump together five types of documents "regarding or referring or**

**relating to" nine discrete topics over five years, which is clearly outside any potential limitations period.**

**Averhealth also interposes its <u>Disguised Interrogatory Objection</u> because this request calls for Averhealth to cull through numerous records when the information sought can readily be obtained by well-crafted interrogatories.**

**Averhealth further objects to the plaintiffs' reference to "false positive" test results, which is a medical term of art that the plaintiffs are misusing in the context of this request thereby rendering it vague, ambiguous, and argumentative.**

**Subject to those objections, without waiving same, Averhealth produces documents bates-stamped AH0000773-1803; AH0003748-3773; AH0003900-2908; AH3968-3970.**

63.    All Documents, from January 1, 2016 to the present, that show how you ensured or tested to assure adherence to your expectations, protocols, practices, procedures and/or standards, regarding:

      a.    Quality controls;

      b.    Internal standards;

      c.    Historical curve use;

      d.    Qualitative testing;

      e.    Quantitative testing;

      f.    Calibration curve;

      g.    Inaccurate drug testing;

      h.    False positive drug testing; and

      i.    Sample collection.

<u>**RESPONSE:**</u>    **Averhealth objects to this request because it does not describe the materials sought with reasonable particularity and is an improper "catchall" request. The plaintiffs lump together five types of documents "regarding or referring or relating to" nine discrete topics over five years, which is clearly outside any potential limitations period.**

Averhealth also interposes its **Disguised Interrogatory Objection** because this request calls for Averhealth to cull through numerous records when the information sought can readily be obtained by well-crafted interrogatories.

Averhealth further objects to the plaintiffs' reference to "false positive" test results, which is a medical term of art that the plaintiffs are misusing in the context of this request thereby rendering it vague, ambiguous, and argumentative.

Subject to the above objections, without waiving same, see documents bates-stamped AH0000773-864; AH0000886-976; AH0001074-1884.

64.    All Documents containing or relating to your procedures for collection of samples applicable to your locations in Lawrence, Boston and/or Dartmouth, Massachusetts from 2019 to the present and Phoenix, Arizona from 2021 to the present.

**RESPONSE:**    See documents bates-stamped AH0000776-781; AH0001102-1112; AH0001181-1190; AH0001422-1432; AH0001543-1661; AH0001689-1753; AH0001754-1759; AH0003504-3505; AH0003362-3409.

65.    All Documents relating to whether sample collection in Arizona, Massachusetts and/or Michigan was done properly.

**RESPONSE:**    Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth also interposes its **Disguised Interrogatory Objection** because this request calls for Averhealth to cull through numerous records when the information sought can readily be obtained by well-crafted interrogatories.

**Averhealth objects to the term "properly" as used herein as vague and ambiguous. Absent any specific standard against which to evaluate any potentially responsive sample collection, and confirmation of the applicability of same, Plaintiffs have not provided Averhealth with sufficient information or particularity to provide a response.**

**Subject to the above objections, without waiving same, Averhealth has not identified any documents responsive to this request. Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed with respect to the time periods at issue with respect to Plaintiffs' Plaintiffs Katarzyna Foulger, David Shnitzer, or Nicole White related to any of their claims set forth in the Second Amended Complaint for the time period(s) implicated in same, as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

66.    All Documents relating to any efforts to ensure that collection of samples in Arizona, Michigan and/or Massachusetts is done properly.

**RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth also interposes its <u>Disguised Interrogatory Objection</u> because this request calls for Averhealth to cull through numerous records when the information sought can readily be obtained by well-crafted interrogatories.**

**Averhealth objects to the term "properly" as used herein as vague and ambiguous. Absent any specific standard against which to evaluate any potentially responsive sample collection, and confirmation of the applicability of**

**same, Plaintiffs have not provided Averhealth with sufficient information or particularity to provide a response.**

**Subject to these objections, without waiving same, see Averhealth's response to Request No. 64 herein.**

67.    All Documents relating to an audit or other inspection conducted by you or an authorized representative of you since January 1, 2018 regarding collection practices in one or more of your Massachusetts or Arizona locations.

**RESPONSE:**    **Averhealth further objects to the request as being overbroad   unduly burdensome, and not sufficiently limited in time or scope, and as seeking information irrelevant to the issues in this case. Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition.**

**Subject to these objections, without waiving same, Averhealth's investigation as to this request is ongoing, and Averhealth will supplement this response as needed. Should Averhealth determine it is appropriate to withhold any documents otherwise responsive pursuant to the stated objections, Averhealth will advise Plaintiffs of same.**

68.    All lab drug testing or collection protocols and training materials relating to your testing and/or collection of drugs since January 1, 2018.

