**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATARZYNA FOULGER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:22-CV-00878 |
| v. ) | |
| ) | |
| AVERTEST, LLC, dba Averhealth ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF RICHARD S. CORNFELD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO GOVERNMENT INVESTIGATIONS

I, Richard S. Cornfeld, hereby declare as follows:

1. I am an attorney, a member of the Bar of this Court, and counsel for Plaintiffs in the above-captioned case. I make this Declaration in support of Plaintiffs' Motion to Compel Production of Documents Related to Government Investigations, filed herewith.

2. Attached hereto are Ex. 1. a copy of Averhealth's Response to Plaintiffs' Third Request for Production of Documents and Ex. 2, a copy of Averhealth's Response to Plaintiffs' Fourth Request for Production of Documents. The requests at issue with this motion are Requests Nos. 1 and 3 of the Third Request and Requests Nos. 1 and 2 of the Fourth Request. Ex. 1 and Ex. 2 include the requests at issue and Averhealth's responses.

3. I have, in good faith, conferred personally with Averhealth's counsel Scott Kozak in an attempt to resolve or narrow by agreement the issues raised by this motion. I did so in a telephone meet-and-confer conference on July 10, 2023, at 2:30 p.m. following two emails that I sent to Mr. Kozak, one on June 23, 2023, the other on July 1, 2023, setting forth Plaintiffs' positions. Those emails are attached hereto as Ex. 3 (unrelated portions redacted). That conference did not result in a resolution of the parties' disputes regarding the requests at issue. Later that afternoon, I emailed Mr.

Kozak a summary of our discussion, which is contained in Ex. 3, as my comments following the original discussion regarding the requests at issue. For the Court's convenience, I have redacted everything from that exhibit other than the discussions of the requests at issue.

4. Mr. Kozak did not respond to this email.

5. The nature of the parties' disagreement regarding the requests at issue is set forth in Ex. 3. In short, with respect to Request No. 1 of the Third Request and Requests Nos. 1 and 2 of the Fourth Request, Averhealth is unwilling to produce any documents – and therefore has produced no documents – related to government investigations absent a court order so as not to risk jeopardizing its position in those investigations. However, Mr. Kozak did not explain how Averhealth would jeopardize the investigation by complying with these requests. In my confirmatory email, Ex. 3, I asked Mr. Kozak to provide authority for that position. He did not respond.

6. With respect to Third Request No. 3 related to the Michigan Attorney General's investigation, Mr. Kozak said Averhealth would reconsider this objection. *See* Ex. 3. I followed up with an email on July 28, 2023, asking if he had reconsidered. That email is shown on Ex. 3. He has not responded, and Averhealth has produced no documents in response to this request, leaving Plaintiffs no choice but to seek relief from the Court.

7. In addition, regarding Averhealth's relevance objection, during our meet-and-confer Mr. Kozak stated that he understood that the government investigations were unrelated to Plaintiffs' allegations but were instead based on the claim that Averhealth had billed the State of Michigan for tests it didn't conduct. I included that in my confirmatory email, Ex. 3. Mr. Kozak did not respond that I had mischaracterized his statement. He did not respond at all.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 11th day of August 2023.

_____
Richard S. Cornfeld