# Exhibit 1

IN THE UNITED STATES DISTIRCT COURT
FOR THE STATE OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| KATARZYNA FOULGER, DAVID SHNITZER, TIFFANI PADILLA, STEPHEN PADILLA, RANDI HEKKEMA, JOSEPH HEKKEMA, ALEXANDRA HODOR, and NICOLE WHITE,<br><br>    Plaintiffs,<br><br>vs.<br><br>AVERTEST, LLC d/b/a AVERHEALTH<br><br>    Defendant. | Cause No: 4:22-CV-00878-SHL |

### DEFENDANT AVERTEST, LLC D/B/A AVERHEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Avertest, LLC d/b/a Averhealth, by and through the undersigned counsel, and for its Objections to Plaintiffs' Third Request for Production of Documents states as follows:

### PRELIMINARY STATEMENT AND RECURRING OBJECTIONS

Averhealth has not completed its factual and legal investigation, discovery, or trial preparation. Averhealth reserves the right, without accepting the obligation to do so, to amend and/or supplement its objections when additional information is learned or discovered.

To the extent Averhealth withholds privileged information or materials, it will abide by the obligations set forth in Fed. R. Civ. P. 26(b)(5).

Averhealth objects to Plaintiffs' instructions and definitions to the extent they

impose or seek to impose any obligation on Averhealth that exceeds or is inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

Averhealth reserves the right to supplement and/or amend its objections.

Averhealth sets forth the following recurring objections, which it will assert and incorporate by reference where appropriate.

**<u>Litigation Counsel Objection</u>**: Some of Plaintiffs' requests for production are so broadly worded as to require production of communications between Averhealth and counsel or materials prepared in anticipation of litigation at the instruction of counsel. Averhealth presumes that Plaintiffs are not actually seeking the content of such communications and materials, which would be unreasonable to log here and are presumptively not discoverable. Nevertheless, to the extent that any request seeks the content of such communications or such materials, Averhealth objects to each such request as seeking records and/or information that are protected by the attorney-client privilege or work-product doctrine.

If Plaintiffs do intend to attempt discovery of such communications or records, they must say so, so that Averhealth may respond accordingly, including potentially seeking appropriate relief from the Court. For now, with respect to each such discovery request subject to this "Litigation Counsel Objection" below, Averhealth objects to the same to the extent that Plaintiffs actually intend to seek to discover communications between Averhealth and counsel as seeking information that is plainly subject to the attorney-client privilege and work product immunity and not discoverable under the Federal Rules of Civil Procedure. Averhealth also will not log such post-complaint communications.

Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege or work-product doctrine.

## **REQUESTS FOR PRODUCTION**

1. With respect to any CID relating to your testing practices or your billing for tests:

> a. The CID.
>
> b. All documents submitted with the CID.
>
> c. All documents relating to the CID.
>
> d. All documents submitted by you in response to the CID.
>
> e. All interrogatory answers submitted by you in response to the CID.
>
> f. All documents, including transcripts, relating to testimony taken with

respect to the CID.

> **RESPONSE:** **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are plainly irrelevant and not discoverable.**
>
> **Averhealth objects to this request to the extent it seeks production of confidential materials held by the Department of Justice that are not subject to public disclosure or production pursuant to the Freedom of Information Act (FOIA). The documents requested are further irrelevant to the claims asserted by the Plaintiffs, who have provided no information or basis to establish a nexus between the referenced CID and the claims asserted in the Second Amended Complaint.**
>
> **Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

2. All documents relating to a telephone call (or calls) between Jason Herzog and Amanda Doane within two days of November 14, 2022.

> **RESPONSE:** **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are plainly irrelevant and not discoverable. Averhealth further objects on the grounds that the request provides no basis to establish relevance of the phone calls identified, including any nexus between Plaintiffs' claims and the request.**

3. All documents relating to an investigation by the Michigan Attorney General or the Department of Attorney General into Averhealth's testing practices.

> **RESPONSE:** **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are plainly irrelevant and not discoverable.**
>
> **Averhealth objects to this request to the extent it seeks production of confidential materials to the extent any responsive investigation exists. The documents requested are further irrelevant to the claims asserted by the Plaintiffs, who have provided no information or basis to establish a nexus between any investigation and the claims asserted in the Second Amended Complaint.**
>
> **Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

4. All documents relating to a phone call between Melissa McKinley or any other employee of Kelley Cawthorne and any employee of MDHHS in November or December 2022.

> **RESPONSE:** **Averhealth interposes its <u>Litigation Counsel Objection</u> because this request encompasses all post-suit attorney-client communications as well as work performed by undersigned counsel pertaining to defense of this action, which are plainly irrelevant and not discoverable.**

4

**Averhealth objects to this request as seeking information irrelevant to the claims at issue, involving testing of specific samples of each of the Plaintiffs. Communications responsive to this request are not probative of or relevant to the claims asserted.**

**Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

ARMSTRONG TEASDALE LLP

By: _____
Timothy J. Gearin     #39133MO
David G. Ott              #30449MO
Scott K.G. Kozak      #49029MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC D/B/A AVERHEALTH

# CERTIFICATE OF SERVICE

The undersigned certifies that on the **16th** day of **June 2023**, a true and correct copy of the foregoing was served via electronic mail, in Adobe PDF format, upon the following:

Richard S. Cornfeld
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
rick@ghalaw.com
daniel@ghalaw.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555
Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Chen-Yuan Wang
Michael Anthony Jenkins
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
anthony@aswtlawyers.com
*Pro Hac Vice Attorneys for Plaintiffs*

_____