IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATARZYNA FOULGER, *et al.*,   )
                               )
      Plaintiffs,             )
                               )  Case No. 4:22-CV-00878
AVERTEST, LLC,                 )
d/b/a AVERHEALTH,              )
                               )
      Defendant.              )

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF MISCELLANEOUS DOCUMENTS

Plaintiffs move the Court, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(4) and Local Rule 37, to compel Averhealth to produce documents pursuant to the following requests (Averhealth's objections or limitations follow the corresponding request):

**Plaintiffs' Second Request**

    1. All Documents referenced in your Rule 26 disclosures.

    **RESPONSE:** **Averhealth objects to this request because it seeks materials protected by the attorney-client privilege and/or work-product immunity and calls for mental impressions of counsel in preparing Averhealth's initial disclosures.**

    **Averhealth also interposes its <u>Litigation Counsel Objection</u> because this request implicates attorney-client communications as well as work performed by counsel, which are not discoverable.**

    **Subject to these objections, without waiving same, Averhealth directs Plaintiffs to documents being produced pursuant to the requests for production enumerated below; Averhealth further produces its contract with the State of Arizona and related documentation relevant to the issues raised by Plaintiff Foulger (2021-2022) as AH0002239-2269; AH0003410. In addition to those responses, objections, and documents being produced, Plaintiffs are already in possession of the transcript of Dominique Delagnes' testimony as well as Judge**

**McCormick's Order, the latter of which was previously provided as an exhibit to pleadings filed in this litigation. With respect to emails, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement its response as needed.**

13. All Documents that support or relate to any claim by you that Dr. Sarah Riley was disgruntled, disregarded principles of ethical conduct, or violated any obligation of confidentiality, honesty and personal integrity.

   **RESPONSE:** **[Attorney-client objection omitted.[1]]**

   **Subject to this objection, without waiving same, see Averhealth's responses and objections to Request Nos. 84-90 herein.**

14. All Documents containing or relating to the principles of ethical conduct for the toxicology profession referenced in Dr. Michele Glinn's letter to CAP of January 4, 2021.

   **RESPONSE:** **Averhealth objects to this request as being overbroad, unduly burdensome, as not being sufficiently limited in time or scope, as seeking information irrelevant to the issues in this case. Plaintiffs have not alleged any violation of toxicology professional "principles."**

35. All Documents relating to the decision by any court to disallow the use of Averhealth test results in proceedings before that court.

   **RESPONSE:** **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

   **[Attorney-client objection omitted.[2]]**

---

[1] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.
[2] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.

**Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to this litigation, and as not being reasonably calculated to discover admissible evidence. The only claims in this case are those of Plaintiffs, related to their submission of samples for testing by Averhealth by state courts in Arizona, Massachusetts, and Michigan. Determinations, if any, made by courts in those or other jurisdictions are irrelevant to the claims asserted by Plaintiffs and are not probative of any issues in this case specific to the specific Plaintiff samples at issue.**

**Pursuant to the above objections, Averhealth would withhold any responsive documents.**

36. All Documents referring or relating to communications with Alice Hines or any other representative of Vice News.

**RESPONSE:** **Averhealth interposes its <u>All Document Objection</u>. Plaintiffs' catchall request is not stated with reasonable particularity as required by Rule 34(b).**

**[Attorney-client objection omitted.[3]]**

**Averhealth further objects to this request as being overbroad, unduly burdensome, as seeking information irrelevant to this litigation, and as not being reasonably calculated to discover admissible evidence. The request is not tied to any of the claims presented by the Plaintiffs in this case, and is not probative of or relevant to the issues raised in the claims asserted by Plaintiffs.**

**Subject to these objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth is withholding responsive documents pursuant to the stated objections.**

---

[3] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.

60. All communications, complaints, and Documents relating to complaints about your drug testing along with your responses to same and any other Documents referring or relating to same.

