# Exhibit 3

**Richard S. Cornfeld**

| | |
|---|---|
| **From:** | Richard S. Cornfeld |
| **Sent:** | Monday, July 10, 2023 5:23 PM |
| **To:** | Scott Kozak |
| **Cc:** | Colleen Kinsey; David Ott; Shannon Timmermann; Timothy Gearin; Jenna K. DeBourge; Anthony Jenkins; Arnold Wang; Danny Levy; J.C. Pleban; Jamie Boyer; Roxie Laswell; Ryan Bruning |
| **Subject:** | RE: Averhealth's responses to Plaintiffs' RFPs [IWOV-IDOCS.FID4872179] |

Scott, to confirm our discussion in our meet-and-confer this afternoon, please see below. Have a good evening,

Rick

Redacted

Redacted

    4.   AH9187 is blank. Please reproduce it.

*[Rick Cornfeld] You said you would correct this.*

Rick

---

**From:** Richard S. Cornfeld <rick@ghalaw.com>
**Sent:** Friday, June 23, 2023 4:59 PM
**To:** Colleen Kinsey <CKinsey@atllp.com>; David Ott <DOTT@atllp.com>; Scott Kozak <Skozak@atllp.com>; Shannon Timmermann <STimmermann@atllp.com>; Timothy Gearin <TGEARIN@atllp.com>
**Subject:** Averhealth's responses to Plaintiffs' RFPs

**CAUTION:** **EXTERNAL EMAIL**

Scott –

J.C. is in final trial-prep mode, so I have taken over his work with regard to Averhealth's discovery responses. I have been through Averhealth's responses to Plaintiffs' second and third RFPs and have the following comments, questions, and clarification:

**Response to Second RFP:**

Redacted

Redacted

2. **Responses that refer to other responses.** In a number of instances your responses to one request refer to responses to other requests. In such instances, the referring response should specify whether all such documents are responsive to that request and, if not, which ones are. You should also specify whether, in response to the referring response, you are withholding any documents subject to the objection (other than privileged documents, as mentioned above). This applies to Request Nos. 13, 42, 43, 46, 47, 50, 51, 54, 66, 68, 77, 85-89. With respect to Request No. 79, please specify whether the referred-to responses contain a complete response to No. 79.

*[Rick Cornfeld] You said that the response to 68 should also refer to 64. During our discussion you reviewed each of the above requests and, in each instance, you said that all of the documents mentioned in the referred-to response were meant to be included in the referring response. However, later on you said that there may be some instances where documents mentioned in the referred-to response were not meant to be included in the referring response. You said that, if there were any, you would tell us. Also, during our discussion on this point, you said that you were now making a relevance objection to No. 13. That request asks for documents that support or relate to any claim that Dr. Sarah Riley was disgruntled, disregarded principles of ethical conduct or violated any obligation of confidentiality, honesty and personal integrity. Will you stipulate that, in this litigation, you will not take the position (including in cross-examination), argue in any way whatsoever, introduce evidence or elicit testimony that Dr. Riley was disgruntled, unethical, dishonest or that she lacked integrity and that, to the contrary, she acted ethically, honestly and with integrity at all times?*

Redacted

4. **Documents referenced in Rule 26 disclosure (Request No. 1).** None of the objections to this request are valid. These are documents that Averhealth states it may use to support its defenses. There can be no objection to producing them. Moreover, other than a few specific documents, Averhealth simply refers to "documents being produced pursuant to the requests for production enumerated below …." This improperly places the burden on Plaintiffs to try to figure out which documents are included within the Rule 26 disclosure as documents Defendant might use in this case. That is your responsibility, not ours, and you surely knew – and certainly should have known – which documents you were referring to in your Rule 26 disclosure. That includes emails. Please supplement your answer promptly.

*[Rick Cornfeld] You said that you did not believe you were required to specify the Rule 26 documents. I responded that Averhealth took the opposite position in the Gonzalez case in reliance on an Eastern District of Missouri Local Rule. See LR 3.01(A).*

5. **Documents regarding accusations against Dr. Riley (Nos. 14 and 15).** Your objections are unfounded in light of the position Averhealth has taken regarding Dr. Riley. Please withdraw them and produce the responsive documents.

*[Rick Cornfeld] You said that Averhealth has no documents in response to No. 15. You are standing on your objection to No. 14.*

6. **Court decisions disallowing Averhealth testing (No. 36).** Your objection is misplaced considering that, in its motion to dismiss, Averhealth relied on a decision *allowing* Averhealth's testing to be used. Please produce responsive documents.

*[Rick Cornfeld] You said you believed that decisions against Averhealth are irrelevant in light of the Court's decision denying your motion to dismiss. I asked if you would stipulate that you would not cite or attempt to use the Ingham County decision, and you said no.*

7. **Communications with Alice Hines (No. 37).** Your objection is misplaced considering that Ms. Hines' articles related to the very issues that are the subject of this lawsuit, including – as Averhealth told the Court – plaintiff Alexandra Hodor's allegations. *See* Doc. # 56-2 at 2. Please produce responsive documents.

*[Rick Cornfeld] You said that you believed Averhealth had issued a press release regarding the Vice articles and you would produce it but would otherwise stand on your objection.*

8. **Complaints regarding Averhealth drug testing (No. 60).** Your limitation of your response to complaints related to Plaintiffs is misplaced considering that the alleged improper testing practices go beyond the tests of the Plaintiffs. Please withdraw this limitation.

*[Rick Cornfeld] You said you believed such complaints are irrelevant. Let me ask you to reconsider. As I mentioned, production of complaints similar to those alleged in the lawsuit are routinely produced by defendants.*

Redacted

4

Redacted

**Response to Third RFP:**

Redacted

2.  **Documents relating to November 14, 2022, phone call (Request No. 2).** Because this was a phone call involving your client, I don't understand why you don't know its relevance, but see the document Bates numbered MICH01547. By the way, please understand that this request includes documents containing or relating to the information Mr. Herzog referred to in the conversation. Please produce responsive documents.

*[Rick Cornfeld] You said that you don't believe this phone call is relevant to our claims. I believe it is potentially relevant and should therefore be produced.*

Redacted

4.  **Kelley Cawthorne phone call (Request No. 4)**. To understand the relevance of this request, please see the document Bates numbered MICH01556-1557. Please produce responsive documents.

*[Rick Cornfeld] I said that the reference to MICH01556-57 was a typo and should have been 1666-67. You said you would look at this document and reconsider your objection.*

I am available for a meet-and-confer to discuss the above beginning at 2 p.m. on June 28, 29 or 30. Please let me know when you'd like to conduct this discussion.

Please note that we are still reviewing Averhealth's responses and the documents it produced and may have additional comments as those reviews continue. If so, we will promptly bring them to your attention.

Rick

**Richard S. Cornfeld**

**Goldenberg Heller & Antognoli, P.C.**
2227 South State Route 157
Edwardsville, Illinois 62025
618.656.5150

618.650.7122 (direct)
314.608.6318 (cell)
rick@ghalaw.com
www.goldenberghheller.com






NOTICE:  This electronic message is to be used exclusively by the individual or entity to which it is addressed.  This message may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  Unless you are the intended recipient, any copying, use or dissemination of the message is strictly prohibited.  If you receive this message in error, please notify us immediately and permanently delete this message from your system without making any copies.  Although this electronic message and any attachments are believed to be free of any virus or other defect that might affect computer systems by which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free, and we disclaim any liability for loss or damage arising in any way from its use.