# IN THE UNITED STATES DISTIRCT COURT
# FOR THE STATE OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| KATARZYNA FOULGER, DAVID SHNITZER, TIFFANI PADILLA, STEPHEN PADILLA, RANDI HEKKEMA, JOSEPH HEKKEMA, ALEXANDRA HODOR, and NICOLE WHITE,<br><br>      Plaintiffs,<br><br>vs.<br><br>AVERTEST, LLC, dba Averhealth<br><br>      Defendant. | Cause No: 4:22-CV-00878 |

## DEFENDANT'S INITIAL DISCLOSURES

Defendant AVERTEST, LLC, dba Averhealth ("Averhealth") makes the following initial disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. Averhealth reserves its right to supplement or modify these initial disclosures throughout discovery:

    **i.** **The following individuals are likely to have discoverable information that Averhealth may use to support its defenses.**

        (a) **Katarzyna Foulger, Plaintiff.** Ms. Foulger has knowledge regarding her use of substances for which she was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of her claims asserted in Count I, II, III, IV, and V.

        (b) **David Shnitzer, Plaintiff.** Mr. Shnitzer has knowledge regarding his use of substances for which he was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of Counts VI and VII.

(c) **Tiffani Padilla, Plaintiff.** Ms. Padilla has knowledge regarding her use of substances for which she was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of her claims asserted in Count VIII.

(d) **Stephen Padilla, Plaintiff.** Mr. Padilla has knowledge regarding his use of substances for which he was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support his claims asserted in Count IX.

(e) **Randi Hekkema, Plaintiff.** Ms. Hekkema has knowledge regarding her use of substances for which she was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of her claim asserted in Count X.

(f) **Joseph Hekkema, Plaintiff.** Mr. Hekkema has knowledge regarding his use of substances for which he was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of his claims asserted in Count XI.

(g) **Alexandra Hodor, Plaintiff.** Ms. Hodor has knowledge regarding her use of substances for which she was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of her claim asserted in Count XII.

(h) **Nicole White, Plaintiff.** Ms. White has knowledge regarding her use of substances for which she was tested by Averhealth and other drug testing providers and/or other substances that gave rise to legal proceedings, as well as all factual allegations set forth in the Amended Complaint in support of her claims asserted in Counts XIII and XIV.

(i) **Sarah Riley, Former Laboratory Director, Averhealth.** Dr. Riley has knowledge of the false accusations she made against Averhealth and whether her conduct violated the policies of the College of American Pathologists with respect to conflicts of interest and her general ethical and professional responsibilities. Dr. Riley also has limited knowledge regarding Averhealth's laboratory procedures and personnel, and knowledge concerning her communications identified

and referenced in the Amended Complaint and its associated exhibits, including the substance of same. Upon information and belief, Dr. Riley can be contacted at sarahbrown600@gmail.com or sarah.b.riley@health.slu.edu.

(j) **Jason Herzog, Co-Founder and Board Director, Averhealth.** Mr. Herzog has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position, the subsequent false and salacious accusations she made against Averhealth, and Averhealth's extensive efforts to disprove those accusations, mitigate the harm flowing from those accusations, and restore the company's good name. Mr. Herzog may only be contacted through the undersigned counsel.

(k) **Vickie Marandina, Director of Human Resources, Averhealth.** Ms. Marandina has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position. She may also have knowledge regarding personnel and practices employed at Averhealth in various locations. Ms. Marandina may only be contacted through the undersigned counsel.

(l) **Dominique Delagnes, Chief Operating Officer, Averhealth.** Ms. Delagnes has knowledge of Averhealth's testing procedures and is the chief executive responsible for Averhealth's laboratory personnel who carry out those procedures, including the LC-MS/MS testing that is at issue in this action. Ms. Delagnes also has knowledge of Averhealth's licensure and accreditation. Finally, Ms. Delagnes has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position, the subsequent false and salacious accusations she made against Averhealth, and Averhealth's extensive efforts to disprove those accusations, mitigate the harm flowing from those accusations, and restore the company's good name. Ms. Delagnes may only be contacted through the undersigned counsel.

(m) **Michelle Glinn, Laboratory Director, Averhealth.** Dr. Glinn has knowledge of Averhealth's testing procedures and directly oversees Averhealth's laboratory personnel who carry out those procedures, including the LC-MS/MS testing that is at issue in this action. Dr. Glinn also has knowledge of Averhealth's licensure and accreditation. Finally, Dr. Glinn has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position, the subsequent false and salacious accusations she made against Averhealth, and Averhealth's

3

extensive efforts to disprove those accusations, mitigate the harm flowing from those accusations, and restore the company's good name. Dr. Glinn may only be contacted through the undersigned counsel.

