**Exhibit 5**

IN THE UNITED STATES DISTIRCT COURT
FOR THE STATE OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| KATARZYNA FOULGER, DAVID SHNITZER, TIFFANI PADILLA, STEPHEN PADILLA, RANDI HEKKEMA, JOSEPH HEKKEMA, ALEXANDRA HODOR, and NICOLE WHITE,<br><br>    Plaintiffs,<br><br>vs.<br><br>AVERTEST, LLC d/b/a AVERHEALTH<br><br>    Defendant. | Cause No: 4:22-CV-00878 |

**DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF ALEXANDRA HODOR**

Defendant Avertest, LLC d/b/a Averhealth requests that Plaintiff Alexandra Hodor answer the following interrogatories under oath in accordance with Federal Rule of Civil Procedure 33.

**DEFINITIONS**

1. The words "you," "your," and "Plaintiff" as used herein refer to Plaintiff Alexandra Hodor.

2. The word "provider," as used herein, includes but is not limited to physicians, osteopaths, psychiatrists, psychologists, licensed master social workers, dentists, endodontists, orthodontists, physical therapists, chiropractors, hospitals, urgent care centers, outpatient surgery centers, medical cannabis dispensaries, drug and/or alcohol rehabilitation centers, toxicologists, radiologists, drug testing companies, and pharmacies.

3. "Identify" as used herein, shall be understood to require provision of the name, location, address, telephone number, email address, and any other identifying information

4. "And" and "or" shall be interpreted and construed as "and/or," and shall not be interpreted to exclude any information otherwise within the scope of any request.

5. The phrases "relate or refer" and "relating and referring" mean containing, recording, alluding to, responding to, commenting upon, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

## INTERROGATORIES

1. Identify the "standards of toxicology" referenced in paragraph 1 of the Amended Complaint.

**ANSWER:**

2. State in detail each and every fact supportive of your allegation that any one or more of Plaintiff's *specific* test results as alleged in the Amended Complaint constitute a "false positive."

**ANSWER**

3. Provide the address for each of your residences over the last ten years.

**ANSWER:**

4. Provide the full name and date of birth of each of your current and former spouses, domestic partners, and/or fiancés.

**ANSWER:**

5.      Provide the full name and date of birth of each of your children and stepchildren.

**ANSWER:**

6.      Identify all schools or vocational institutions you attended (beginning with high school) and any armed force in which you served, noting whether those schools, vocational institutions, or militaries conferred upon you a diploma, certificate, or degree.

**ANSWER:**

7.      Identify all public agencies, private companies, or individuals for whom you worked (whether as an employee or an independent contractor) during the last ten years.

**ANSWER:**

8.      Identify all current contact information for Joseph Ceci, Michael Comilla, and Stephen Hodor.

**ANSWER:**

9.      State in detail all communications between Plaintiff and Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News.  For all communications identified, provide the following:

       a.      Date of each communication;

       b.      Method of each communication (e.g., telephone, videoconference, email, text, etc.);

       c.      Contact information provided to Plaintiff by Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News for purposes of facilitating communication(s), including but not limited

                to phone number, iMessage information, email address(es), or videoconference log-in information;

    d.    Whether Plaintiff made, kept, and continues to have possession of any notes generated with respect to each communication;

    e.    All information provided by Plaintiff to Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News in conjunction with said communication; and

    f.    All information provided to Plaintiff by Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News in conjunction with said communication.

**ANSWER:**

10. Identify the provider(s) who performed the drug tests referenced in paragraphs 380 and 384 of the Amended Complaint, and for each test, identify the date on which you submitted your sample, the location where the sample was submitted, and the name(s) of any individual(s) with whom Plaintiff spoke or interacted when she provided the sample referenced on paragraph 404.

**ANSWER:**

11. Provide all facts supportive of the allegation set forth in paragraph 380 of the Amended Complaint that "false positive tests caused the removal of her children to foster care."

**ANSWER:**

4

12. Identify all individuals or entities with whom Plaintiff has had any communication regarding placement of minor children O.H., M.H., and A.H. in foster care, including name(s) of any caseworker(s) or foster parent(s).

**ANSWER:**

13. State in detail the circumstances of Plaintiff's alleged overdose on illegal opiates set forth in paragraph 382 of the Amended Complaint, including the following:

    a. Plaintiff's location at the time of the overdose;

    b. Identity of any persons with Plaintiff at the time of the overdose;

    c. Source of any and all illegal opiates involved in the overdose;

    d. The type of illegal opiate(s) involved in the overdose;

    e. Whether the overdose was accidental or intentional;

    f. Circumstances pursuant to which Plaintiff received medical care and was hospitalized; and

    g. Location(s) at which Plaintiff was provided medical care, including any emergency medical services, clinic(s), or hospital(s) at which Plaintiff was provided health care.

**ANSWER:**

14. State in detail all facts related to Plaintiff's seeking treatment with Marissa Blood or any other individual(s) affiliated or understood to be affiliated with the Judson Center as referenced in paragraphs 385 through 387 of the Amended Complaint, including but not limited to how and when Plaintiff was referred to the Judson Center, and the circumstances leading up to that referral.

**ANSWER:**

15. Identify the teacher referenced in paragraph 391 of the Amended Complaint, including the school at which the teacher was employed or working at the time of all allegations set forth in paragraph 391.

**ANSWER:**

16. Identify the "boyfriend" referenced in paragraph 391 of the Amended Complaint.

**ANSWER:**

17. Identify all law enforcement personnel with whom Plaintiff interacted as a result of the allegations set forth in paragraph 391 of the Amended Complaint.

**ANSWER:**

18. State all facts known to Plaintiff in support of the allegation set forth in paragraph 391 of the Amended Complaint that a "police officer mistook Ms. Hodor's fast talking (due to the anxiety of having a police officer arrive to inspect her home) for intoxication withdrawal."

**ANSWER:**

19. State all facts known to Plaintiff in support of the allegation set forth in paragraph 392 of the Amended Complaint that "[t]he principal reason behind CPS's petition for removal was the false positive Averhealth blood tests. CPS did not seek to remove Plaintiff Hodor's children following the overdose (or the January incident), but rather three months later when her overdose was followed by four supposedly positive drug tests."

6

**ANSWER:**

20. State all facts known to Plaintiff in support of the allegation set forth in paragraph 394 of the Amended Complaint that, due to alleged "positive results, "on a number of occasions CPS converted her unsupervised visits with her children to supervised visits."

**ANSWER:**

21. Identify all providers from whom you sought evaluation or treatment for the emotional distress referenced in paragraph 408 of the Amended Complaint, including any providers that have provided a formal diagnosis of any mental condition related to same.

**ANSWER:**

22. Identify all providers that have, during the last ten years, seen or treated you, performed any tests on you or your specimens, or dispensed medication to you.

**ANSWER:**

ARMSTRONG TEASDALE LLP

By: _____
Timothy J. Gearin     #39133MO
David G. Ott     #30449MO
Scott K.G. Kozak     #49029MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC D/B/A AVERHEALTH

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **22nd** day of **February**, **2023**, a true and correct copy of the foregoing was served via electronic mail, in Microsoft Word and Adobe PDF formats, upon the following:

Richard S. Cornfeld
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL  62025
rick@ghalaw.com
daniel@ghalaw.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555
Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Wang
Craig S. Momita
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
(*pro hac vice admission to be sought*)
*Attorneys for Plaintiffs*