IN THE UNITED STATES DISTIRCT COURT
FOR THE STATE OF MISSOURI
EASTERN DISTRICT

KATARZYNA FOULGER, DAVID SHNITZER, )
TIFFANI PADILLA, STEPHEN PADILLA, )
RANDI HEKKEMA, JOSEPH HEKKEMA, )
ALEXANDRA HODOR, and NICOLE WHITE, )
                                    )
            Plaintiffs,             )
                                    )          Cause No: 4:22-CV-00878-SHL
vs.                                 )
                                    )
AVERTEST, LLC d/b/a AVERHEALTH      )
                                    )
            Defendant.              )
                                    )

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................ii

I.     Background............................................................................................... 1

II.    Meet and Confer Report ........................................................................... 3

III.   Discovery Requests in Dispute................................................................. 4

IV.    Relevant Law.......................................................................................... 11

V.     Requests Related to Treating Physicians and Medical Records ....................... 12

VI.    Requests Related to Employment and Income................................. 15

VII.   Requests Related to Driving Records..................................................... 17

VIII.  Requests Related to Litigation Funding ................................................ 18

IX.    Unanswered Requests............................................................................. 18

X.     Conclusion ............................................................................................. 19

CERTIFICATE OF SERVICE .......................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Benjamin v. Home Depot, U.S.A., Inc.*,
    No. 09-82381-CIV, 2010 WL 11602739 (S.D. Fla. Aug. 13, 2010) ......................... 15

*Fannon v. Johnson*,
    88 F. Supp.2d 753 (E.D. Mich. 2000) ......................................................... 13

*Gregg v. B&G Transportations, LLC*,
    No. 4:20-CV-766 RLW, 2021 WL 1598969 (E.D. Mo. Apr. 23, 2021) .................... 17

*Hughes v. City of Louisville*,
    No. 3:02CV-60-S, 2005 WL 8174380 (W.D. Ky. Jan. 26, 2005) .............................. 13

*Kennedy v. City of Braham*,
    67 F. Supp. 3d 1020 (D. Minn. 2014) .......................................................... 17

*Koster v. Trans Union, LLC*,
    2012 WL 5471884 (E.D. Mo. Nov. 9, 2012) ................................................... 12

*Kutz v. NGI Cap., Inc.*,
    No. 22-CV-1623, 2023 WL 3790766 (D. Minn. June 2, 2023) ................................ 14

*Lewis v. Temp-Air, Inc.*,
    No. 4:14-CV-398 CDP, 2014 WL 5432122 (E.D. Mo. Oct. 27, 2014) ..................... 17

*Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*,
    320 F.R.D. 168 (N.D. Iowa 2017) ............................................... 12, 15, 19

*Lyoch v. Anheuser–Busch Cos., Inc.*,
    164 F.R.D. 62 (E.D. Mo. 1995) ................................................................ 16

*Morrow v. Tyson Fresh Meats, Inc.*,
    No. 20-CV-2033-CJW, 2021 WL 7286230 (N.D. Iowa June 9, 2021) ................ 13, 14

*Nunes v. Lizza*,
    No. 20-CV-4003-CJW, 2021 WL 7186264 (N.D. Iowa Oct. 26, 2021) ..................... 18

*Sandoval v. Am. Bldg. Maint. Indus., Inc.*,
    267 F.R.D. 257 (D. Minn. 2007) ............................................................... 14

*Sentis Grp., Inc. v. Shell Oil Co.*,
    763 F.3d 919 (8th Cir. 2014) ................................................................ 11

*Taylor-Shaw v. Bestway Rent-to-Own*,
    No. 5:09CV00329 JLH, 2010 WL 2998796 (E.D. Ark. July 28, 2010) ..................... 17

*Walker v. Nw. Airlines Corp.*
    No. CIV.00-2604 MJD/JGL, 2002 WL 32539635 (D. Minn. Oct. 28,
    2002) .................................................................................................. 16

*Wilson v. Preferred Fam. Healthcare, Inc.*,
    No. 2:21-CV-79 RLW, 2022 WL 2157033 (E.D. Mo. June 15, 2022) ........... 15, 16, 17

*Wolfe v. Gallagher Bassett Servs. Inc.*,
    No. 4:11CV01610 ERW, 2012 WL 1357751 (E.D. Mo. Apr. 19, 2012) ............. 16, 17

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................ 11, 12

Federal Rules of Civil Procedure Rule 37 .......................................................... 1

Local Rules 7(k) and 37 ............................................................................ 1, 3

Rules 26 and 34 ...................................................................................... 15

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 7(k) and 37, Defendant Avertest, LLC d/b/a Averhealth ("Averhealth"), by and through counsel, submits this memorandum in support of its motion to compel Plaintiffs' responses to Averhealth's discovery requests.

