# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATARZYNA FOULGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:22-CV-00878 |
| AVERTEST, LLC, dba Averhealth | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF ALEXANDRA HODOR'S RESPONSE TO DEFENDANT'S FIRST SET OF

## INTERROGATORIES

Plaintiff Alexandra Hodor answers Defendant's First Set of Interrogatories Directed To

Plaintiff Alexandra Hodor, as follows:

**Experts. All of these Interrogatories seek information sent to and/or received from experts. Many would include information protected by Rule 26(B)(4)(B)-(D). Since no expert deadline is upon us, Plaintiff has yet to determine whether an expert will be used as a consultant and for trial preparation or will testify at trial. Because of that, Plaintiff asserts this objection generally to these Requests.**

**Plaintiff objects to the Definitions as being beyond the Rules of Civil Procedure. Further, the Definitions are wrong. For example, the word "provider" includes "drug testing companies." This issue has been briefed. Plaintiff specifically incorporates briefs in this matter to each time the word "provider" is used herein.**

## INTERROGATORIES

1.     Identify the "standards of toxicology" referenced in paragraph 1 of the

Amended Complaint.

**ANSWER:**

2. State in detail each and every fact supportive of your allegation that any one or more of Plaintiff's *specific* test results as alleged in the Amended Complaint constitute a "false positive."

**ANSWER: Objection, this is a contention interrogatory that is better answered when discovery is complete pursuant to F.R.C.P 33(a)(2).**

3. Provide the address for each of your residences over the last ten years.

**ANSWER:**

4. Provide the full name and date of birth of each of your current and former spouses, domestic partners, and/or fiancés.

**ANSWER:**

5. Provide the full name and date of birth of each of your children and stepchildren.

**ANSWER:**

6. Identify all schools or vocational institutions you attended (beginning with high school) and any armed force in which you served, noting whether those schools, vocational institutions, or militaries conferred upon you a diploma, certificate, or degree.

**ANSWER:**

7. Identify all public agencies, private companies, or individuals for whom you worked (whether as an employee or an independent contractor) during the last ten years.

**ANSWER:**

8. Identify all current contact information for Joseph Ceci, Michael Comilla, and Stephen Hodor.

**ANSWER:**

9.      State in detail all communications between Plaintiff and Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News.  For all communications identified, provide the following:

      a.      Date of each communication;

      b.      Method of each communication (e.g., telephone, videoconference, email, text, etc.);

      c.      Contact information provided to Plaintiff by Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News for purposes of facilitating communication(s), including but not limited to phone number, iMessage information, email address(es), or videoconference log-in information;

      d.      Whether Plaintiff made, kept, and continues to have possession of any notes generated with respect to each communication;

      e.      All information provided by Plaintiff to Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News in conjunction with said communication; and

      f.      All information provided to Plaintiff by Alice Hines or any other person(s) understood by Plaintiff to be affiliated with Vice News in conjunction with said communication.

**ANSWER:**

10.      Identify the provider(s) who performed the drug tests referenced in paragraphs 380 and 384 of the Amended Complaint, and for each test, identify the date on which you submitted

your sample, the location where the sample was submitted, and the name(s) of any individual(s) with whom Plaintiff spoke or interacted when she provided the sample referenced on paragraph 404.

**ANSWER:**

11.	Provide all facts supportive of the allegation set forth in paragraph 380 of the Amended Complaint that "false positive tests caused the removal of her children to foster care."

**ANSWER:**

12.	Identify all individuals or entities with whom Plaintiff has had any communication regarding placement of minor children O.H., M.H., and A.H. in foster care, including name(s) of any caseworker(s) or foster parent(s).

**ANSWER:**

13.	State in detail the circumstances of Plaintiff's alleged overdose on illegal opiates set forth in paragraph 382 of the Amended Complaint, including the following:

a.	Plaintiff's location at the time of the overdose;

b.	Identity of any persons with Plaintiff at the time of the overdose;

c.	Source of any and all illegal opiates involved in the overdose;

d.	The type of illegal opiate(s) involved in the overdose;

e.	Whether the overdose was accidental or intentional;

f.	Circumstances pursuant to which Plaintiff received medical care and was hospitalized; and

g.	Location(s) at which Plaintiff was provided medical care, including any emergency medical services, clinic(s), or hospital(s) at which Plaintiff was provided health care.

**ANSWER:**

14.    State in detail all facts related to Plaintiff's seeking treatment with Marissa Blood or any other individual(s) affiliated or understood to be affiliated with the Judson Center as referenced in paragraphs 385 through 387 of the Amended Complaint, including but not limited to how and when Plaintiff was referred to the Judson Center, and the circumstances leading up to that referral.

**ANSWER:**

15.    Identify the teacher referenced in paragraph 391 of the Amended Complaint, including the school at which the teacher was employed or working at the time of all allegations set forth in paragraph 391.

**ANSWER:**

16.    Identify the "boyfriend" referenced in paragraph 391 of the Amended Complaint.

**ANSWER:**

17.    Identify all law enforcement personnel with whom Plaintiff interacted as a result of the allegations set forth in paragraph 391 of the Amended Complaint.

**ANSWER:**

18.    State all facts known to Plaintiff in support of the allegation set forth in paragraph 391 of the Amended Complaint that a "police officer mistook Ms. Hodor's fast talking (due to the anxiety of having a police officer arrive to inspect her home) for intoxication withdrawal."

**ANSWER:**

19.    State all facts known to Plaintiff in support of the allegation set forth in paragraph 392 of the Amended Complaint that "[t]he principal reason behind CPS's petition for removal was the false positive Averhealth blood tests. CPS did not seek to

remove Plaintiff Hodor's children following the overdose (or the January incident), but rather three months later when her overdose was followed by four supposedly positive drug tests."