**RESPONSE:**    **Averhealth objects to this request as vague and ambiguous. Averhealth does not know what is meant by the phrase "relating to your testing and/or collection of drugs" as it does not conduct tests on "lab drugs" or drugs of any kind. Further, it is not properly limited in scope, and therefore seeks documents that are irrelevant to the allegations in the Amended Complaint.**

**Averhealth further objects to the request as being overbroad unduly burdensome, and not sufficiently limited in time or scope, and as seeking information irrelevant to**

> **the issues in this case. Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition.**
>
> **See objections and responses to Request Nos. 62 and 63 herein.**

69.    A copy of your Document retention policy or policies used from January 1, 2018 to the present.

> **RESPONSE:**    **Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.**
>
> **Subject to these objections, without waiving same, see documents bates-stamped AH0000797-809; AH0000977-1073; AH0001181-1190; AH0001204-1279; AH0001290-1302; AH0001528-1661.**

70.    A copy of your retention policy or policies for keeping samples after they are tested.

> **RESPONSE:**    **Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.**
>
> **Subject to these objections, without waiving same, see documents bates-stamped AH00001102-1112; AH0001422-1432; AH0001689-1753.**

71.    Any Document relating to or constituting a contract with a health insurance company relating to drug testing performed by you from January 1, 2018 to the present.

> **RESPONSE:**    **Averhealth objects to this request because it is overly broad**

and is not relevant to the claims at issue. There are no allegations related to Averhealth's involvement with any health insurance company and drug testing performed on patients, including Plaintiffs.

Averhealth would withhold any documents responsive to this request pursuant to the above objections.

72.    Registration with the Missouri Board of Healing Arts.

**RESPONSE:**    **Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.**

**Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request.**

73.    A list of all physicians who have worked for Defendant, from January 1, 2016

to the present, who are registered with the Missouri Board of Healing Arts.

**RESPONSE:**    **Averhealth objects to this request on the grounds that it is vague and ambiguous because the undefined phrase "worked for" could refer to employees or other individuals with whom Averhealth or its employees have collaborated or consulted. Further, collection of this information, which is irrelevant to the issues in this case, would place a significant burden on Averhealth not proportional to the needs of this case.**

**Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.**

**Subject to these objections, without waiving same, Averhealth has not identified any documents responsive to this request.**

74.    All lawsuits filed against you in the last 10 years relating to your drug testing.

**RESPONSE:**     Averhealth interposes its **Disguised Interrogatory Objection** because this request calls for information, not documents, tangible things, or ESI as required by Rule 34.

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable

Averhealth also objects because the request seeks irrelevant information. Whether Averhealth has been sued by other plaintiffs has no bearing on any issues in this action. Indeed, the request is not reasonably limited in subject matter: Averhealth's institutional purpose is to provide drug testing services, so this request encompasses any civil action that "relates to" anything the company does and would therefore include actions that would have no probative value on the claims and defenses herein.

Averhealth is withholding documents responsive to this request pursuant to the stated objections.

75.    All settlements in the last 10 years relating to your drug testing.

**RESPONSE:**     Averhealth interposes its **Disguised Interrogatory Objection** because this request calls for information, not documents, tangible things, or ESI as required by Rule 34.

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable

Averhealth also objects because the request seeks irrelevant information. Whether Averhealth has settled any third-party claim has no bearing on any issues in this action. Indeed, the request is not reasonably limited in subject matter: Averhealth's institutional purpose is to provide drug testing services, so this request encompasses any settlement that "relates to" anything the company does and would therefore include settlements that would have no probative value on the claims and defenses herein.

Averhealth is withholding documents responsive to this

**request pursuant to the stated objections.**

76.     All Documents submitted to obtain a Controlled Substance Registration Certificate.

**RESPONSE:**          **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant. There are no allegations in the Second Amended Complaint regarding a Controlled Substance Registration Certificate, which has no relevance to and is not probative of any of the claims alleged in the Second Amended Complaint.**

**Subject to these objections, without waiving same, Averhealth produces documents bates-stamped AH0003506-3508; AH0003868-3687; AH0003737-3735; AH0003909-3910; AH0004046.**

77.     All Documents relating to the speed at which you expected your lab employees to complete drug testing.

**RESPONSE:**          **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth objects to this request as the phrase "the speed at which you expected your lab employees to complete drug testing" is vague and ambiguous. On the one hand, with**

respect to a particular test, Averhealth's laboratory follows numerous standard operating procedures, many of which "relate to" the timing of various process within an assay. Indeed, the LC-MS/MS confirmation testing of which the plaintiffs complain involves analysis of the retention time of various compounds, i.e. the speed at which a sample passes through a chromatography column. On the other hand, with respect to testing in general, Averhealth tests thousands of samples each day, and the time in which each sample is tested and reported depends on numerous factors. Accordingly, the universe of potentially responsive materials (documents "related to" speed and timing in forensic toxicology) is practically indefinite and this request is not made with the reasonable particularity required under Rule 34.