> **RESPONSE:** **Averhealth objects to this request because it is overbroad, unduly burdensome, seeks information irrelevant to the issues in this case, and is not reasonably calculated to discover admissible evidence. Nothing in this request is tied to the Plaintiffs' individual claims set forth in the Second Amended Petition. The request essentially seeks any statement by anyone, at any time, in anyplace regarding issues a person or entity may have with "drug testing" generally without providing any nexus with the allegations in the Second Amended Complaint. The Plaintiffs lump together "claims or complaints" in an all-encompassing demand, then seek all documents "relating to" those claims. This request is accordingly unlimited in temporal scope and by its terms includes requests outside any potential limitations period.**
>
> **[Attorney-client objection omitted.[4]]**
>
> **Averhealth also interposes its <u>Disguised Interrogatory Objection</u> because this request is more appropriately propounded by a properly crafted interrogatory.**
>
> **Subject to the above objections, without waiving same, Averhealth's investigation and search for electronically stored information (ESI), including emails, is ongoing. Averhealth will supplement this response as needed to the extent they involve the Plaintiffs in this lawsuit. Averhealth stands on its objections with respect to any other "complaints" as that term is commonly understood and will not produce documents pursuant to said objection.**

**Plaintiffs' Third Request**

2. All documents relating to a telephone call (or calls) between Jason Herzog and Amanda Doane within two days of November 14, 2022.

---

[4] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.

> **RESPONSE:** [Attorney-client objection omitted.[5]]
>
> **Averhealth further objects on the grounds that the request provides no basis to establish relevance of the phone calls identified, including any nexus between Plaintiffs' claims and the request.**

4. All documents relating to a phone call between Melissa McKinley or any other employee of Kelley Cawthorne and any employee of MDHHS in November or December 2022.

> **RESPONSE:** [Attorney-client objection omitted.[6]]
>
> **Averhealth objects to this request as seeking information irrelevant to the claims at issue, involving testing of specific samples of each of the Plaintiffs. Communications responsive to this request are not probative of or relevant to the claims asserted.**
>
> **Pursuant to the above objections, Averhealth is withholding documents responsive to this request.**

Pursuant to Local Rule 37, Plaintiff attaches, as Ex. A, the Declaration of Richard S. Cornfeld attesting to Plaintiffs' Counsel's attempt to resolve or narrow by agreement the issues raised by this motion, the parties' inability to reach an agreement, and the nature of the disagreement.

Plaintiffs attach their Brief in support of this motion.

WHEREFORE, Plaintiffs respectfully request that the Court overrule the above objections and order Averhealth to produce all responsive documents. Alternatively, as set forth in the attached Brief, Plaintiffs request the following:

---

[5] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.
[6] Plaintiffs are not seeking production of documents protected by the attorney-client privilege or work-product doctrine. They assume Averhealth will provide a privilege log for such documents.

If Plaintiffs' Request No. 13 is denied, Averhealth should be barred from calling Dr. Riley disgruntled or claiming that she was unethical, violated any obligation of confidentiality, was dishonest or lacked integrity.

If Plaintiffs' Request No, 34 is denied, Averhealth should be barred from mentioning the Court's decision in *In re BK and MB* (in Court file as ECF 12-5) in any context in this case.

Dated: August 22, 2023

Respectfully submitted,

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By:/s/*Richard S. Cornfeld*

Richard S. Cornfeld, #31046MO
Daniel S. Levy, #66039MO
2227 S. State Route 157
Edwardsville, Illinois 62025
618.656.5150
rick@ghalaw.com
daniel@ghalaw.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
Pleban & Associates Law LLC
2010 South Big Bend Blvd.

        St. Louis, MO  63117
        (314) 645-6666 – Telephone
        (314) 645-7376 – Facsimile

        And

        Mike Arias, #115385(CA)
        Arnold Wang, #204431(CA)
        Craig S. Momita #163347(CA)
        Arias Sanguinetti Wang & Torrijos, LLP
        6701 Center Drive West, 14th Floor
        Los Angeles, California 90045
        Tel: (310) 844-9696 / Fax: (310) 861-0168
        mike@aswtlawyers.com
        arnold@aswtlawyers.com
        craig@aswtlawyers.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of August, 2023, the foregoing was served by operation of the Court's electronic filing system on all counsel of record in this matter.

        /s/*Richard S. Cornfeld*