(n) **Nichole DiLoretta, Laboratory Director, Averhealth.** Mrs. DiLoretta has knowledge of Averhealth's testing procedures and directly oversaw Averhealth laboratory personnel who carried out those procedures, including the LC-MS/MS testing that is at issue in this action. Mrs. DiLoretta may only be contacted through the undersigned counsel.

(o) **Shannon Spencer, Site Manager, Averhealth.** Ms. Spencer has knowledge of Averhealth's testing procedures and directly oversees Averhealth's laboratory production and works with all laboratory employees, including the LC-MS/MS testing. Ms. Spencer has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position, the subsequent false and salacious accusations she made against Averhealth, and Averhealth's extensive efforts to disprove those accusations, mitigate the harm flowing from those accusations, and restore the company's good name. Ms. Spencer may only be contacted through the undersigned counsel.

(p) **Christina Essington, Research and Development Manager, Averhealth.** Mrs. Essington has knowledge of Averhealth's testing procedures and directly oversees the certifying scientists who review the LC-MS/MS data. Mrs. Essington has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position, the subsequent false and salacious accusations she made against Averhealth, and Averhealth's extensive efforts to disprove those accusations, mitigate the harm flowing from those accusations, and restore the company's good name. Mrs. Essington may only be contacted through the undersigned counsel.

(q) **Kosi Senagbe, Production Manager, Averhealth.** Mr. Senagbe has knowledge of Averhealth's LC-MS/MS testing procedures, including having had oversight of technicians that prepare and load patient specimens. Mr. Senagbe also has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position. Mr. Senagbe may only be contacted through the undersigned counsel.

(r) **Ross Braught, Overnight Analytical Chemist, Averhealth.** Mr. Braught has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the preparation and loading of samples and in the initial review of patient test data. Mr. Braught may only be contacted through the undersigned counsel.

(s) **Tracy Paul, Overnight Analytical Chemist, Averhealth.** Ms. Paul has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the preparation and loading of samples and in the initial review of patient test data. Ms. Paul may only be contacted through the undersigned counsel.

(t) **Asia Muhammad, Confirmation Prep Supervisor, Averhealth.** Ms. Muhammad has knowledge of Averhealth's LC-MS/MS testing procedures, including the preparation and loading of patient specimens. Ms. Muhammad has knowledge regarding the hiring of Dr. Riley as Laboratory Director and Dr. Riley's abrupt resignation from her position. Ms. Muhammad may only be contacted through the undersigned counsel.

(u) **Krista Ferando, Certifying Scientist, Averhealth.** Ms. Ferando has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Ms. Ferando may only be contacted through the undersigned counsel.

(v) **Jennifer Andre, Certifying Scientist, Averhealth**. Ms. Andre has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Ms. Andre may only be contacted through the undersigned counsel.

(w) **Marisa Tarpinian, Certifying Scientist, Averhealth**. Ms. Tarpinian has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Ms. Tarpinian may only be contacted through the undersigned counsel.

(x) **Anthony Hall, Certifying Scientist, Averhealth.** Mr. Hall has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mr. Hall may only be contacted through the undersigned counsel.

(y) **Joel Ngari, Certifying Scientist, Averhealth.** Mr. Ngari has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mr. Ngari may only be contacted through the undersigned counsel.

(z) **Zachary Avery, Certifying Scientist, Averhealth.** Mr. Avery has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mr. Avery may only be contacted through the undersigned counsel.

(aa) **Yaroslav Krymskiy, Certifying Scientist, Averhealth.** Mr. Krymskiy has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mr. Krymskiy may only be contacted through the undersigned counsel.

(bb) **Matthew Mayherhoffer, Certifying Scientist, Averhealth.** Mr. Mayherhoffer has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mr. Mayherhoffer may only be contacted through the undersigned counsel.

(cc) **Jameil Nganga, Certifying Scientist, Averhealth.** Ms. Nganga has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Ms. Nganga may only be contacted through the undersigned counsel.

(dd) **Sumeda Madhuri, Certifying Scientist, Averhealth.** Mrs. Madhuri has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mrs. Madhuri may only be contacted through the undersigned counsel.

(ee) **Lexis Scalzo, Certifying Scientist, Averhealth.** Mrs. Scalzo has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Mrs. Scalzo may only be contacted through the undersigned counsel.

(ff) **Najat El Jaouri, Certifying Scientist, Averhealth.** Ms. El Jaouri has knowledge of Averhealth's LC-MS/MS testing procedures, primarily in the review of patient test data. Ms. El Jaouri may only be contacted through the undersigned counsel.