## I.      Background

On or about February 22, 2023, Averhealth served its First Requests for Production of Documents ("RFPs") and First Interrogatories ("Rogs") on each of the eight named Plaintiffs in this case. The parties subsequently engaged in initial motion practice, and in the meantime, Plaintiffs did not provide any objections or written responses to Averhealth's discovery requests.

Finally, on or about June 30, 2023, the Plaintiffs provided limited objections to some of Averhealth's requests, but no additional responses or objections to the remaining requests or any indication of whether Plaintiffs would provide responsive documents.

Specifically, Plaintiff Hodor responded to RFP Nos. 4-7, 9, 15-16, 40-43, and 45-53 with objections. In response to Averhealth's Rogs, Ms. Hodor objected to Rog Nos. 2, 21, and 22, and provided no further responses whatsoever. *See* A. Hodor's Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit A</u>.

Plaintiff Foulger only responded to RFP Nos. 4-7, 10, 16-17, 35-38, and 40-48, and these responses consisted solely of objections. Ms. Foulger similarly responded to Rog Nos. 2, 3, 9, and 18-19 alone, again only with objections. *See* K. Foulger Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit B</u>.

Despite being issued separate requests, Plaintiffs Tiffany and Stephen Padilla combined their responses to Averhealth's Rogs and RFPs, but provided no more information than Plaintiffs Hodor and Foulger. They objected to RFP Nos. 4-7, 10, 13-14, 16, 18-21, 27-28, 46-52, 54-64 and

Rog Nos. 2, 12, 16, 20, and 23. *See* T. and S. Padilla Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit C</u>.

Similarly, Plaintiffs Randi and Joseph Hekkema were issued separate requests but made a combined response objecting to RFP Nos. 4-7, 10-14, 16-17, 22-23, 38-44, 46-56. They made separate responses to Averhealth's Rogs, however, with Plaintiff R. Hekkema objecting to Rog Nos. 2, 9, 12-13, 16-17, and 19-22, and Plaintiff J. Hekkema objecting to Rog Nos. 2, 8, 11-12, 15-16, 18-21. Other than these objections, they provided no additional responses to these or any other requests. *See* R. and J Hekkema Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit D</u>.

Plaintiff White provided no substantive responses either, objecting to RFP Nos. 4-7, 9, 13-14, 30-33, and 35-43 and to Rog Nos. 2, 13-14, and 16-17. *See* N. White Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit E</u>.

Finally, Plaintiff Shnitzer made the same objection-only responses, objecting to RFP Nos. 4, 7-9, 12, 19-20, 33, 36-39, 41-43, and 45-50 and Rog Nos. 2, 3, 9, 11, and 18-19, while providing no additional objections and no substantive responses to any discovery requests. *See* D. Shnitzer Responses to Averhealth's Rogs and RFPs, attached as <u>Exhibit F</u>.

Approximately two weeks later, four of the Plaintiffs supplemented their interrogatory objections with substantive responses:

- Plaintiff Foulger answered Rog Nos. 4-8, 10-17, and 19. *See* Ex. B.

- Plaintiff J. Hekkema answered Rog Nos. 3-10, 13-14, 17, and 21. *See* Ex. D.

- Plaintiff R. Hekkema answered Rog Nos. 3-11, 14-15, 18, and 22. *See* Ex. D.

- Plaintiff Shnitzer answered Rog Nos. 4-17 and 19. *See* Ex. F.

The same four Plaintiffs also supplemented their objections to Averhealth's requests for

production with substantive responses at the same time:

- Plaintiff Foulger responded to RFP Nos. 1-4, 6, 8-9, 11-37, 39, and 45-48, along with objections for all remaining requests for production. *See* Ex. B.

- Plaintiffs J. and R. Hekkema made a combined response to RFP Nos. 1-3, 8-9, 11-16, 18-37, and 45, along with objections for all remaining requests for production. *See* Ex. D.

- Plaintiff Shnitzer responded to RFP Nos. 1-3, 5-38, 40, 44, 47-49, and 51, along with objections for all remaining requests for production. *See* Ex. F.

On July 27, 2023, Averhealth sent a detailed letter outlining the deficiencies in Plaintiffs' discovery responses and requesting to meet and confer. *See* Decl. of C. Kinsey, attached as <u>Exhibit G</u>, at ¶ 9.

## II.    Meet and Confer Report

On August 26, counsel met and conferred in a good-faith attempt to resolve Plaintiffs' objections and again request responses for all unanswered requests (including substantive responses for four Plaintiffs who, to date, have yet to provide them: Alexandra Hodor, Tiffani Padilla, Stephen Padilla,[1] and Nicole White). *See* Ex. G at ¶¶ 10-12.