**ANSWER:**

20.     State all facts known to Plaintiff in support of the allegation set forth in paragraph 394 of the Amended Complaint that, due to alleged "positive results, "on a number of occasions CPS converted her unsupervised visits with her children to supervised visits."

**ANSWER:**

21.     Identify all providers from whom you sought evaluation or treatment for the emotional distress referenced in paragraph 408 of the Amended Complaint, including any providers that have provided a formal diagnosis of any mental condition related to same.

**ANSWER: Objection. Plaintiff objects to this Interrogatory because it violates the physician/patient privilege and HIPAA. It is harassing and unreasonable.**

22.     Identify all providers that have, during the last ten years, seen or treated you, performed any tests on you or your specimens, or dispensed medication to you.

**ANSWER: Objection. This violates the physician/patient privilege and HIPAA. It is harassing and unreasonable and is overbroad in time and scope.**

 Dated: June 30, 2023                    **GOLDENBERG HELLER & ANTOGNOLI, P.C.**
                                         By:/s/ *Richard S. Cornfeld*
                                         Richard S. Cornfeld, #31046MO
                                         Daniel S. Levy, #66039MO
                                         1010 Market Street, Suite 1645
                                         St. Louis, Missouri 63101
                                         P. 314-241-5799
                                         F. 314-241-5788
                                         rick@ghalaw.com
                                         daniel@ghalaw.com

                                         And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

**PLEBAN & PETRUSKA LAW, LLC**

J.C. Pleban, MO Bar No. 63166MO
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190MO
cpleban@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 – Facsimile

And

Mike Arias, #115385(CA)
Arnold Wang, #204431(CA)
Craig S. Momita #163347(CA)
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Tel: (310) 844-9696 / Fax: (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
(*pro hac vice* admission to be sought)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **30th** day of **June**, **2023**, a true and correct copy of the foregoing was served via electronic mail upon the following:

Timothy J. Gearin
David G. Ott
Scott K.G. Kozak
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

/s/ *Richard S. Cornfeld*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATARZYNA FOULGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:22-cv-00878-SHL |
| AVERTEST, LLC, dba Averhealth, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF ALEXANDRA HODOR'S RESPONSE TO DEFENDANT'S FIRST SET OF

## REQUEST FOR PRODUCTION

Plaintiff Alexandra Hodor answers Defendant's First Request for Production Directed To

Plaintiff Alexandra Hodor, as follows:

**Experts. All of these Requests seek information sent to and/or received from experts. Many would include information protected by Rule 26(B)(4)(B)-(D). Since no expert deadline is upon us, Plaintiff has yet to determine whether an expert will be used as a consultant and for trial preparation or will testify at trial. Because of that, Plaintiff asserts this objection generally to these Requests.**

## REQUESTS FOR PRODUCTION

1.      All documents identifying, referring to, and/or reflecting the "acceptable and appropriate standards" referenced in paragraph 1 of the Amended Complaint.

**RESPONSE:**

2.      All documents identifying, referring to, and/or reflecting the "accepted and proper procedures" referenced in paragraph 1 of the Amended Complaint.

**RESPONSE:**

3.  All documents containing statements (within the meaning of Federal Rule of Civil Procedure 26(b)(3)(C)) of Defendant or its agents, employees, or representatives.

**RESPONSE:**

4.  Copies of all correspondence, emails, text messages, or other written communications between (a) you or your agents or representatives and (b) Defendant or any of Defendant's agents, employees, or representatives, including but not limited to any agreements, test reports, sample documentation, email communications, or correspondence.

**RESPONSE: Objection, this request is overbroad because it is unlimited in time and scope. It seeks work product for any communications with former employees.**

5.  Copies of all notes, written statements, or other recorded documentation of any meetings or conversations between (a) you or your agents or representatives and (b) Defendant or any of Defendant's agents, employees, or representatives.

**RESPONSE: Objection, this request is overbroad because it is unlimited in time and scope. It seeks work product for any communications with former employees.**

6.  Copies of all diaries, notes, journals, calendars, or any other type of recording prepared by you (or in the possession or control of you, your agents, or representatives) that refer to the events, injuries, or damages alleged in Amended Complaint.

**RESPONSE: Objection. This request includes documents protected by the attorney/client privilege.**

7.  Copies of your tax returns for the three years prior to your first test performed Defendant through the present.

**RESPONSE: Objection. This is beyond the scope of permissible discovery, is not likely to lead to the discovery of admissible evidence, invades Plaintiff's rights to privacy. It seeks privileged information. It is designed to harass and/or is requested for another improper purpose.**

8. Documents referring to, reflecting, and/or evidencing any of the damages alleged in paragraph 396 of the Amended Complaint, including but not limited to "intense and sustained mental anquish," and "depression and anxiety."

**RESPONSE:**

9. Copies of the engagement letters you signed with each of three firms representing you in this action.

**RESPONSE: Objection. This request is protected by the attorney/client privilege. It is beyond the scope of discovery and is harassing.**

10. All documents demonstrating, reflecting, and/or evidencing that any of Defendant's test results for samples provided by Plaintiff Hodor are "false positives" or inaccurate, as alleged in paragraphs 380, 381, 390, 392, and 396 of the Amended Complaint.

**RESPONSE:**

11. All documents demonstrating, reflecting, or related to (including copies of all pleadings and motion papers filed, discovery served, and orders entered) any actions taken with respect to Plaintiff by Children's Protective Services as to any minor children  as referenced in paragraphs 388, 389, 391, 392, and 394 of the Amended Complaint.

**RESPONSE:**

12. All documents demonstrating, reflecting, or related to (including copies of all pleadings and motion papers filed, discovery served, and orders entered) MDHHS undertaking drug testing of Plaintiff.

**RESPONSE:**

13.     Any and all communications by and between Plaintiff and Alice Hines or any other employee, agent, or representative of Vice News or any affiliated entity with respect to Defendant.