Averhealth also objects to this request as unduly burdensome, overbroad, and irrelevant. Averhealth has contracts with local, county, and state departments of health, as well as judicial agencies throughout the United States. Each jurisdiction or referring provider has its own requirements on when Averhealth must test and report its analysis of patient samples, which are usually set forth in a contract or memorandum of understanding.

Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.

Subject to these objections, without waiving same, see responses and objections to Request Nos. 62 and 63 herein.

78.    All Documents referring to the expansion of the number of clients whose samples you have tested over the past 10 years.

**RESPONSE:**    Averhealth interposes its **All Document Objection**. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).

Averhealth interposes its **Litigation Counsel Objection** because this request implicates attorney-client

communications as well as work performed by counsel, which are not discoverable.

Averhealth objects to this request on the grounds that it is not properly limited in time or scope, and seeks information irrelevant to the issues in this case related to specific lab testing results for specific samples collected and/or tested August 2019 or later.

Averhealth objects to this request as unduly burdensome, overbroad, and irrelevant, vague, and ambiguous as to the term "clients." Averhealth provides health care to "patients" and contracts with local, county, and state agencies. Averhealth further objects on the grounds that the request's temporal scope includes time periods that, on their face, are outside any potential limitations period. The request further seeks information irrelevant to the issues in this case; "expansion" of Averhealth's client roster is neither relevant to nor probative of Plaintiffs' respective, individual samples that were positive for illicit substances. The request is not proportional to the needs of this case as required by FRCP 26(b)(1).

Averhealth is and would continue to withhold documents responsive to this request to extent identified as part of any ongoing investigation, pursuant to the stated objections.

79.    All Documents showing expectations by a third party of the time for your lab employees to complete drug testing.

**RESPONSE:**    Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.

Averhealth further objects that the request seeks information irrelevant to the issues in this case, and that it is not reasonably limited in time or scope. The Plaintiffs' claims in this case involve samples provided in Michigan, Massachusetts, and Arizona only, which Plaintiffs were ordered to provide for testing by Averhealth at its lab in Missouri. Accordingly, to the extent any "expectations" are

**responsive, it would be those set forth in the contractual agreements.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request Nos. 38 and 39 herein. Averhealth is withholding responsive documents pursuant to the stated objections.**

80.    All Documents that support the claim on your website that you provide "forensically defensible results with a 97% accuracy rate" (https://averhealth.com/why-accurate-results-are-so-important/ (accessed 8/9/2021)).

>    **RESPONSE:**    **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
>    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
>    **Subject to these objections, without waiving same, Averhealth's investigation as to this request is ongoing, and Averhealth will supplement this response as needed.**

81.    All Documents that would show, or tend to show, why, according to your website, some of your drug tests are not included within the 97% accuracy rate (https://averhealth.com/why-accurate-results-are-so-important/ (accessed 8/9/2021)).

>    **RESPONSE:**    **Averhealth interposes its All Document Objection. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**
>
>    **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**
>
>    **Averhealth further objects to this request as seeking**

55

**information irrelevant to the issues in this case; the mechanism or assessment cited leading to the statement is not at issue and not probative of or relevant to any claims asserted in the Second Amended Complaint.**

**Subject to these objections, without waiving same, Averhealth's investigation as to this request is ongoing, and Averhealth will supplement this response as needed.**

82.    All emails or other communications with Melissa McKinley and/or Carrie Linderoth or other employees of Kelley Cawthorne regarding actual contacts with Michigan court personnel or contacts being considered.

**RESPONSE:**    **Averhealth objects to the phrases "actual contacts" and "contacts being considered" as vague and ambiguous.**

**Averhealth objects to this request as seeking information irrelevant to the claims at issue, involving testing of specific samples of each of the Plaintiffs. Communications responsive to this request are not probative of or relevant to the claims asserted.**

**Subject to the above objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. To the extent that investigation identifies any responsive documents, Averhealth would withhold such documents pursuant to the above objections.**

83.    All Documents that show that, as of December 2020, "Averhealth has a perfect CAP-FDT proficiency test, a rare industry feat," as stated in Exhibit 219 to the Amended Complaint.