(gg) **Larry A. Broussard, Ph.D., DABCC, Professor Emeritus, School of Allied Health Professions, Louisiana State University.** Dr. Broussard is familiar with Averhealth's LC-MS/MS procedures, having performed an independent laboratory inspection and data audit at the request of the Michigan Department of Health and Human services. Dr. Broussard visited Averhealth's laboratory on January 19-20, 2021, and co-authored the Site Visit Report, dated

|      | |
|------|---|
| | February 28, 2021. Dr. Broussard may be contacted at (504) 568-4281 or lbrous@lsuhsc.edu. |
| (hh) | **Jarrad Wagner, Ph.D., F-ABFT, Professor and Director, School of Forensic Sciences, Oklahoma State University.** Dr. Wagner is familiar with Averhealth's LC-MS/MS procedures, having performed an independent laboratory inspection and data audit at the request of the Michigan Department of Health and Human services. Dr. Wagner visited Averhealth's laboratory on January 19-20, 2021, and co-authored the Lab Site Visit Report, dated February 28, 2021. Dr. Wagner may be contacted at (918) 561-1108 or jarrad.wagner@okstate.edu. |
| (ii) | **Demetrius Starling, Executive Director, Children's Services Agency, Michigan Department of Health and Human Services.** Mr. Starling is familiar with the February 28, 2021 Lab Site Visit Report authored by Dr. Jarrad Wagner and Dr. Larry Broussard, who were commissioned to investigate the allegations made by Sarah Riley that in November 2020 caused the Michigan State Court Administrative Office to question the validity of Averhealth's drug testing services. On March 15, 2021, Mr. Starling issued a memorandum to the Michigan State Court Administrative Office discussing the analysis and conclusions of Drs. Wagner and Broussard, which exonerated Averhealth and refuted Dr. Riley's allegations. Mr. Starling may be contacted at (517) 241-9859 or starlingd@michigan.gov. |
| (jj) | **Colin Parks, Manager, Manager, CPS Program Office, Michigan Department of Health and Human Services.** Mr. Parks is familiar with the allegations made by Sarah Riley that in November 2020 caused the Michigan State Court Administrative Office to question the validity of Averhealth's drug testing services. Mr. Parks is also familiar with Averhealth's response to those allegations and the state's conclusions regarding Dr. Riley's complaint. Mr. Parks can be contacted at (517) 388-5125 or parksc@michigan.gov. |
| (kk) | **Amanda Doane.** Ms. Doane has knowledge of the allegations made by Sarah Riley that in November 2020 caused the Michigan State Court Administrative Office to question the validity of Averhealth's drug testing services. Ms. Doane is also familiar with Averhealth's response to those allegations. Ms. Doane may be contacted at DoaneA@michigan.gov. |

7

(ll) **JooYeun Chang, Acting Assistant Secretary and Principal Deputy Assistant Secretary, Administration for Children and Families, U.S. Department of Health and Human Services.** Ms. Chang formerly served as Senior Deputy Director of the Children's Services Agency, Michigan Department of Health and Human Services. Ms. Chang is familiar with Judge Boyd's November 6, 2020 memorandum, having issued a response dated November 13, 2020. Ms. Chang may be contacted at (202) 401-7229 or jooyeun.chang@acf.hhs.gov.

(mm) **Mary Lou Mahoney, Preservation, Prevention, and Protection Director, Michigan Department of Health and Human Services.** Ms. Mahoney is familiar with the allegations made by Sarah Riley that in November 2020 caused the Michigan State Court Administrative Office to question the validity of Averhealth's drug testing services. Ms. Mahoney is also familiar with Averhealth's response to those allegations and the state's conclusions regarding Dr. Riley's complaint, having issued the Program Instruction dated May 24, 2011, noting the exoneration of Averhealth and directing full utilization of Averhealth as a testing provider. Ms. Mahoney may be contacted at (517) 388-5125 or mahoneym2@michigan.gov.

(nn) **Shayne Machen, Special Advisor to CSA Director, Michigan Department of Health and Human Services.** Ms. Machen is familiar with the allegations made by Sarah Riley that in November 2020 caused the Michigan State Court Administrative Office to question the validity of Averhealth's drug testing services. Ms. Machen is also familiar with Averhealth's response to those allegations.

(oo) **Karen Sutterer, Health Facilities Consultant, Missouri Department of Health and Senior Services.** Ms. Sutterer has knowledge regarding Averhealth's testing procedures, having conducted an unannounced inspection of Averhealth's laboratory on May 4, 2021. Ms. Sutterer may be contacted at (573) 751-6318 or clia@health.mo.gov.