Pursuant to Local Rules 7(k) and 37, and as set out in the attached declaration, counsel for Defendants conferred with counsel for the Plaintiffs about each of the topics identified in their July 27, 2023 correspondence. *See generally* Ex. G.[2] While the parties were able to resolve many of

---

[1] On September 1, 2023, Plaintiffs Tiffani and Stephen Padilla served their supplemental responses to Averhealth's RFPs. *See* Ex. C at pp. 66-82. The Padillas have not yet provided supplemental responses to Averhealth's Rogs. *See* Ex. G at ¶ 11-12.

[2] The Parties have not had a formal meet and confer about the Padillas' recently-served responses to Averhealth's RFPs, as these responses arrived after the parties' meet and confer. Because they reflect the very same responses and objections at issue with respect to the other Plaintiffs, however, Averhealth has included them in this motion. For any topics not previously addressed in the Parties' meet and confer, Averhealth will meet and confer with Plaintiffs Tiffani and Stephen

these disputes, they were unable to come to agreement about the following requests, which fall into four substantive categories: (a) requests related to treating physicians and medical records, (b) requests related to employment and income, (c) requests related to driving records, and (d) requests related to litigation funding. *See* Ex. G at ¶ 13.

## III.  Discovery Requests in Dispute

| Request | Response |
| --- | --- |
| **A. Requests related to treating physicians and medical records:** | |
| **Rog No. 20 to Joseph Hekkema and No. 21 to Randi Hekkema:** Identify all providers that have, during the last ten years, seen or treated you, performed any tests on you or your specimens, or dispensed medication to you. | Objection. Defendant has exhausted the allowed number of interrogatories allowed under the Federal Rules of Civil Procedure, including subparts. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. It is not properly limited in scope or time. Ex. D at pp. 77, 85. |
| **RFP No. 40 to Plaintiff Foulger:** Properly executed Medical Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection. Irrelevant. Request for production cannot be used to command an action. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is overbroad because it is not limited in time or scope. It seeks information related to the "body as a whole." The authorization itself states "Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization." Ex. B at pp. 59-60. |
| **RFP No. 41 to Plaintiff Shnitzer:** Properly executed Medical Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection, Request for production cannot be used to command an action. This request is overbroad and violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks information related to the "body as a whole." The authorization itself states "Authorizing the disclosure of this health information is voluntary. I can refuse to sign this |

Padilla to attempt to resolve those disputes.

| | authorization." Ex. F at p. 61. |
|---|---|
| **RFP No. 41 to Plaintiff Foulger and No. 42 to Plaintiff Shnitzer:** Properly executed Pharmacy Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection, Request for production cannot be used to command an action. This request is overbroad and irrelevant and violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks all medical history from the day Plaintiff was born. The authorization further allows the Defendant's attorney from directly discussing any of Plaintiff's treatment with the provider. Ex. B at p. 60; Ex. F at p. 62. |
| **RFP No. 43 to Plaintiff Foulger and No. 45 to Plaintiff Shnitzer:** A copy of all health insurance cards issued to you for coverage in force from the date of your first test performed by Defendant through the present. | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. B at p. 60; Ex. F at p. 62. |
| **RFP No. 46 to Plaintiffs Randi and Joseph Hekkema:** Properly executed Medical Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection, Request for production cannot be used to command an action. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks information related to the "body as a whole." The authorization itself states "Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization." Ex. D at p. 100. |
| **RFP No. 47 to Plaintiffs Randi and Joseph Hekkema:** Properly executed Pharmacy Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection, Request for production cannot be used to command an action. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks all medical history from the day Plaintiff was born. The authorization further allows the Defendant's attorney to directly discuss any of Plaintiff's treatment with the provider. Ex. D at p. 100. |
| **RFP No. 49 to Plaintiff Randi Hekkema:** A copy of all health insurance cards issued to Plaintiff Randi Hekkema for coverage in force from the date of your first test | This is unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. D at p. 100. |