**RESPONSE:**

14.     All documents demonstrating, reflecting, and/or evidencing that Defendant's test results are "essentially meaningless" as alleged in paragraph 21 of the Amended Complaint.

**RESPONSE:**

15.     All documents demonstrating, reflecting, and/or evidencing that Defendant's test results are "riddled with inaccuracies" as alleged in paragraph 71 of the Amended Complaint.

**RESPONSE: This Request Is Overbroad.**

16.     All documents demonstrating, reflecting, and/or evidencing that Defendant's "quality controls consistently failed, yet the test results were still reported" as alleged in paragraph 77 of the Amended Complaint.

**RESPONSE: This Request Is Overbroad.**

17.     All documents demonstrating, reflecting, and/or evidencing that Defendant's personnel could or would "manipulate data to force quality controls to be within the acceptable range" as alleged in paragraph 77 of the Amended Complaint.

**RESPONSE:**

18.     All documents demonstrating, reflecting, and/or evidencing that Defendant "did not follow the proper process for internal standards" as alleged in paragraph 81 of the Amended Complaint.

**RESPONSE:**

19.     All documents demonstrating, reflecting, and/or evidencing that Defendant's personnel improperly manipulated internal standards as alleged in paragraph 77 of the Amended Complaint.

**RESPONSE:**

20.     All documents demonstrating, reflecting, and/or evidencing that Defendant's personnel improperly changed the regression of calibration curves as alleged in paragraph 77 of the Amended Complaint.

**RESPONSE:**

21.     All documents demonstrating, reflecting, and/or evidencing that Defendant "used test results even where the results supposedly showed that an internal standard that was used did not exist" as alleged in paragraph 81 of the Amended Complaint.

**RESPONSE:**

22.     All documents demonstrating, reflecting, and/or identifying the "serious problems with the calibration curves" that Averhealth used for its tests, as alleged in paragraph 82 of the Amended Complaint.

**RESPONSE:**

23.     All documents demonstrating, reflecting, and/or evidencing that Defendant "frequently and consistently used calibration curves that failed to meet acceptance criteria and/or manipulated data, yet reported the patients' results anyway" as alleged in paragraph 85 of the Amended Complaint.

**RESPONSE:**

24.     All documents demonstrating, reflecting, and/or evidencing that Defendant frequently used improper "historical curves" as alleged in paragraph 85 of the Amended Complaint.

**RESPONSE:**

25.     All documents demonstrating, reflecting, and/or evidencing that Defendant failed to verify calibration curves using "low" and "high" quality control results, as alleged in paragraph 86 of the Amended Complaint.

**RESPONSE:**

26.     All documents referring to the November 22, 2019 drug test referenced in paragraph 380 of the Amended Complaint.

**RESPONSE:**

27.     All documents referring to the November 24, 2019, drug test referenced in paragraph 380 of the Amended Complaint.

**RESPONSE:**

28.     All documents referring to the December 18, 2019, drug test referenced in paragraph 380 of the Amended Complaint.

**RESPONSE:**

29.     All documents referring to the January 24, 2019 or January 24, 2020, drug test referenced in paragraph 380 of the Amended Complaint.

**RESPONSE:**

30. All documents referring to drug testing referenced in paragraph 393 of the Amended Complaint.

**RESPONSE:**

31. All documents and medical treatment records related to Plaintiff's hospitalization for overdose on illegal opiates referenced in paragraph 382 of the Amended Complaint.

**RESPONSE:**

32. All documents and treatment records related to Plaintiff's treatment/therapy provided by Marissa Blood or any other employee, agent, or representative of the Judson Center referenced in paragraphs 385 through 387 of the Amended Complaint.

**RESPONSE:**

33. Provide a copy of the "To whom it may concern letter" referenced in paragraph 385 of the Amended Complaint.

**RESPONSE:**

34. All documents demonstrating, reflecting, and/or evidencing that the report made by a teacher, incorporated into a legal filing by CPS, was '"false," as alleged in paragraph 391 of the Amended Complaint.

**RESPONSE:**

35. All documents demonstrating, reflecting, and/or evidencing that the police officer "mistook Ms. Hodor's fast talking … for intoxication withdrawal" as alleged in paragraph 391 of the Amended Complaint.

**RESPONSE:**

36.     All documents Plaintiff asserts is supportive of, or is demonstrating, reflecting, and/or evidencing that the "principal reason behind CPS's petition for removal was the false positive Averhealth blood tests" as alleged in paragraph 392 of the Amended Complaint.

**RESPONSE:**

37.     All documents demonstrating, reflecting, and/or evidencing "lost employment opportunities in the field of social work" as alleged in paragraph 396 of the Amended Complaint.

**RESPONSE:**

38.     All documents, including but not limited to medical, therapy, or counseling records, demonstrating, reflecting, and/or evidencing a formal diagnosis of depression for Plaintiff as alleged in paragraph 396 of the Amended Complaint.

**RESPONSE:**

39.     All documents, including but not limited to medical, therapy, or counseling records, demonstrating, reflecting, and/or evidencing a formal diagnosis of anxiety for Plaintiff as alleged in paragraph 396 of the Amended Complaint.

**RESPONSE:**

40.     Any motion paper, hearing transcript, or court ruling that refers to your use of alcohol, prescription drugs, and/or controlled substances.

**RESPONSE: Objection. This request is overly broad. It asks for all pleadings and motions. Necessarily, this asks for each entry of appearance, motion to exceed page limitations, etc. It increases undue burden and expense. Use of prescription drug(s) is irrelevant and, furthermore, is protected by HIPAA and therefore is harassing or for an improper purpose. This request violates Plaintiff's right to privacy. It is beyond the scope of permissible discovery.**

41. All documents referring to, depicting, and/or reflecting your ingestion of any type of alcohol, any prescription drug, and/or any controlled substance during the last ten years.