**RESPONSE:**    **Averhealth interposes its <u>CAP Information Objection</u> because the request encompasses documents and information that is Confidential and not subject to disclosure in this litigation.**

**Averhealth interposes its <u>Litigation Counsel Objection</u>**

**because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Subject to these objections, without waiving same, Averhealth will withhold documents pursuant to the above objections, but confirms that CAP confirmed a perfect proficiency test for Averhealth for OFD-D 2020 Oral Fluid for Drugs of Abuse for a kit mailed on November 30, 2020, and evaluated on January 6, 2021.**

84.     All emails regarding Dr. Sarah Riley, whether or not Dr. Riley was copied.

**RESPONSE:**          **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as being overbroad and seeking information irrelevant to the claims in this litigation. By the very nature of having been an employee of Averhealth for any period of time, Dr. Riley was the recipient of, sender of, copied on, or the subject of numerous emails on a wide variety of topics irrelevant to Plaintiffs' claims. Absent further tailoring to issues relevant to the claims asserted, this request is improper.**

**Subject to these objections, without waiving same, Averhealth produces additional documents bates-stamped AH0000410-417.**

**Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed as necessary pursuant to the above objections.**

85.     All emails regarding Dr. Sarah Riley's work for Defendant, whether or not Dr. Riley was copied.

**RESPONSE:**          **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as being overbroad and seeking information irrelevant to the claims in this litigation. By the very nature of having been an employee of Averhealth for any period of time, Dr. Riley was the recipient of, sender of, copied on, or the subject of numerous emails on a wide variety of topics irrelevant to Plaintiffs' claims. Absent further tailoring to issues relevant to the claims asserted, this request is improper.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request No. 84.**

86.     All emails relating to any of Dr. Sarah Riley's complaints or allegations regarding Averhealth, whether or not Dr. Riley was copied.

**RESPONSE:        Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request No. 84.**

87.     All emails that mention Dr. Sarah Riley (specifically or generically), whether or not Dr. Riley was copied.

**RESPONSE:        Averhealth interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as being overbroad and seeking information irrelevant to the claims in this litigation. By the very nature of having been an employee of Averhealth for any period of time, Dr. Riley was the recipient of, sender of, copied on, or the subject of numerous emails on a wide variety of topics irrelevant to Plaintiffs' claims. Absent further tailoring to issues relevant to the claims asserted, this request is improper.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request No. 84.**

88.     All Documents relating to Dr. Sarah Riley.

**RESPONSE:**          **Averhealth interposes its __All Document Objection__. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**Averhealth interposes its __Litigation Counsel Objection__ because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as being overbroad and seeking information irrelevant to the claims in this litigation. By the very nature of having been an employee of Averhealth for any period of time, Dr. Riley was the recipient of, sender of, copied on, or the subject of numerous emails and documents on a wide variety of topics irrelevant to Plaintiffs' claims. Absent further tailoring to issues relevant to the claims asserted, this request is improper.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request No. 84.**

89.     All emails between Dr. Sarah Riley and any of your personnel.

**RESPONSE:**          **Averhealth objects to this request as being overbroad and seeking information irrelevant to the claims in this litigation. By the very nature of having been an employee of Averhealth for any period of time, Dr. Riley was the recipient of, sender of, copied on, or the subject of numerous emails on a wide variety of topics irrelevant to Plaintiffs' claims. Absent further tailoring to issues relevant to the claims asserted, this request is improper.**

**Subject to these objections, without waiving same, see Averhealth's response and objections to Request No. 84.**

90.     All transcripts of testimony given by Dr. Sarah Riley in your possession.

**RESPONSE:**          **Averhealth interposes its __Litigation Counsel Objection__ because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

**Averhealth further objects to this request as being overbroad and not seeking information relevant to the issues in this litigation. The term "testimony" is vague and ambiguous, and Dr. Riley may have provided "testimony" on issues that are not relevant to the issues in this case. To the extent Plaintiffs seek a transcript of testimony provided by Dr. Riley in Michigan Family Court, Plaintiffs should be required to narrowly tailor their request.**

**Subject to these objections, without waiving same, see document bates-stamped AH0000418-462.**

91.    Your weekly quality control reviews from January 1, 2018 to the present.

**RESPONSE:**    **Averhealth objects to the request as being overbroad unduly burdensome, and not sufficiently limited in time or scope, and as seeking information irrelevant to the issues in this case. Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition.**