(pp) **Kelly Collins, Health Facilities Consultant, Missouri Department of Health and Senior Services.** Ms. Collins has knowledge regarding Averhealth's testing procedures, having conducted an unannounced complaint survey of Averhealth's laboratory on May 4, 2021. Ms. Collins may be contacted at (573) 751-6318 or clia@health.mo.gov.

(qq) **Anne McKean, Senior Healthcare Consultant, Missouri Department of Health and Senior Services.** Ms. McKean has knowledge regarding Averhealth's testing procedures, having conducted an unannounced complaint survey of Averhealth's laboratory on May 4, 2021. Ms. McKean may be contacted at (573) 751-6318 or clia@health.mo.gov.

(rr) **Teegan Baumunk, CLIA Inspector, Missouri Department of Health and Senior Services.** Ms. Baumunk has knowledge regarding Averhealth's testing procedures, having conducted an unannounced complaint survey of Averhealth's laboratory on May 4, 2021. Ms. Baumunk may be contacted at (573) 751-6318 or clia@health.mo.gov.

(ss) **John Langston, Administrator, Bureau of Diagnostic Services (MO Radiation Control and CLIA Programs), Missouri Department of Health and Senior Services.** Mr. Langston has knowledge regarding Averhealth's testing procedures, having reviewed the results of an unannounced complaint survey of Averhealth's laboratory on May 4, 2021, and having issued a report concluding that none of the allegations reported were verified. Mr. Langston may be contacted at (573) 751-6318 or clia@health.mo.gov.

(tt) **Scott Goldberg, Massachusetts Probation Service.** Mr. Goldberg may have knowledge regarding communications and interactions with Plaintiff David Shnitzer and Plaintiff Shnitzer's probation status, if any. Mr. Goldberg's contact information is not known.

(uu) **Paul L. Cary, Former Director, Toxicology Laboratory, University of Missouri.** Mr. Cary has knowledge regarding substance use testing cutoff thresholds and their effect on therapeutic responses of treatment court programs. Mr. Cary also has knowledge of immunoassay and LC-MS/MS testing. Mr. Cary discussed the foregoing with Michigan government personnel in connection with the state's investigation of the allegations made against Averhealth. Mr. Cary may be contacted at carypl@missouri.edu.

ii. **Averhealth identifies the following categories of documents that Averhealth may use to support its defenses.**

(a) Materials related to CLIA inspections of Averhealth's laboratory;

(b) Materials related to Michigan's inquiry into Averheath's procedures;

(c) Records of Averhealth's analysis of Ms. Foulger's samples;

(d) Records of Averhealth's analysis of Mr. Shnitzers' samples;

(e) Records of Averhealth's analysis of Ms. Padilla's samples;

(f) Records of Averhealth's analysis of Mr. Padilla's samples;

(g) Records of Averhealth's analysis of Ms. Hekkema's samples;

(h) Records of Averhealth's analysis of Mr. Hekkema's samples;

(i) Records of Averhealth's analysis of Ms. Hodor's samples;

(j) Records of Averhealth's analysis of Ms. White's samples;

(k) Sarah Riley correspondence;

(l) Records from court proceedings involving each of the individual plaintiffs;

(m) Records from Michigan Family Court re the case of In re BK and MB, Minor(s), FID No. 76442-1/2-NA;

(n) Transcript of testimony of Dominique Delagnes, February 5, 2021, File No. 76442-1/2-NA;;

(o) Transcript of testimony of Sarah Riley, February 19, 2021, File No. 76442-1/2-NA

(p) Exhibits identified by Plaintiffs and attached to their Second Amended Complaint;

(q) Exhibits identified by Averhealth and attached to its Memorandum in Support of Motion to Dismiss the Second Amended Complaint;

(r) Donor Testing Agreements for one or more plaintiffs;

(s) Contract documents between the states of Arizona, Massachusetts, and Michigan regarding Averhealth's provision of services to governmental/judicial entities within those states;

10

  (t) Manuals and training materials for collection and analysis of samples from patients; and

  (u) Email communications.

**iii. Averhealth is not seeking damages in this action.**

**iv. The following insurance policies may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

  (a) Policy Number CE22HCPZ0B23MNC, issued by Navigators Specialty Insurance Company

ARMSTRONG TEASDALE LLP

By: _____
Timothy J. Gearin #39133MO
David G. Ott #30449MO
Scott K.G. Kozak #49029MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC, DBA AVERHEALTH

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **17th** day of **March**, 2023, a true and correct copy of the foregoing was served via electronic mail, in Adobe PDF format, upon the following:

Richard S. Cornfeld
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL  62025
rick@ghalaw.com
daniel@ghalaw.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555
Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Wang
Craig S. Momita
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
(*pro hac vice admission to be sought*)
*Attorneys for Plaintiffs*

/s/ signature