| performed by Defendant through the present. | |
|---|---|
| **RFP No. 50 to Plaintiff Joseph Hekkema:** A copy of all health insurance cards issued to Plaintiff Joseph Hekkema for coverage in force from the date of your first test performed by Defendant through the present. | This is unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. D at p. 101. |
| **RFP No. 54 to Plaintiffs Tiffani and Stephen Padilla:** Properly executed Medical Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection. Irrelevant/ Request for production cannot be used to command an action. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks information related to the "body as a whole." The authorization itself states "Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization." Exp. C at p. 79. |
| **RFP No. 55 to Plaintiffs Tiffani and Stephen Padilla:** Properly executed Pharmacy Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.) | Objection, Objection, Request for production cannot be used to command an action. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks all medical history from the day Plaintiff was born. The authorization further allows the Defendant's attorney from directly discussing any of Plaintiff's treatment with the provider. Ex. C at p. 79. |
| **RFP No. 57 to Plaintiff Tiffani Padilla:** A copy of all health insurance cards issued to Plaintiff Tiffani Padilla for coverage in force from the date of your first test performed by Defendant through the present. | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. C at pp. 79-80. |
| **RFP No. 58 to Plaintiff Stephen Padilla:** A copy of all health insurance cards issued to Plaintiff Stephen Padilla for coverage in force from the date of your first test performed by Defendant through the present. | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. C at p. 80. |

| **B. Requests related to employment and income:** | |
|---|---|
| **RFP No. 7 to Plaintiffs Foulger and Randi and Joseph Hekkema:** Copies of your tax returns for the three years prior to your first test performed Defendant through the present. | Objection. This is beyond the scope of permissible discovery, is not likely to lead to the discovery of admissible evidence, invades Plaintiff's rights to privacy. It seeks privileged information. It is designed to harass and/or is requested for another improper purpose. Ex. B at p. 53; Ex. D at p. 90. |
| **RFP No. 7 to Plaintiffs Tiffani and Stephen Padilla:** Copies of Plaintiffs' tax returns, individual and/or joint, for the three years prior to their first tests were performed Defendant through the present. | Objection. This is beyond the scope of permissible discovery, is not likely to lead to the discovery of admissible evidence, invades Plaintiff's rights to privacy. It seeks privileged information. It is designed to harass and/or is requested for another improper purpose. Ex. C at p. 68. |
| **Rog No. 9 to Plaintiff Foulger:** Identify your supervisor and/or immediate superior to whom you reported as part of your employment during the period identified in paragraph 323 of the Amended Complaint. For any individual(s) identified, provide the following:<br><br>a. Full name;<br>b. Job title;<br>c. Location at which the individual(s) worked;<br>d. Employer of individual; and<br>e. Any documents prepared by the individual(s) on behalf of their employer provided to Plaintiff. | Objection. Subparagraph e is overbroad and unlimited in scope and, furthermore, is not a proper interrogatory because it is not a request for information. Subject to and without waiving same, N/A. Paragraph 323 does not apply to Plaintiff, and she does not know the answer to this interrogatory. Ex. B at pp. 44-45. |
| **RFP No. 40 to Plaintiff Shnitzer and No. 42 to Plaintiff Foulger:** Properly executed Employment Authorizations. (You are encouraged to fill in the names of the employers in lieu of blank authorizations.) | Objection, irrelevant. Request for production cannot be used to command an action. This is unduly burdensome and unreasonable. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. The authorization never expires. It seeks information related to medical. See prior medical authorization objections. It improperly authorizes the complete personnel file. Ex. B at p. 60; Ex. F at p. 61. |

| | |
|---|---|
| **RFP No. 48 to Plaintiffs Randi and Joseph Hekkema:** Properly executed Employment Authorizations. (You are encouraged to fill in the names of the employers in lieu of blank authorizations.) | Objection, Request for production cannot be used to command an action. This is unduly burdensome and unreasonable. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. The authorization never expires. It seeks information related to medical. See prior medical authorization objections. It authorizes the complete personnel file. Ex. D at p. 100. |
| **RFP No. 56 to Plaintiffs Tiffani and Stephen Padilla:** Properly executed Employment Authorizations. (You are encouraged to fill in the names of the employers in lieu of blank authorizations.) | Objection, irrelevant. Request for production cannot be used to command an action. This is unduly burdensome and unreasonable. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. The authorization never expires. It seeks information related to medical. See prior medical authorization objections. It authorizes the complete personnel file. Ex. C at p. 79. |
| **C. Requests related to driving records:** | |
| **RFP No. 38 to Plaintiff Foulger:** A copy of your complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of your driving. | Objection. This is irrelevant, harassing, causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings—since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery. Ex. B at p. 59. |
| **RFP No. 39 to Plaintiff Shnitzer:** A copy of your complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of your driving. | Objection. This is irrelevant, harassing, and causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings—since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery. Ex. F at p. 61. |
| **RFP No. 41 to Plaintiff Randi Hekkema:** A copy of Plaintiff Randi Hekkema's complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of her driving. | Objection. This is harassing, causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings—since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is |