**RESPONSE: Objection. This request is overly broad. It asks for all documents, which would include pleadings and motions as requested above. Necessarily, this asks for each entry of appearance, motion to exceed page limitations, etc. It increases undue burden and expense. "All records" would include documents protected by the attorney/client privilege. That term is vague as well. Further, all documents referring to ingestion of any alcohol or prescription drug—*in the last ten years*—is irrelevant and not proportionate to the needs of the case. Use of prescription drug(s) is protected by HIPAA and therefore is harassing or for an improper purpose. It violates Plaintiff's right to privacy and is beyond the scope of permissible discovery.**

42. All emails, text messages, social media messages, and/or social media content written or created by you referring to Defendant or its personnel.

**RESPONSE: Objection. This asks for information protected by the attorney/client privilege.**

43. A copy of your complete driving record, including but not limited to any citations, tickets, warnings, or discipline you received as a result of your driving.

**RESPONSE: Objection. This is irrelevant, harassing, and causes undue burden and expense. It is unreasonable to ask for a driving record—to include warnings—since Plaintiff got a driver's license. It asks for citations, which could include non-moving violations such as an expired parking meter. It is overbroad and beyond the scope of permissible discovery.**

44. All documents referring to Defendant that were copied or taken by Dr. Sarah Riley.

**RESPONSE:**

45. Properly executed Medical Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.)

**RESPONSE: Objection, Request for production cannot be used to command an action. This request is overbroad and violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks information related to the "body as a whole." The authorization itself states**

**"Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization."**

46.    Properly executed Pharmacy Authorizations. (You are encouraged to fill in the names of the providers in lieu of blank authorizations.)

**RESPONSE: Objection, Objection, Request for production cannot be used to command an action. This request is overbroad and irrelevant and violates the physician/patient privilege and HIPAA. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. It seeks all medical history from the day Plaintiff was born. The authorization further allows the Defendant's attorney from directly discussing any of Plaintiff's treatment with the provider.**

47.    Properly executed Employment Authorizations. (You are encouraged to fill in the names of the employers in lieu of blank authorizations.)

**RESPONSE: Objection, Request for production cannot be used to command an action. This is unduly burdensome and unreasonable. It is harassing and unreasonable. In addition, the authorization is not limited in time or scope. The authorization never expires. It seeks information related to medical. See prior medical authorization objections. It improperly authorizes the complete personnel file.**

48.    A copy of all health insurance cards issued to you for coverage in force from the date of your first test performed by Defendant through the present.

**RESPONSE: This is irrelevant, unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery.**

49.    A copy of your driver's license or other government issued photo identification.

**RESPONSE: This is unduly burdensome and overly broad. It is harassing and unreasonable. It seeks collateral source information. It is beyond the scope of permissible discovery.**

50.    All social media content created by you and/or communications made by you referring to Defendant and/or drug testing, specifically including any posts, tweets, or other communications that have been removed, blocked, and/or deleted.

**RESPONSE: Objection. This is beyond the scope of permissible discovery and overly broad.**

51.     All internet communications you have made, including any postings on social media (including but not limited to posts, comments, direct messages, tweets, replies, etc. and any deleted or modified content) referring to this action and/or any of the matters alleged in the Amended Complaint.

**RESPONSE: Objection To The Extent This Request Seeks Privileged Attorney-Client Communications. Further Objection On The Grounds This Request Is Overbroad And Seeks Documents That Are Beyond The Scope Of Permissible Discovery And Are Protected By The Right To Privacy.  Objection also to "internet communications," but only to the extent that includes emails between Plaintiff and Plaintiff's attorneys. The request is overly broad.**

52.     All documents referring to, discussing, and/or memorializing any acquisition by any person of any interest, financial or otherwise, in the outcome of this action. If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege.

**RESPONSE: Objection. This request invades the attorney-client privilege. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery.**

53.     All documents evidencing, documenting, and/or memorializing any correspondence related to the sale of, transfer of, or borrowing against any potential proceeds from this action.  If you claim any such documents are privileged, produce a privilege log sufficient to enable Defendant to assess the applicability of the claimed privilege.

**RESPONSE: Objection. This is unduly burdensome and overbroad. It is harassing and unreasonable. It is beyond the scope of discovery.**

Dated: June 30, 2023   **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By:/s/ *Richard S. Cornfeld*
Richard S. Cornfeld, #31046MO
Daniel S. Levy, #66039MO
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
P. 314-241-5799
F. 314-241-5788
rick@ghalaw.com
daniel@ghalaw.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

**PLEBAN & PETRUSKA LAW, LLC**

J.C. Pleban, MO Bar No. 63166MO
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190MO
cpleban@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 – Facsimile

And

Mike Arias, #115385(CA)
Arnold Wang, #204431(CA)
Craig S. Momita #163347(CA)
Arias Sanguinetti Wang & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045

Tel: (310) 844-9696 / Fax: (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
(*pro hac vice* admission to be sought)

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **30th** day of **June**, **2023**, a true and correct copy of the foregoing was served via electronic mail upon the following:

Timothy J. Gearin
David G. Ott
Scott K.G. Kozak
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.237.1535 (facsimile)
tgearin@atllp.com
dott@atllp.com
skozak@atllp.com
E-serveBTC@atllp.com

/s/ *Richard S. Cornfeld*

# Authorization For Release of Medical Information
# Or Individual Access To Information
### (Pursuant to HIPAA, 45 C.F.R. Parts 160 and 164)

To:_____
(Insert name of health care provider)

Re:__**ALEXANDRA HODOR**_____     _____     __XXX-XX-___
(Insert name of patient)                          Birth Date                  SSN

This will authorize the law firm listed below, to inspect and copy the protected health information (PHI), as set out below and to mail such information to:

**Armstrong Teasdale, LLP**
**7700 Forsyth Blvd., Suite 1800**
**St. Louis, Missouri 63105**
**(314) 621-5070**
**Fax (314) 237-1535**

Specific purpose for Requesting Information:    Litigation

**Information to be disclosed which relates or involves complaints, injuries, illnesses, or conditions pertaining to the following alleged injury:  BODY AS A WHOLE**

☒  Complete Medical record (include all of the items below, plus insurance, demographics, questionnaires, intake sheet, referral documents and records from other facilities, including secondary release records)

| | | | |
|---|---|---|---|
| ☐ Admission/Discharge Summaries | ☐ Operative/Procedure Reports | ☐ Nurse Notes Assessments | ☒ Lab Tests |
| ☐ History/Physicals Examinations | ☐ Diagnostic Tests EEG, Stress Tests Fetal Monitor Strip | ☐ Nursing Graphs & Flow Sheets | ☐ Radiology X-rays, MRIs, U/S, CTs, etc. |
| ☐ Progress Notes | ☐ Pathology Reports | ☒ Medications | ☐ Anesthesia records |
| ☐ Consultations | ☐ ER records | ☒ Therapy record | ☐ EKGs |
| ☐ Physician Orders | ☐ Out-patient records | ☒ Social Service | ☒ Clinic records |
| ☐ Radiology Films | ☐ Autopsy Report | ☒ Billing – ITEMIZED *(including amounts charges, paid, written-off and adjustments)* | ☐ _____ |

**I understand that:**

1.  This request is voluntary on my part.

2.  I have a right to revoke this authorization at any time, except to the extent that prior action has been taken in reliance on this authorization.  I understand I can cancel/revoke this authorization to the address or fax number noted at the top of this authorization.  I understand the revocation will not apply to information that

has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3. **This authorization <u>does</u> include an authorization for records or health information concerning alcohol/drug abuse, counseling, HIV testing, HIV results and/or AIDS information unless specifically listed above on this authorization. A separate authorization is required for the release of psychotherapy notes.**

4. Unless otherwise revoked, this authorization will expire on the following date, event or condition: <u>**within three (3) years from the date signed**</u>.

5. Once the information has been released pursuant to this authorization, it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential". Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and its implementing regulations.

6. A photocopy of this authorization is as valid as the original.

7. Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I understand that no health care provider can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

8. I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.542. I understand that I have a right to a signed copy of this Authorization upon request.

**Note:** If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of your appointment as personal representative. If you are signing otherwise on behalf of the patient, state the basis for your authority to request the records of the patient.

Signature: _____     Date: _____

_____
(Print Name)

_____
(Relationship to Patient)

STATE OF _____     )
                                              ) SS
COUNTY OF _____     )

      Subscribed and sworn to before me this _____ day of _____, 20___.

_____
Notary Public

My commission expires:

## Authorization For Release of Medical Information
## Or Individual Access To Information
### (Pursuant to HIPAA, 45 C.F.R. Parts 160 and 164)

To: _____
(Insert name of health care provider)

Re: **ALEXANDRA HODOR**_____  _____  XXX-XX-_____
(Insert name of patient)                Birth Date          SSN

This will authorize the law firm listed below, to inspect and copy the protected health information (PHI), as set out below and to mail such information to:

**Armstrong Teasdale, LLP**
**7700 Forsyth Blvd., Suite 1800**
**St. Louis, Missouri 63105**
**(314) 621-5070**
**Fax (314) 237-1535**

Specific purpose for Requesting Information:   Litigation_____

**Information to be disclosed which relates or involves complaints, injuries, illnesses, or conditions pertaining to the following alleged injury:  BODY AS A WHOLE**

☒ Complete Medical record (include all of the items below, plus insurance, demographics, questionnaires, intake sheet, referral documents and records from other facilities, including secondary release records)

| | | | |
|---|---|---|---|
| ☐ Admission/Discharge Summaries | ☐ Operative/Procedure Reports | ☐ Nurse Notes Assessments | ☒ Lab Tests |
| ☐ History/Physicals Examinations | ☐ Diagnostic Tests EEG, Stress Tests Fetal Monitor Strip | ☐ Nursing Graphs & Flow Sheets | ☐ Radiology X-rays, MRIs, U/S, CTs, etc. |
| ☐ Progress Notes | ☐ Pathology Reports | ☒ Medications | ☐ Anesthesia records |
| ☐ Consultations | ☐ ER records | ☒ Therapy record | ☐ EKGs |
| ☐ Physician Orders | ☐ Out-patient records | ☒ Social Service | ☒ Clinic records |
| ☐ Radiology Films | ☐ Autopsy Report | ☒ Billing – ITEMIZED *(including amounts charges, paid, written-off and adjustments)* | ☐ _____ |

## I understand that:

1. This request is voluntary on my part.

2. I have a right to revoke this authorization at any time, except to the extent that prior action has been taken in reliance on this authorization.  I understand I can cancel/revoke this authorization to the address or fax number noted at the top of this authorization.  I understand the revocation will not apply to information that

has already been released in response to this authorization.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3. **This authorization <u>does</u> include an authorization for records or health information concerning alcohol/drug abuse, counseling, HIV testing, HIV results and/or AIDS information unless specifically listed above on this authorization.  A separate authorization is required for the release of psychotherapy notes.**

4. Unless otherwise revoked, this authorization will expire on the following date, event or condition:  <u>**within three (3) years from the date signed**</u>.

5. Once the information has been released pursuant to this authorization, it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential".  Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and its implementing regulations.

6. A photocopy of this authorization is as valid as the original.

7. Authorizing the disclosure of this health information is voluntary.  I can refuse to sign this authorization.  I understand that no health care provider can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

8. I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.542.  I understand that I have a right to a signed copy of this Authorization upon request.