**Subject to these objections, without waiving same, see documents bates-stamped AH0001804-1884; AH0002281-2284; AH0002292-2303; AH0002306-2317; AH0002330-2331; AH0002349-2350; AH0002354-2371; AH0002385-2388; AH0002391-2402; AH0002421-2422; AH0002425-2426; AH0002429-2440; AH0002445-2450; AH0002454-2467; AH0002478-2495; AH0002513-2524; AH0002537-2560; AH0002576-2581; AH0002611-2616; AH0002621-2622; AH0002629-2634; AH0002640-2641; AH0002643-2666; AH0002669-2678; AH0002681-2684; AH0002688-2693; AH0002707-2712; AH0002717-2718 for the period of July 1, 2019 to January 31, 2023. Averhealth is withholding responsive documents for all other time periods implicated in the request.**

92.    As required by Rule 26(b)(5), for every claim of privilege, please describe the nature of the Documents, communications, or tangible things not produced or disclosed.

**RESPONSE:**    **To the extent Averhealth is required to log privileged**

**materials it will do so. Averhealth does, however, interpose its <u>Litigation Counsel Objection</u> to this request and undersigned counsel's rationale for not logging post-suit attorney-client communications.**

93.    With respect to documents produced in the Gonzalez case:

- Quality control results as referenced on aver001774.
- Corrective actions as referenced on aver001774
- Proficiency testing records as referenced on aver001774
- Inspection records as referenced on aver001774
- Reports to the Laboratory Director or designee that customer results could not be reported due to an analytical issue as referenced on aver001775
- Deviations from procedure documented on laboratory reports as referenced on aver001775.
- All reports of procedural errors sent to a supervisor as referenced on aver001775.
- Reports of suspected errors that are received from customers and/or are reported to the Laboratory Director/designee as referenced on aver001775.
- Any written scientific opinions or interpretation to clients from the Laboratory Director, as referenced on aver001776.
- Quality control performance data as referenced on aver001776.
- Any investigation of quality control "anomalies" as referenced on aver001776.
- All hazard surveys as referenced on aver001776.
- All reviews of "the General, Pre-analytic, analytic and post-analytic operations" as referenced on aver001776.
- All reviews of "the laboratory report format to ensure that it still meets client needs" as referenced on aver001776.
- "Documentation of instrument performance through acceptable calibration and quality control data" as referenced on aver001777.
- "Other instrument Calibrations" and/or "Instrumentation Logs" as referenced on aver001777.
- CAP response sent in on aver002589
- Uploaded "QC data to Aversys for more current review" on aver002599
- The items referred to in "CAP rolling requirements: AMR and cutoff verification, instrument comparisons, continuing" at aver2607
- The report referenced in "Validation Manager in Aversys to track QC – proof of concept done but need report to review records" at 2645
- The items referred to in "Penn confirmations reinstated" and "Penn I 2019 submitted" at aver2651.
- The reviews referred to in "Annual review completed, send to Dominique Delagnes" at aver2663

- "Re-validation" for MI client and Bup/Norbup discussed at aver2669
- "PA-DOH C from October 2018 received" referenced at aver2679.

**RESPONSE:**        **Averhealth objects to the request as being overbroad unduly burdensome, and not sufficiently limited in time or scope, and as seeking information irrelevant to the issues in this case. Plaintiffs' claims are focused on testing conducted in 2019 or later, but the request as stated seeks unlimited information both pre-dating and post-dating the periods implicated in the Second Amended Petition. Plaintiffs further provide no basis for the relevance of any of the documents sought, choosing instead to simply provide a bullet point list bereft of any particularity to the claims asserted in this lawsuit.**

        **Averhealth's investigation and analysis of the documents and inquiries referenced in this request is ongoing. Averhealth will supplement this response as needed. Should Averhealth determine that additional objections should be levied and/or documents being withheld pursuant to said objections, it will advise Plaintiffs of same.**

ARMSTRONG TEASDALE LLP

By: _____
    Timothy J. Gearin      #39133MO
    David G. Ott        #30449MO
    Scott K.G. Kozak     #49029MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.237.1535 (facsimile)
    tgearin@atllp.com
    dott@atllp.com
    skozak@atllp.com
    E-serveBTC@atllp.com

    ATTORNEYS FOR DEFENDANT
    AVERTEST, LLC D/B/A AVERHEALTH

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **16th** day of **June 2023**, a true and correct copy of the foregoing was served via electronic mail, in Adobe PDF format, upon the following:

Richard S. Cornfeld
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL  62025
rick@ghalaw.com
daniel@ghalaw.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555
Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Chen-Yuan Wang
Michael Anthony Jenkins
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
anthony@aswtlawyers.com
*Pro Hac Vice Attorneys for Plaintiffs*