| | |
|---|---|
| | overbroad and beyond the scope of permissible discovery. Ex. D at p. 98. |
| **RFP No. 42 to Plaintiff Joseph Hekkema:** A copy of Plaintiff Joseph Hekkema's complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of his driving. | Objection. This is harassing, causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings—since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery. Ex. D at p. 99. |
| **RFP No. 46 to Plaintiff Shnitzer:** A copy of your driver's license or other government issued photo identification. | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. F at p. 62. |
| **RFP No. 49 to Plaintiff Tiffani Padilla:** A copy of Plaintiff Tiffani Padilla's complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of her driving. | Objection. This is irrelevant, harassing, causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings— since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery. Ex. C at p. 77. |
| **RFP No. 50 to Plaintiff Stephen Padilla:** A copy of Plaintiff Stephen Padilla's complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of his driving. | Objection. This is irrelevant, harassing, causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings— since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery. Ex. C at p. 78. |
| **RFP No. 51 to Plaintiff Randi Hekkema:** A copy of Plaintiff Randi Hekkema's driver's license or other government issued photo identification. | This is unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. D at p. 101. |
| **RFP No. 52 to Plaintiff Joseph Hekkema:** A copy of Plaintiff Joseph Hekkema's driver's license or other government issued photo identification. | This is unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery. Ex. D at p. 101. |
| **RFP No. 59 to Plaintiff Tiffani Padilla:** A copy of Plaintiff Tiffani Padilla's driver's | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks |

| | |
|---|---|
| license or other government issued photo identification. | collateral source information. It is beyond the scope of permissible discovery. Ex. C at p. 80. |
| **RFP No. 60 to Plaintiff Stephen Padilla:** A copy of Plaintiff Stephen Padilla's driver's license or other government issued photo identification. | This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery.- Ex. C at p. 80. |
| **D. Requests related to litigation funding:** | |
| **RFP No. 55 to Plaintiffs Joseph and Randi Hekkema:** All documents referring to, discussing, and/or memorializing any acquisition by any person of any interest, financial or otherwise, in the outcome of this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege. | Objection. This request invades the attorney-client privilege. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery. Ex. D at p. 102. |
| **RFP No. 56 to Plaintiffs Joseph and Randi Hekkema:** All documents evidencing, documenting, and/or memorializing any correspondence related to the sale of, transfer of, or borrowing against any potential proceeds from this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege. | Objection. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery. Ex. D at p. 102. |
| **RFP No. 50 to Plaintiff Shnitzer:** All documents evidencing, documenting, and/or memorializing any correspondence related to the sale of, transfer of, or borrowing against any potential proceeds from this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege. | Objection. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery. Ex. F. at p. 64. |
| **RFP No. 63 to Plaintiffs Tiffani and Stephen Padilla:** All documents referring to, discussing, and/or memorializing any acquisition by any person of any interest, | Objection. This request invades the attorney-client privilege. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery. Ex. C at p. 81. |

| | |
|---|---|
| financial or otherwise, in the outcome of this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege. | |
| **RFP No. 63 to Plaintiffs Tiffani and Stephen Padilla:** All documents evidencing, documenting, and/or memorializing any correspondence related to the sale of, transfer of, or borrowing against any potential proceeds from this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege. | Objection. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery. Ex. C at p. 81. |

## IV.    Relevant Law

Averhealth is entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Eighth Circuit Court of Appeals has explained that Rule 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "[l]itgation in general and discovery in particular . . . are not one sided." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014).

Nor is discovery "limited to material that might be deemed relevant and admissible at trial," because it "is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and, as this case well illustrates, the veracity of those persons and purported evidence, even if the evidence discovered is later deemed not admissible." *Id.* at 926. Discovery requests need only be reasonably calculated to lead to the discovery of admissible evidence, and the Federal Rules "promote a broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Koster v.*

*Trans Union, LLC*, 2012 WL 5471884, at *1 (E.D. Mo. Nov. 9, 2012) (internal quotation marks omitted).

"[A]s long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) (citations omitted). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *Id.*

Here, it cannot be fairly disputed that the four categories at issue are relevant under Rule 26(b)(1)—namely, (a) requests related to treating physicians and medical records, (b) requests related to employment and income, (c) requests related to driving records, and (d) requests related to litigation funding. Plaintiffs have failed to identify how these requests are *irrelevant* or otherwise would constitute an undue burden. The Court should compel substantive responses or responsive documents accordingly.