**Note:** If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of your appointment as personal representative.  If you are signing otherwise on behalf of the patient, state the basis for your authority to request the records of the patient.

Signature: _____     Date: _____

_____               _____
            (Print Name)                                                    (Relationship to Patient)

STATE OF _____ )
                                  ) SS
COUNTY OF _____ )

        Subscribed and sworn to before me this _____ day of _____, 20__.

_____
                              Notary Public

My commission expires:

# Authorization For Release of Medical Information
# Or Individual Access To Information
### (Pursuant to HIPAA, 45 C.F.R. Parts 160 and 164)

To: _____
(Insert name of health care provider)

Re: __**ALEXANDRA HODOR**_____     _____     __XXX-XX-___
(Insert name of patient)          Birth Date          SSN

This will authorize the law firm listed below, to inspect and copy the protected health information (PHI), as set out below and to mail such information to:

**Armstrong Teasdale, LLP**
**7700 Forsyth Blvd., Suite 1800**
**St. Louis, Missouri 63105**
**(314) 621-5070**
**Fax (314) 237-1535**

Specific purpose for Requesting Information:   Litigation

**Information to be disclosed which relates or involves complaints, injuries, illnesses, or conditions pertaining to the following alleged injury: BODY AS A WHOLE**

☒ Complete Medical record (include all of the items below, plus insurance, demographics, questionnaires, intake sheet, referral documents and records from other facilities, including secondary release records)

| | | | |
|---|---|---|---|
| ☐ Admission/Discharge Summaries | ☐ Operative/Procedure Reports | ☐ Nurse Notes Assessments | ☒ Lab Tests |
| ☐ History/Physicals Examinations | ☐ Diagnostic Tests EEG, Stress Tests Fetal Monitor Strip | ☐ Nursing Graphs & Flow Sheets | ☐ Radiology X-rays, MRIs, U/S, CTs, etc. |
| ☐ Progress Notes | ☐ Pathology Reports | ☒ Medications | ☐ Anesthesia records |
| ☐ Consultations | ☐ ER records | ☒ Therapy record | ☐ EKGs |
| ☐ Physician Orders | ☐ Out-patient records | ☒ Social Service | ☒ Clinic records |
| ☐ Radiology Films | ☐ Autopsy Report | ☒ Billing – ITEMIZED *(including amounts charges, paid, written-off and adjustments)* | ☐ _____ |

## I understand that:

1. This request is voluntary on my part.

2. I have a right to revoke this authorization at any time, except to the extent that prior action has been taken in reliance on this authorization.  I understand I can cancel/revoke this authorization to the address or fax number noted at the top of this authorization.  I understand the revocation will not apply to information that

has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3. **This authorization <u>does</u> include an authorization for records or health information concerning alcohol/drug abuse, counseling, HIV testing, HIV results and/or AIDS information unless specifically listed above on this authorization. A separate authorization is required for the release of psychotherapy notes.**

4. Unless otherwise revoked, this authorization will expire on the following date, event or condition: <u>**within three (3) years from the date signed**</u>.

5. Once the information has been released pursuant to this authorization, it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential". Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and its implementing regulations.

6. A photocopy of this authorization is as valid as the original.

7. Authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I understand that no health care provider can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

8. I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.542. I understand that I have a right to a signed copy of this Authorization upon request.

**Note:** If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of your appointment as personal representative. If you are signing otherwise on behalf of the patient, state the basis for your authority to request the records of the patient.

Signature: _____    Date: _____

_____
(Print Name)

_____
(Relationship to Patient)

STATE OF _____    )
                                    ) SS
COUNTY OF _____    )

    Subscribed and sworn to before me this _____ day of _____, 20__.


_____
Notary Public


My commission expires:

# AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO HIPAA, 4S C.F.R. PARTS 160 AND 164

Name: _____

Phone: _____

Fax: _____

I hereby authorize the above to release or grant access to medical information of:

(Patient's full name): **<u>ALEXANDRA HODOR</u>**

Former names: _____

Date of Birth: _____

Social Security Number: _____

Medicare/Medicaid No.: _____

  **This authorization includes the photocopying of medical records, reports and other medical documents (including records or information from other health care providers) in your possession which relate to alcohol, drugs, psychiatric and psychotherapy treatment.**

  The health care provider is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

  **This authorization shall remain in effect for three (3) years from the date signed below**. Provided you have an original or a copy of the authorization allowing you to provide records to the party making the supplemental request, a written request for supplemental documents is requested. A copy of this authorization is valid as long as the authorization has been completed in the presence of a notary.

    **Mail to:**  **Armstrong Teasdale LLP**
            **7700 Forsyth Blvd., Suite 1800**
            **St. Louis, MO 63105**
            **314/621-5070**

  The patient further requests that the health care provider supply copies of all documents produced pursuant to this authorization to the patient's attorneys at their expense. (If desired by Plaintiff's counsel).

  This authorization is given for the purpose of: **Litigation.**

NOTE TO PATIENT OR REPRESENTATIVE: Once this information has been released pursuant to this Authorization it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential." Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and it implementation privacy regulations.

I understand that none of the health care providers can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

I understand that I may revoke this Authorization at any time except to the extent that prior action has been taken in reliance on this Authorization. This Authorization will expire three (3) years from the date signed if I do not cancel it in writing before that expiration time. I understand that if I want to cancel/revoke this Authorization, I must mail, fax or bring a letter in person stating that I want to cancel this Authorization. I understand that I need to mail, fax or bring the letter to the address or fax number noted at the top of this Authorization.

I understand that I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524.

I, **ALEXANDRA HODOR,** understand that I have a right to a signed copy of this Authorization upon request.

I hereby state that I have read all pages of this release in its entirety and understand it and agree to it.

_____
Signature of Patient / Legal Guardian / Personal Representative

_____
(Self / Personal Representative / Legal Guardian / Other)

If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of the appointment order as personal representative. If you are signing as representative of the patient other than as personal representative, state the basis of your authority to request the records of the patient.