## V.      Requests Related to Treating Physicians and Medical Records

Plaintiffs have placed their use of illegal substances at issue in factual allegations set forth in the Second Amended Complaint, with Plaintiffs variously claiming "relapse" due to "false positive" test results, admitting prior use of illegal substances, or asserting that they have never used illegal substances. *See* Second Am. Compl. ("SAC") (Dkt. No. 23) at ¶¶ 285, 315, 320, 326, 331, 353, 368, 379, 385, 401. Each Plaintiff has alleged they were not using the controlled substance for which they tested positive at the time they received their "false positive" test results from Averhealth. *See* SAC (Dkt. No. 23) at ¶¶ 306, 317, 320, 333, 346, 348, 363, 369, 380, 393, 401.

Averhealth disputes Plaintiffs' contention that the test results were false positives. By

placing their substance abuse—or lack thereof—at the core of the Second Amended Complaint, Plaintiffs have waived objections based on privacy or medical privilege. The question of Plaintiffs' abuse (or claimed non-abuse) is central to this lawsuit, which necessarily implicates treatment provided for substance abuse. It also implicates Plaintiffs' use of prescribed medications (as requested by Averhealth's Pharmacy Authorization), in that these medications could have interacted with Averhealth's drug tests. *See, e.g., Hughes v. City of Louisville,* No. 3:02CV-60-S, 2005 WL 8174380, at *6 (W.D. Ky. Jan. 26, 2005) (granting motion to compel when the plaintiff "made her drug use one of the central issues in her § 1983 action" and where defendants had no other way to explore the details surrounding her drug use than by examining her treatment records); *see also Morrow v. Tyson Fresh Meats, Inc.,* No. 20-CV-2033-CJW, 2021 WL 7286230, at *3 (N.D. Iowa June 9, 2021).

As the *Hughes* Court reasoned:

> Given [the plaintiff's] election to bring suit, and the lack of claim to any present drug abuse treatment, it cannot be said that the potential for injury to [the plaintiff] or her doctor-patient relationship, outweighs the interests of all parties in their search for the truth and for a just result in this litigation. [The plaintiff] has specifically chosen to testify in this lawsuit concerning the nature of her drug abuse and her treatment history. By doing so, she has rendered her confidential communications in the course of such treatment subject to discovery.

*Id.* at *6; *see also Fannon v. Johnson*, 88 F. Supp.2d 753 (E.D. Mich. 2000). While Plaintiffs have not yet been deposed in this case, they have made specific allegations and admissions relating to their drug abuse and treatment history in the SAC. *See* SAC (Dkt. No. 23) at ¶¶ 285, 306, 315, 317, 320, 333, 326, 331, 346, 348, 353, 363, 368, 369, 379, 380, 385, 393, 401. Therefore, the contested requests related to substance abuse and medication history are clearly relevant and Plaintiffs' objections should be overruled.

In addition, Plaintiffs have alleged that, because of the test results, they have suffered

emotional distress. *See* SAC (Dkt. No. 23) at ¶¶ 311, 323, 349, 375, 396, and 408-10; *see also* Pltfs' Initial Disclosures, attached as Exhibit I (asserting that "Plaintiffs seek all damages recoverable at law. Plaintiffs suffered and will continue to suffer loss of money paid for the drug testing, emotional pain, mental anguish, inconvenience, humiliation, embarrassment, and loss of enjoyment of life and stress. . ."). Averhealth is therefore also entitled to test Plaintiffs' claims that the test results are what caused Plaintiffs' alleged emotional distress, along with the physical manifestations Plaintiffs are claiming accompany their emotional distress. *See, e.g.,* SAC (Dkt. No. 23) at ¶¶ 311, 349, 375, 408 (citing sleeplessness and increased difficulty in recovering from drug addiction); *Morrow v. Tyson Fresh Meats, Inc*., No. 20-CV-2033-CJW, 2021 WL 7286230, at *3 (N.D. Iowa June 9, 2021)

A recent case in the District of Minnesota confirmed that a plaintiff who claims to be experiencing physical manifestations of emotional distress must produce medical records related to both their mental health and their physical health. *Kutz v. NGI Cap., Inc.*, No. 22-CV-1623 (NEB/ECW), 2023 WL 3790766, at *19 (D. Minn. June 2, 2023) (finding these medical records to be "necessary and relevant"); *see also Sandoval v. Am. Bldg. Maint. Indus., Inc.,* 267 F.R.D. 257, 266 (D. Minn. 2007) (stating that defendants were entitled to discover "those medical records that reflect mental health issues, and *the manifestations of those mental health issues*" where plaintiffs testified about physical manifestations of emotional distress they allegedly suffered due to defendants' conduct).