Date: _____

STATE OF                      )
                                     ) SS

COUNTY OF                   )

       Subscribed and sworn to before me this _____ day of _____, 20___.


_____
                                    Notary Public

My Commission Expires:

**AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO HIPAA, 4S C.F.R. PARTS 160 AND 164**

Name: _____

Phone: _____

Fax: _____

I hereby authorize the above to release or grant access to medical information of:

(Patient's full name):  **ALEXANDRA HODOR**

Former names: _____

Date of Birth: _____

Social Security Number:_____

Medicare/Medicaid No.: _____

     **This authorization includes the photocopying of medical records, reports and other medical documents (including records or information from other health care providers) in your possession which relate to alcohol, drugs, psychiatric and psychotherapy treatment.**

     The health care provider is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

     **This authorization shall remain in effect for three (3) years from the date signed below**. Provided you have an original or a copy of the authorization allowing you to provide records to the party making the supplemental request, a written request for supplemental documents is requested. A copy of this authorization is valid as long as the authorization has been completed in the presence of a notary.

       **Mail to:**     **Armstrong Teasdale LLP**
                       **7700 Forsyth Blvd., Suite 1800**
                       **St. Louis, MO 63105**
                       **314/621-5070**

     The patient further requests that the health care provider supply copies of all documents produced pursuant to this authorization to the patient's attorneys at their expense. (If desired by Plaintiff's counsel).

     This authorization is given for the purpose of: **Litigation.**

NOTE TO PATIENT OR REPRESENTATIVE: Once this information has been released pursuant to this Authorization it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential." Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and it implementation privacy regulations.

I understand that none of the health care providers can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

I understand that I may revoke this Authorization at any time except to the extent that prior action has been taken in reliance on this Authorization. This Authorization will expire three (3) years from the date signed if I do not cancel it in writing before that expiration time. I understand that if I want to cancel/revoke this Authorization, I must mail, fax or bring a letter in person stating that I want to cancel this Authorization. I understand that I need to mail, fax or bring the letter to the address or fax number noted at the top of this Authorization.

I understand that I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524.

I, **ALEXANDRA HODOR,** understand that I have a right to a signed copy of this Authorization upon request.

I hereby state that I have read all pages of this release in its entirety and understand it and agree to it.

_____
Signature of Patient / Legal Guardian / Personal Representative

_____
(Self / Personal Representative / Legal Guardian / Other)

If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of the appointment order as personal representative. If you are signing as representative of the patient other than as personal representative, state the basis of your authority to request the records of the patient.

Date: _____

STATE OF )
 ) SS
COUNTY OF )

 Subscribed and sworn to before me this _____ day of _____, 20\_\_\_.


_____
Notary Public

My Commission Expires:

**AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO HIPAA, 4S C.F.R. PARTS 160 AND 164**

Name: _____

Phone: _____

Fax: _____

I hereby authorize the above to release or grant access to medical information of:

(Patient's full name):       **ALEXANDRA HODOR**

Former names: _____

Date of Birth: _____

Social Security Number:_____

Medicare/Medicaid No.: _____

**This authorization includes the photocopying of medical records, reports and other medical documents (including records or information from other health care providers) in your possession which relate to alcohol, drugs, psychiatric and psychotherapy treatment.**

The health care provider is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

**This authorization shall remain in effect for three (3) years from the date signed below.** Provided you have an original or a copy of the authorization allowing you to provide records to the party making the supplemental request, a written request for supplemental documents is requested. A copy of this authorization is valid as long as the authorization has been completed in the presence of a notary.

| | |
|---|---|
| **Mail to:** | **Armstrong Teasdale LLP** |
| | **7700 Forsyth Blvd., Suite 1800** |
| | **St. Louis, MO 63105** |
| | **314/621-5070** |

The patient further requests that the health care provider supply copies of all documents produced pursuant to this authorization to the patient's attorneys at their expense. (If desired by Plaintiff's counsel).

This authorization is given for the purpose of: **Litigation.**

NOTE TO PATIENT OR REPRESENTATIVE: Once this information has been released pursuant to this Authorization it may no longer be protected by Federal and/or State law/regulations and may no longer be deemed "Confidential." Information used or disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by HIPAA and it implementation privacy regulations.

I understand that none of the health care providers can make me sign this Authorization as a condition to getting treatment, making payments on any bills, or gaining enrollment or eligibility in any health insurance plan, unless the federal Privacy Regulations allow it.

I understand that I may revoke this Authorization at any time except to the extent that prior action has been taken in reliance on this Authorization. This Authorization will expire three (3) years from the date signed if I do not cancel it in writing before that expiration time. I understand that if I want to cancel/revoke this Authorization, I must mail, fax or bring a letter in person stating that I want to cancel this Authorization. I understand that I need to mail, fax or bring the letter to the address or fax number noted at the top of this Authorization.

I understand that I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524.

I, **ALEXANDRA HODOR,** understand that I have a right to a signed copy of this Authorization upon request.

I hereby state that I have read all pages of this release in its entirety and understand it and agree to it.

_____
Signature of Patient / Legal Guardian / Personal Representative

_____
(Self / Personal Representative / Legal Guardian / Other)

If you are signing on behalf of a patient of whom you are the personal representative, you must attach a copy of the appointment order as personal representative. If you are signing as representative of the patient other than as personal representative, state the basis of your authority to request the records of the patient.

Date: _____

STATE OF                           )
                                        ) SS

COUNTY OF                        )

        Subscribed and sworn to before me this _____ day of _____, 20\_\_\_.