Objections based on scope and HIPAA are accordingly without merit, and Plaintiffs' oft-repeated citation to a nebulous "right to privacy" is without merit. To the extent Plaintiffs object to Averhealth's use of a medical authorization form, the requests are far from "commanding," and are designed to reduce the burden on Plaintiffs by allowing Averhealth to secure responsive

information over which Plaintiffs have control, if it is not in their possession. *See, e.g., Wilson v. Preferred Fam. Healthcare, Inc.*, No. 2:21-CV-79 RLW, 2022 WL 2157033, at \*3-\*4 (E.D. Mo. June 15, 2022) (ordering Plaintiff to either sign a medical release authorization or produce all responsive materials where the defendant made a threshold showing that the plaintiff's medical history was relevant, and Plaintiff "failed to demonstrate that Defendant's request is overly broad, unduly burdensome, or otherwise outside of the scope of Rules 26 and 34").

Finally, Plaintiffs object to the request for copies of their health insurance cards from the date of their first Averhealth drug test to the present, on the ground that this request is unduly burdensome, overly broad, harassing, unreasonable, beyond the scope of permissible discovery, and seeking "collateral source" information. *See supra* at pp. 5-6. These lack the specificity required to voice a successful objection and should be overruled. *See Liguria Foods*, 320 F.R.D. at 184-85; *see also Benjamin v. Home Depot, U.S.A., Inc.*, No. 09-82381-CIV, 2010 WL 11602739, at \*3 (S.D. Fla. Aug. 13, 2010) (granting motion to compel copies of the plaintiff's health insurance cards for the previous ten years).

In sum, Averhealth is entitled to investigate Plaintiffs' drug use history and to evaluate Plaintiffs' factual contentions, and the discovery sought is specifically tied to facts put in issue by Plaintiffs. Averhealth must be allowed to examine (and Plaintiffs must produce) evidence bearing on Plaintiffs' drug use and physical or mental condition.

## VI.     Requests Related to Employment and Income

Plaintiffs have placed their work history at issue in multiple paragraphs of the Second Amended Complaint, claiming the drug test results have harmed their job performance or prospective job opportunities and resulted in adverse employment actions. *See, e.g.,* SAC (Dkt. No. 23) at ¶¶ 323, 396 (applicable to Plaintiffs Shnitzer and Hodor). In this way, Plaintiffs'

employment history is relevant to Plaintiff's damages and Averhealth's defenses to these claimed damages.

In addition, for the same reasons set out in the previous section, Averhealth is entitled to investigate whether any Plaintiffs ever received any substance-abuse-related discipline while on the job. *See, e.g., Wolfe v. Gallagher Bassett Servs. Inc.,* No. 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) (ordering the plaintiff to execute an employment records release authorization because "[p]laintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses."); *Lyoch v. Anheuser–Busch Cos., Inc.,* 164 F.R.D. 62, 68 (E.D. Mo. 1995) (personnel files may lead to admissible evidence regarding plaintiff's credibility).

For example, in *Walker v. Nw. Airlines Corp.*, the court noted that even though some types of employment information may not be admissible at trial, "such as disciplinary records, resumes, and applications," they are nevertheless "reasonably calculated to lead to admissible evidence." No. CIV.00-2604 MJD/JGL, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002). Here, in order to fully assess Plaintiffs' allegations, Averhealth should be similarly granted "significant latitude" in which to discover whether Plaintiffs have been the subject of disciplinary action for substance abuse, whether they have received any positive drug result tests in the course of their employment, and whether there were other reasons for the claimed demotion and loss of job opportunities. *See id.* (granting motion to compel and directing the plaintiff to sign employment authorization form); *Wilson*, 2022 WL 2157033, at *3-*4 (explaining court had authority to compel plaintiff to execute an employment authorization form and citing cases).

Averhealth's request for tax returns is similarly relevant to Plaintiff's claims of lost income. Plaintiff's objections based on a "right to privacy" are without merit; there is no privacy right

inherent in tax return information. *See Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09CV00329 JLH, 2010 WL 2998796, at *1 (E.D. Ark. July 28, 2010) (explaining "Plaintiff cannot hide behind blanket assertions of privacy to avoid legitimate discovery requests without showing some particular need or bad faith on the part of [the defendant]"). The request is further not outside the bounds of permissible discovery. *See, e.g., Wolfe v. Gallagher Bassett Servs. Inc.*, No. 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) (explaining courts "routinely compel production of tax returns"); *Wilson*, 2022 WL 2157033, at *3-*4 (same); *Lewis v. Temp-Air, Inc.*, No. 4:14-CV-398 CDP, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014) (ordering production of tax returns, employment records, and medical records or authorizations related to the same).