_____
                        Notary Public

My Commission Expires:

## AUTHORIZATION TO INSPECT AND COPY PHARMACY RECORDS

**TO:**

**IN RE PATIENT:**     **ALEXANDRA HODOR**

       This will authorize **ARMSTRONG TEASDALE LLP** or its representative to inspect and copy all office and pharmacy records in your possession. This authorization also includes pharmacy records, reports and other medical documents in your possession which relate to any prior or subsequent complaints, injuries, illnesses or conditions involving the same parts of the body and the same or similar conditions as described below. This authorization includes but is not limited to all pharmacy records that involve or relate to complaints, injuries, illnesses or conditions pertaining to **ALEXANDRA HODOR** pharmaceutical needs.

       The health care provider listed above is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, any disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

       This authorization expires at the conclusion of *FOUGLER, ET AL. v. AVERHEALTH* or **ONE YEAR** from date of the authorized signature, whichever occurs earlier.

       The patient or authorized representative signing this affidavit has the right to revoke the authorization, in writing, by sending a signed and dated letter via certified mail to: Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105.

       Note to patient and/or representative: Information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient, and accordingly no longer protected by the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and its implementing regulations, the Standards for Privacy of Individually Identifiable Health Information set forth at 45 CFR Parts 160 and 164.

       **X**_____
        **(PATIENT SIGNATURE)**

       **SSN:**
       **DOB:**
       **Date:**_____

STATE OF             )
                     ) §
COUNTY OF          )

       Subscribed and sworn to before me this _____ day of _____, 20\_\_\_.

My Commission Expires:            _____
                               Notary Public

## <u>AUTHORIZATION TO INSPECT AND COPY PHARMACY RECORDS</u>

**TO:**

**IN RE PATIENT:**     **ALEXANDRA HODOR**

       This will authorize **<u>ARMSTRONG TEASDALE LLP</u>** or its representative to inspect and copy all office and pharmacy records in your possession. This authorization also includes pharmacy records, reports and other medical documents in your possession which relate to any prior or subsequent complaints, injuries, illnesses or conditions involving the same parts of the body and the same or similar conditions as described below. This authorization includes but is not limited to all pharmacy records that involve or relate to complaints, injuries, illnesses or conditions pertaining to **ALEXANDRA HODOR** pharmaceutical needs.

       The health care provider listed above is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, any disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

       This authorization expires at the conclusion of ***FOUGLER, ET AL. v. AVERHEALTH*** or **ONE YEAR** from date of the authorized signature, whichever occurs earlier.

       The patient or authorized representative signing this affidavit has the right to revoke the authorization, in writing, by sending a signed and dated letter via certified mail to: Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105.

       Note to patient and/or representative: Information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient, and accordingly no longer protected by the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and its implementing regulations, the Standards for Privacy of Individually Identifiable Health Information set forth at 45 CFR Parts 160 and 164.

           **X**_____
            **(PATIENT SIGNATURE)**

            **SSN:**
            **DOB:**
            **Date:**_____

STATE OF                )
                        ) §
COUNTY OF            )

       Subscribed and sworn to before me this _____ day of _____, 20____.

My Commission Expires:             _____
                             Notary Public

<u>**AUTHORIZATION TO INSPECT AND COPY PHARMACY RECORDS**</u>

**TO:**

**IN RE PATIENT:**        **ALEXANDRA HODOR**

   This will authorize **ARMSTRONG TEASDALE LLP** or its representative to inspect and copy all office and pharmacy records in your possession. This authorization also includes pharmacy records, reports and other medical documents in your possession which relate to any prior or subsequent complaints, injuries, illnesses or conditions involving the same parts of the body and the same or similar conditions as described below. This authorization includes but is not limited to all pharmacy records that involve or relate to complaints, injuries, illnesses or conditions pertaining to **ALEXANDRA HODOR** pharmaceutical needs.

   The health care provider listed above is neither required nor prohibited by law from engaging in private conversations regarding the patient's above-referenced care. The decision to enter into any such conversation is that of the health care provider. However, any disclosure that exceeds the scope of this authorization may subject the health care provider to civil liability.

   This authorization expires at the conclusion of *FOUGLER, ET AL. v. AVERHEALTH* or **ONE YEAR** from date of the authorized signature, whichever occurs earlier.

   The patient or authorized representative signing this affidavit has the right to revoke the authorization, in writing, by sending a signed and dated letter via certified mail to: Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105.

   Note to patient and/or representative: Information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient, and accordingly no longer protected by the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and its implementing regulations, the Standards for Privacy of Individually Identifiable Health Information set forth at 45 CFR Parts 160 and 164.

      **X**_____
       **(PATIENT SIGNATURE)**

      **SSN:**
      **DOB:**
      **Date:**_____

STATE OF     )
        ) §
COUNTY OF    )

   Subscribed and sworn to before me this _____ day of _____, 20___.

My Commission Expires:    _____
           Notary Public

<u>AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS</u>

**TO:** _____

**RE:    ALEXANDRA HODOR**
**SSN:**
**DOB:**

      I hereby authorize all employers to give Armstrong Teasdale LLP, and its authorized agents and representatives, all information and evidence in their possession regarding wages, hours, time lost from work and nature of my employment including correspondence, medical forms, reports, calendars, performance reviews, initial application for employment, and complete personnel file.

      A copy of hereof shall have the same force and effect as the original.

_____               _____
**Employee's signature**                      **Name of representative authorized to sign this**
**(name)**                  **OR**     **release (please print)**

**SSN:**  _____

**DOB:**  _____             _____
                                  **Description of representative's authority to act**
**Date:**  _____             **for the patient**

                                  _____
                                  **Signature of representative**
                                  _____
                                  **Date**

        Subscribed and sworn to before me this _____ day of _____, 20____

                             _____
                             Notary Public

My Commission Expires:


_____

# A PHOTOCOPY OF THIS EXECUTED FORM SHALL HAVE THE SAME FORCE AND EFFECT AS AN ORIGINAL.