## VII. Requests Related to Driving Records

Plaintiffs have objected to these requests as "irrelevant, harassing, and caus[ing] undue burden and expense." *See supra* at pp. 8-10. Averhealth already agreed to limit the scope of its requests for Plaintiffs' driving records to citations for driving while under the influence or driving while intoxicated, records of any motor vehicle accidents in which any Plaintiff was noted to be under the influence of drugs or alcohol, and records evidencing suspension or revocation of driving privileges. *See* Ex. G at pp. 8-11. These records are plainly relevant to Plaintiffs' substance abuse, which is relevant for all of the reasons discussed above, as well as to verifying each Plaintiff's state of residence. *See, e.g., Gregg v. B&G Transportations, LLC*, No. 4:20-CV-766 RLW, 2021 WL 1598969, at *3 (E.D. Mo. Apr. 23, 2021) (overruling relevance objections to production of driving records from employer); *Kennedy v. City of Braham*, 67 F. Supp. 3d 1020, 1032 (D. Minn. 2014) (explaining there is no constitutional right to privacy in motor vehicle information or driver's license record information).

## VIII.  Requests Related to Litigation Funding

"Discovery into litigation funding is appropriate when there is a sufficient factual showing of 'something untoward' occurring in the case. *Nunes v. Lizza*, No. 20-CV-4003-CJW, 2021 WL 7186264, at *4 (N.D. Iowa Oct. 26, 2021). "For example, discovery will be ordered where there is a sufficient showing that a non-party is making ultimate litigation or settlement decisions, the interests of plaintiffs or the class are sacrificed or not being protected, or conflicts of interest exist." *Id.* (citing *V5 Techs. v. Switch, Ltd.*, 334 F.R.D., 306, 311–12 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, 2:17-CV-2349-KJD-NJK, 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020).

Plaintiffs respond to some requests asserting no such documents exist, but only object to others—leaving the clear inference that Plaintiffs are receiving some kind of litigation funding. *See* Exs. D and F. In a case involving multiple plaintiffs in different states with different interests, Averhealth should be permitted to investigate whether the interests of the various plaintiffs are being protected. *See Nunes*, 2021 WL 7186264 at *4.

Plaintiffs have objected to production of this information on grounds of attorney-client privilege and boilerplate assertions of the request being unduly burdensome, overbroad, harassing, unreasonable, and "beyond the scope of discovery." Averhealth disagrees and requests the documents sought be provided. Responsive documents and information do not implicate the attorney-client privilege, as they are not for securing legal advice, but rather reflect a business transaction. To the extent that Plaintiffs believe these documents are privileged, then they should be compelled to provide a privilege log.

## IX.  Unanswered Requests

Finally, with respect to Plaintiffs Hodor, White, and Tiffani and Stephen Padilla,

Averhealth still has not received the substantive responses to which it is entitled. Plaintiffs Hodor and White have not provided *any* substantive responses, while Plaintiffs Tiffani and Stephen Padilla have provided substantive responses to Averhealth's RFPs but not any Rogs. *See* Exs. A, C, and E.

Nor are Plaintiffs' boilerplate responses (*see* Exs. A, C, and E) sufficient to preserve any objections to these requests, as they fail to articulate how the discovery requests are irrelevant, overly broad, or burdensome and what particular harm might accrue if Plaintiffs were required to respond. *See Liguria Foods*, 320 F.R.D. at 184-85. Averhealth therefore seeks an order compelling Plaintiffs Hodor, White, and Tiffani and Stephen Padilla to respond to each discovery request in full, as they have waived any applicable objections.

## X.    Conclusion

WHEREFORE, Defendant Avertest, LLC d/b/a Averhealth respectfully requests an Order requiring each of the Plaintiffs to submit to a mental examination as set forth in Section III above, and for such other and further relief as the Court deems just and proper under the circumstances.

ARMSTRONG TEASDALE LLP

By: _____

Timothy J. Gearin          #39133MO
David G. Ott              #30449MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC D/B/A AVERHEALTH

20

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **5th** day of **September**, **2023**, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Richard S. Cornfeld
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL  62025
rick@ghalaw.com
daniel@ghalaw.com
*Attorneys for Plaintiffs*

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
The Bruning Law Firm, LLC 555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
*Attorneys for Plaintiffs*

J.C. Pleban
C. John Pleban
Pleban & Associates Law, LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
jc@plebanlaw.com
cpleban@plebanlaw.com
*Attorneys for Plaintiff*

Mike Arias
Arnold Chen-Yuan Wang
Michael Anthony Jenkins
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
mike@aswtlawyers.com
arnold@aswtlawyers.com
anthony@aswtlawyers.com
*Pro Hac Vice Attorneys for Plaintiffs*