| From: | Scott Kozak |
|---|---|
| Sent: | Tuesday, May 30, 2023 3:50 PM |
| To: | J.C.  Pleban |
| Cc: | Timothy Gearin; David Ott; Colleen Kinsey; Shannon Timmermann |
| Subject: | RE: K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth -- SERVICE OF COURT DOCUMENTS [IWOV-IDOCS.FID4872179] |

J.C. –

We have utilized the following Boolean search terms in our initial efforts to capture ESI.  Use of these search terms do not preclude levying of objections with respect to the scope or provisions of any pending discovery requests.  Per the Court's Order, please review and we can discussing setting a time for a meet-and-confer next week.

"@averhealth.com" and

- Katarzyna Foulger

- David Shnitzer

- Randi Hekkema

- Joseph Hekkema

- Tiffani Padilla

- Stephen Padilla

- Alexandra Hodor

- Nicole White

"@averhealth.com" and Sarah Riley

"@averhealth.com" and

- CAP

- CAP and probation and 2021

- CAP and "non-routine inspection" and 2020, 2021, or 2022

- CAP and accredit!

"@averhealth.com" and

- Thomas P. Boyd

- Judge Boyd

# EXHIBIT A

- SCAO

- Michigan

"@averhealth.com" and

- Alice Hines

- Vice

- "Vice News"

"@averhealth.com" and

- Jarrad Wagner

- Larry Broussard

- Wagner Toxicology Associates

- WTA

- Wagner and Report

"@averhealth.com" and

- MDHHS and suspension and 2022 or 2023

- CSA and suspension and 2022 or 2023

- Michigan and suspension and 2022 or 2023

"@averhealth.com" and

- Melissa McKinley

- Carrie Linderoth

- Kelley Cawthorne

Shnitzer and

- Massachusetts Probation Service

- MPS

- Scott Goldberg

- Massachusetts

Regards,

Scott

# EXHIBIT A



Armstrong Teasdale LLP
**Scott K.G. Kozak** | Partner
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
DIRECT: 314.259.4714 | FAX: 314.552.4804 | MAIN OFFICE: 314.621.5070 | MOBILE: 314.972.2986
skozak@atllp.com
www.armstrongteasdale.com

This message from the law firm of Armstrong Teasdale LLP contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this in error, please destroy it and notify us immediately at (314) 621-5070. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Armstrong Teasdale LLP for any loss or damage arising in any way in the event that such a virus or defect exists. Thank you.

---

**From:** J.C. Pleban <JC@plebanlaw.com>
**Sent:** Monday, May 22, 2023 1:00 PM
**To:** Scott Kozak <Skozak@atllp.com>; Jenna K. DeBourge <jdebourge@atllp.com>; Richard S. Cornfeld (rick@ghalaw.com) <rick@ghalaw.com>; daniel@ghalaw.com; ryan@bruninglegal.com; arnold@aswtlawyers.com; Anthony Jenkins <anthony@aswtlawyers.com>; Jamie Boyer <jamie@bruninglegal.com>
**Cc:** Colleen Kinsey <CKinsey@atllp.com>; David Ott <DOTT@atllp.com>; Shannon Timmermann <STimmermann@atllp.com>; Timothy Gearin <TGEARIN@atllp.com>
**Subject:** RE: K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth -- SERVICE OF COURT DOCUMENTS [IWOV-IDOCS.FID4872179]

Scott: Do you want to send us the search terms you already used? I think that would be helpful for a meet and confer ordered by the Court today.

Thanks,

**J.C. Pleban** | 🔗
314.645.6666 (p) | 314.645.7376 (f)

2010 S. Big Bend Blvd | St. Louis, MO 63117

www.plebanlaw.com



**CONFIDENTIALITY NOTICE:** The document(s) ccompanying this e-mail transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone to arrange for return of the original documents to us.

---

**From:** Scott Kozak <Skozak@atllp.com>
**Sent:** Wednesday, April 26, 2023 7:40 AM
**To:** J.C. Pleban <JC@plebanlaw.com>; Jenna K. DeBourge <jdebourge@atllp.com>; Richard S. Cornfeld (rick@ghalaw.com) <rick@ghalaw.com>; daniel@ghalaw.com; tony@bruninglegal.com; aj@bruninglegal.com; ryan@bruninglegal.com; C. John Pleban <cpleban@plebanlaw.com>; mike@aswtlawyers.com; arnold@aswtlawyers.com; Anthony Jenkins <anthony@aswtlawyers.com>

# EXHIBIT A

**Cc:** Colleen Kinsey <CKinsey@atllp.com>; David Ott <DOTT@atllp.com>; Shannon Timmermann <STimmermann@atllp.com>; Timothy Gearin <TGEARIN@atllp.com>
**Subject:** RE: K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth -- SERVICE OF COURT DOCUMENTS [IWOV-IDOCS.FID4872179]

J.C. –

As I indicated last week, we are still working to get one additional policy, and will supplement once we have it. Otherwise we have provided to you the complete policies that have been provided to us, though we will reconfirm for the 2019-2020 policy.

I don't think the Initial Disclosures call for disclosure of denials/acceptances, but, as previously advised, we do not believe there is coverage with CNA, which is why we initially only produced the Navigators policy and now have supplemented with production of the Navigators umbrella. We will not be producing any denial letters or insurer-insured communications, as those are privileged.

Regards,

Scott



Armstrong Teasdale LLP
**Scott K.G. Kozak** | Partner
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
DIRECT: 314.259.4714 | FAX: 314.552.4804 | MAIN OFFICE: 314.621.5070 | MOBILE: 314.972.2986
skozak@atllp.com
www.armstrongteasdale.com

This message from the law firm of Armstrong Teasdale LLP contains information which is privileged and confidential and is solely for the use of the intended recipient. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this in error, please destroy it and notify us immediately at (314) 621-5070. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Armstrong Teasdale LLP for any loss or damage arising in any way in the event that such a virus or defect exists. Thank you.

---

**From:** J.C. Pleban <JC@plebanlaw.com>
**Sent:** Tuesday, April 25, 2023 9:22 AM
**To:** Jenna K. DeBourge <jdebourge@atllp.com>; Richard S. Cornfeld (rick@ghalaw.com) <rick@ghalaw.com>; daniel@ghalaw.com; tony@bruninglegal.com; aj@bruninglegal.com; ryan@bruninglegal.com; C. John Pleban <cpleban@plebanlaw.com>; mike@aswtlawyers.com; arnold@aswtlawyers.com; Anthony Jenkins <anthony@aswtlawyers.com>
**Cc:** Colleen Kinsey <CKinsey@atllp.com>; David Ott <DOTT@atllp.com>; Scott Kozak <Skozak@atllp.com>; Shannon Timmermann <STimmermann@atllp.com>; Timothy Gearin <TGEARIN@atllp.com>
**Subject:** RE: K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth -- SERVICE OF COURT DOCUMENTS [IWOV-IDOCS.FID4872179]

| CAUTION: | EXTERNAL EMAIL |
|---|---|

Aren't we still missing a policy (21-22)? It looks like we don't even have the entire policy for 19-20.

# EXHIBIT A

Which policies have denied coverage? Will you send the denial letters?

Thanks,

**J.C. Pleban |** 🔗
314.645.6666 (p) **|** 314.645.7376 (f)

2010 S. Big Bend Blvd **|** St. Louis, MO 63117

www.plebanlaw.com



**CONFIDENTIALITY NOTICE**: The document(s) ccompanying this e-mail transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone to arrange for return of the original documents to us.

**From:** Jenna K. DeBourge <jdebourge@atllp.com>
**Sent:** Monday, April 24, 2023 4:00 PM
**To:** Richard S. Cornfeld (rick@ghalaw.com) <rick@ghalaw.com>; daniel@ghalaw.com; tony@bruninglegal.com; aj@bruninglegal.com; ryan@bruninglegal.com; J.C. Pleban <JC@plebanlaw.com>; C. John Pleban <cpleban@plebanlaw.com>; mike@aswtlawyers.com; arnold@aswtlawyers.com; Anthony Jenkins <anthony@aswtlawyers.com>
**Cc:** Colleen Kinsey <CKinsey@atllp.com>; David Ott <DOTT@atllp.com>; Scott Kozak <Skozak@atllp.com>; Shannon Timmermann <STimmermann@atllp.com>; Timothy Gearin <TGEARIN@atllp.com>
**Subject:** K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth -- SERVICE OF COURT DOCUMENTS [IWOV-IDOCS.FID4872179]

| Court: | United States District Court – State of Missouri – Eastern District |
|---|---|
| Cause No. | 4:22-cv-00878 |
| Document(s) Served: | Certificate of Service; Defendant's Second Supplemental Initial Disclosures; AH0000365-0000378; and AH0000379-0000399 *\*\*CNA policies are in one PDF* |
| Sending Attorney's Name | Scott Kozak |
| Sending Attorney's Phone Number | 314.621.5070 |

Thank you,

Armstrong Teasdale LLP

**Jenna K. DeBourge** | Senior Legal Assistant to Scott Kozak, Scott Jansen, Nicolas Cejas, Cassandra McShan, and Shannon Timmermann
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847

# EXHIBIT A

314.621.5070 ext. 7028 | FAX: 314.237.1535
jdebourge@atllp.com
www.armstrongteasdale.com

Please consider the environment before printing this email.


********** PRIVATE AND CONFIDENTIAL**********

This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.

Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 38-43 Lincoln's Inn Fields, London WC2A 3PE. Please review our International Legal Notices.

# EXHIBIT A

| From: | Elvin Cruz <elvin@aswtlawyers.com> |
|---|---|
| Sent: | Friday, July 14, 2023 4:29 PM |
| To: | Timothy Gearin; David Ott; Scott Kozak; E-serveBTC |
| Cc: | Richard S. Cornfeld; Arnold C. Wang; Daniel S. Levy; J.C. Pleban; Jamie Boyer; Roxanna K. Laswell; Ryan Bruning; Anthony Jenkins; La Donna R. Mc Duffie; Craig S. Momita; roxie@ghalaw.com |
| Subject: | Foulger et al v. Avertest, LLC |

**CAUTION:**    **EXTERNAL EMAIL**

Counsel:

Please use this link ☐ July 14, 2023 Responses to access the following documents:

**PLAINTIFF KATARZYNA FOULGER'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF KATARZYNA FOULGER**

**PLAINTIFF DAVID SHNITZER'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF DAVID SHNITZER**

**PLAINTIFF DAVID SHNITZER'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF DAVID SHNITZER**

**PLAINTIFF KATARZYNA FOULGER'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF KATARZYNA FOULGER**

**HEKKEMA PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFFS RANDI AND JOSEPH HEKKEMA**

**PLAINTIFF JOSEPH HEKKEMA'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**PLAINTIFF RANDI HEKKEMA'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**Hek00001-00057 - Confidential**

**CPS Documents (Hek 58 - 101) - Confidential**

**FOU0001-66 Confidential**

**FOU00067-68**

**FOU00069-83**

**FOU00084-115**

# EXHIBIT B

**FOU00116**

**FOU00117-163**

**SHN00001-85 Confidential**

**SHN00086-87**

**SHN00088-89**

**SHN00090-91**

**SHN00092-93**

**SHN00094-95**

**SHN00096**

Should you have any questions, please do not hesitate to contact our office.

Thank you.



www.aswtlawyers.com

Elvin Cruz | Legal Assistant
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
(310) 844-9696
elvin@aswtlawyers.com

# EXHIBIT B

| **From:** | Jenna K. DeBourge <jdebourge@atllp.com> |
|---|---|
| **Sent:** | Thursday, July 27, 2023 5:50 PM |
| **To:** | Richard S. Cornfeld (rick@ghalaw.com) |
| **Cc:** | daniel@ghalaw.com; tony@bruninglegal.com; aj@bruninglegal.com; ryan@bruninglegal.com; J.C. Pleban; C. John Pleban; mike@aswtlawyers.com; arnold@aswtlawyers.com; Anthony Jenkins; Colleen Kinsey; David Ott; Scott Kozak; Shannon Timmermann; Timothy Gearin |
| **Subject:** | K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth; Correspondence [IWOV-IDOCS.FID4872179] |
| **Attachments:** | Ltr to Cornfeld, re ATR pltfs_ discovery.pdf |

On behalf of Scott Kozak, I have attached correspondence pertaining to the above-referenced matter. If you have any questions, or if you are unable to open the attachment, please do not hesitate to contact our office.


Thank you,

 Armstrong Teasdale

Armstrong Teasdale LLP

**Jenna K. DeBourge** | Senior Legal Assistant to Scott Kozak, Scott Jansen, Nicolas Cejas, Cassandra Westfall–Lemp, and Shannon Timmermann

7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105–1847

314.621.5070 ext. 7028 | FAX: 314.237.1535

jdebourge@atllp.com

www.armstrongteasdale.com

Please consider the environment before printing this email.

# EXHIBIT C

July 27, 2023

**VIA ELECTRONIC MAIL**

Richard S. Cornfeld
Goldenberg Heller & Antognoli, P.C.
1010 Market Street, Suite 1645
St. Louis, Missouri  63101

Re:      **Foulger, et al. v. Avertest, LLC d/b/a Averhealth**
        **U.S. District Court, Eastern District of Missouri**
        **Cause No. 4:22-CV-00878**

Dear Rick:

This letter is being sent with respect to written discovery responses served on July 14, 2023, on behalf of four of the eight named plaintiffs: David Shnitzer, Katarzyna Foulger, Randi Hekkema, and Joseph Hekkema ("Responding Plaintiffs"). Discovery responses on behalf of plaintiffs Tiffani Padilla, Stephen Padilla, Nicole White, and Alexandra Hodor remain outstanding and will be addressed in a separate letter to the extent issues raised below are not equally applicable to discovery of those plaintiffs, notably with respect to apparent general objections being asserted uniformly on behalf of all plaintiffs not otherwise tied to specific discovery requests. This letter serves as Avertest, LLC d/b/a Averhealth's ("Averhealth") good faith attempt to resolve discovery disputes raised by the above-referenced plaintiffs' discovery responses in compliance with S.D. Iowa LR 37. Additional discovery issues identified as ongoing evaluation of the objections, answers, and responses provided by the plaintiffs implicated in this letter will be supplemented as needed.

**PLAINTIFFS' GENERAL OBJECTION**

Responding Plaintiffs each assert, as a prefatory objection to their respective discovery responses a general objection titled "Experts" generally objecting to production of information and/or documents based on the assertion that individual interrogatories and requests for production not specifically identified "seek information sent to and/or received from experts." Plaintiffs claim that, since "no expert deadline is upon us," and because Plaintiff has not yet determined whether an expert will be used or testify at trial, Plaintiffs "assert this objection generally."

This general objection lacks merit and should be withdrawn. As an initial matter, Plaintiffs' assertion of this general objection with respect to Rule 34 requests for production without stating whether responsive documents are being withheld pursuant to the objection violates Rule 34(b)(2)(C); a notable oversight given your raising of this precise issue with respect to Averhealth's discovery responses. More broadly, Plaintiffs'

# EXHIBIT C

reliance on Rule 26(B)(4)(B)-(D) as a basis not to disclose information or documents is misplaced. Rule 26(B)(4)(B)-(D) is applicable to draft expert reports or disclosures (Subpart (B)), communications between a party's attorney and an expert witness (Subpart (C)), and facts known or opinions held by an expert "who is not expected to be called as a witness at trial" (Subpart (D)). Notably, the protections afforded by Subpart B specifically excludes communication related to compensation, identification of facts or data provided to an expert, or assumptions of the party's attorneys that the expert relied upon in forming opinions to be expressed.

None of the above provisions of Rule 26(B) provide a basis for withholding of responsive documents. The discovery requests do not seek production of draft expert reports or disclosures, communications with experts, or opinions held by expert witnesses that are not expected to testify. By your own admission, such considerations have not been conclusively reached by Plaintiffs, notwithstanding your letter of May 24, 2023, which expressly states "[c]laims will be further supported by our experts." Plaintiffs cannot shield discoverable information or documents from disclosure pursuant to this general objection or any specific objections based on this general objection until production related to retained experts currently scheduled for March 2024. Averhealth is entitled to explore the allegations set forth in the Second Amended Petition with each of the plaintiffs and other potential non-expert witnesses.

Based on the foregoing, we request immediate withdrawal of this specious objection, confirmation whether Plaintiffs are withholding any information or responsive materials pursuant to the objection, and if such information or documents are being withheld, immediate production of said information or documents or provision of a Privilege Log in compliance with FRCP 26(b)(5) for any information or documents being withheld based on any legal privilege.

In addition to the general objections, the arguments in this section apply to the following discovery responses:

> Plaintiff David Shnitzer: Interrogatory No. 1

> Plaintiff Randi Hekkema: Interrogatory No. 1

> Plaintiff Joseph Hekkema: Interrogatory No. 1

> Plaintiff Katarzyna Foulger: Interrogatory No. 1

> Plaintiffs Joseph and Randi Hekkema: Request for Production Nos. 21-32

> Plaintiff Katarzyna Foulger: Request for Production Nos. 15-26

> Plaintiff David Shnitzer: Request for Production Nos. 19-29

<u>**INTERROGATORY ANSWERS**</u>

<u>**Objection Pursuant to FRCP 33(a)(2)**</u>

On behalf of each Responding Plaintiff, objections were levied based on FRCP 33(a)(2), claiming interrogatories requesting provision of information supportive of Plaintiffs' allegations regarding "improper

**EXHIBIT C**

procedure," facts supportive of contents of "false positive" test results, are better answered at the close of discovery.

This objection is without merit and should be withdrawn. Plaintiffs' claims are based on their uniform assertion that specific test results were "false positives," and that Averhealth used "improper procedures." Given those allegations form the predicate of Plaintiffs' claims, delaying provision of information until the close of discovery is prejudicial to Averhealth. Plaintiffs cannot make assertions of fact, then choose to withhold discoverable information they (may) hold supportive of those assertions until the close of discovery currently set for December 6, 2024. Averhealth must be afforded the ability to evaluate Plaintiffs' allegations, including preparing for depositions and conducting discovery as needed.

The arguments set forth in this paragraph apply to the following interrogatory answers:

Plaintiff David Shnitzer:  Interrogatory Nos. 2 and 3

Plaintiff Randi Hekkema: Interrogatory No. 2

Plaintiff Katarzyna Foulger:  Interrogatory Nos. 2 and 3

Plaintiff Joseph Hekkema:  Interrogatory No. 2

**Plaintiff Joseph Hekkema**

Interrogatory No. 11

Plaintiff objects based on "right to privacy and/or psychotherapist-physician privilege" and as "calling for an expert opinion" an interrogatory seeking information related to "stresses" for which Plaintiff attributes his "history of illegal drug use" as alleged in paragraph 352 of the Amended Complaint. The objections asserted are without merit. Mr. Hekkema has placed his self-admitted "history of drug use," and alleged "stresses" at issue by pleading them in this case; further, his claim rests in part on his assertion that his drug use issues "ended," only to relapse when he allegedly got "upset" by alleged "false positives." 2nd Am. Pet., § 365. By placing his drug use at issue, Mr. Hekkema cannot now use "psychotherapist-physician privilege" or "expert opinion" as a shield to provide full and complete interrogatory answers. Averhealth is entitled to evaluate all of Mr. Hekkema's claims involving substance abuse, and information regarding his assertion that "stresses" cause his abuse does not call for expert opinion testimony. Finally, there is no "right to privacy" exception to discovery rules; if Mr. Hekkema seeks to keep certain information private, he can produce responsive information confidentially pursuant to the terms of the Protective Order entered in this case. Please withdraw the objection, and provide a full and complete supplemental answer.

Interrogatory No. 12

Mr. Hekkema claims information related to criminal matters are "equally available to Defendant," which is patently untrue. Discovery is designed to elicit discoverable information, and Defendant should not be required to seek information regarding responsive criminal activity—if any—when Mr. Hekkema can provide responsive information. Further, to the extent criminal matters have been expunged or otherwise resolved, responsive information may not be "publicly available." As with Interrogatory No. 11, *supra*, Mr. Hekkema's choice to place his admitted *illegal* drug use at issue in the Second Amended Petition places the requested

# EXHIBIT C

information squarely within the bounds of proper discovery. Please withdraw the objection, and provide a full and complete supplemental answer.

<u>Interrogatory No. 15</u>

Mr. Hekkema objects to discovery related to Paragraph 375 of the Second Amended Petition on the grounds it violates physician/patient privilege, HIPAA, and because it is harassing and unreasonable. This objection is without merit.

Paragraph 375, which forms the predicate of Interrogatory No. 15, asserts Mr. Hekkema suffered "extreme emotional distress, including anxiety, stress and sleeplessness" as a direct result of their claim that Averhealth provided false positive test results. Mr. Hekkema has accordingly tied those alleged damages to alleged actions of Averhealth, who in turn is entitled to information regarding those claimed damages, including identification of providers from whom Mr. Hekkema sought or received treatment, including any formal diagnosis. Please withdraw the objections, and provide a full and complete supplemental answer, including appropriate medical records authorizations as requested in Requests for Production.

<u>Interrogatory No. 16</u>

Interrogatory No. 367 is neither vague nor ambiguous, and seeks information precisely because the information sought is not provided in the pleadings. Averhealth is seeking details regarding Mr. Hekkema's communications and dealings with Mr. Thiele, given Mr. Hekkema's detailed references to Mr. Thiele with direct reference to a relapse into illegal drug use allegedly caused by Averhealth's alleged false positive test results. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 18</u>

Plaintiff's objection to Interrogatory No. 18 is disingenuous at best. The term "substance abuse disorder," far from being "vague and ambiguous," is a specific, medical term for a specific condition. To resolve any claimed ambiguity, please consider the reference to be substance abuse disorder or substance use disorder as defined by the DSM-5. Objections based on HIPAA and physician-patient privilege are without merit, for the same reasons set forth in response to the interrogatories above; Mr. Hekkema has placed his admitted substance abuse at issue in this case by virtue of factual allegations in the Second Amended Complaint, and Averhealth is entitled to discover related information. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 19</u>

Plaintiff's objections are again without merit. Custodial issues form the partial basis of Mr. Hekkema's claimed damages; accordingly, information related to custodial decisions, including the guardianship of minor child K.H., are subject to discovery. Mr. Hekkema further put facts and circumstances of custody at issue by virtue of his detailed factual pleadings in the Second Amended Complaint. Averhealth is entitled to discovery to assess the validity and accuracy of Mr. Hekkema's factual allegations. Please withdraw the objections, and provide a full and complete supplemental answer.



# EXHIBIT C



<u>Interrogatory No. 20</u>

By placing his illegal substance abuse at issue in the Second Amended Complaint, Mr. Hekkema has put that abuse at issue, which necessarily implicates treatment provided for substance abuse. Objections based on medical privileges are therefore inappropriate and effectively waived. Please withdraw the objection, and provide a full and complete supplemental answer.

**<u>Plaintiff Randi Hekkema</u>**

<u>Interrogatory No. 12</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 11 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 13</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 12 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 16</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 15 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 17</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 16 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 19</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 18 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

<u>Interrogatory No. 20</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 19 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.




**EXHIBIT C**

<u>Interrogatory No. 21</u>

Please see Averhealth's position advanced herein with respect to Interrogatory No. 20 to Plaintiff Joseph Hekkema, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental answer.

**Plaintiff David Shnitzer**

<u>Interrogatory No. 18</u>

Averhealth will agree to limit the scope of this interrogatory to providers that have conducted tests on any hair or urine specimens provided by Mr. Shnitzer with respect to identification of illicit or illegal substances, and to any provider(s) that have dispensed medication to Mr. Shnitzer to deal with or treat substance use disorders (e.g., methadone, Suboxone, etc.), or to address symptoms related to a diagnosis or assessment of emotional distress or any other associated condition. Please withdraw the objections, and provide a full and complete supplemental answer.

**REQUESTS FOR PRODUCTION**

**Objections to Requests for Litigation Funding Information**

Hekkema Request Nos. 55-56, Foulger Request Nos. 47-48, and Shnitzer Request Nos. 50-51 seek information related to funding or financial interests in this litigation. Plaintiffs have objected to production of this information on grounds of attorney-client privilege and boilerplate assertions of the request being unduly burdensome, overbroad, harassing, unreasonable, and "beyond the scope of discovery." We disagree and request the documents sought be provided. Responsive documents and information do not implicate the attorney-client privilege, as they are not for the securing legal advice, but rather reflect a business transaction. Please withdraw the stated objections and provide a supplemental response.

**Hekkema Plaintiffs**

As an initial matter, applicable to all requests against which an objection has been levied, Plaintiffs fail to meet the requirements of FRCP 34(b)(2)(C), by not stating whether or not any responsive materials have been withheld pursuant to any asserted objection. Responses noting "subject to" an objection do not suffice to meet this requirement; accordingly, for Request Nos. 1, 2, 5, 6, 7, 10, 17, 38, 39, 40, 41, 42, 43, 44, 49, 50, 51, 52, 53, 54, 55, and 56, please indicate whether Plaintiff is withholding any document(s) pursuant to the stated objection(s).

<u>Request No. 5</u>

This request seeks information of meetings involving Averhealth and its agents and representatives; it accordingly cannot be subject to privileges. Please provide a full and complete response. To the extent Plaintiffs are withholding documents pursuant to the work-product privilege, please provide a Privilege Log for any withheld documents in compliance with FRCP 26(b)(5).



**EXHIBIT C**

Request No. 6

To the extent Plaintiffs are withholding documents pursuant to the attorney-client privilege, please provide a Privilege Log for any withheld documents in compliance with FRCP 26(b)(5).

Request No. 7

Plaintiff's objections based on a "right to privacy" are without merit; there is no privacy right inherent in tax return information. The request is further not outside the bounds of permissible discovery, as Plaintiffs have placed their work history at issue in multiple paragraphs of the Second Amended Complaint. Please withdraw the objections, and provide a full and complete supplemental response. To the extent Plaintiffs are withholding documents pursuant to a privilege, please provide a Privilege Log for any withheld documents in compliance with FRCP 26(b)(5).

Request No. 17

This request seeks information related to custody proceedings involving minor child C.R., including actions allegedly taken with respect to custodial issues. Such document are relevant and discoverable, especially considering Plaintiffs specific factual allegations set forth in Paragraph 364 of the Second Amended Complaint. Please withdraw the objections, and provide a full and complete supplemental response.

Request Nos. 38 and 39

Plaintiffs have placed their use of illegal substances at issue in factual allegations set forth in the Second Amended Complaint, including claims of "relapse" allegedly as a result of "false positive" test results. Objections based on scope and HIPAA are accordingly without merit, and Plaintiffs' oft-repeated citation to a nebulous "right to privacy" is without merit. Averhealth is entitled to investigate Plaintiffs' illegal drug use history and to evaluate Plaintiffs' factual contentions, and the discovery sought is specifically tied to facts put in issue by Plaintiffs. Please withdraw the objections, and provide a full and complete supplemental response.

Request No. 40

Averhealth will stipulate that it does not seek responsive documents solely between Plaintiffs and their counsel. The remainder of the response is insufficient. Averhealth is not aware of, absent provision of information by Plaintiffs, of the scope of their social media usage and passwords providing access to social media accounts, and are not privy to or able to access all emails and text messages responsive to this request. Such information is wholly within the possession of Plaintiffs and is not "equally available to Defendant." Please provide a full and complete supplemental response.

Request Nos. 41 and 42

Averhealth will agree to limit the scope of these requests to driving record entries related to citations for driving while under the influence, driving while intoxicated, any citations related to motor vehicle accidents in which either of the Plaintiffs was noted to be under the influence of drugs or alcohol, and any records evidencing suspension or revocation of driving privileges in Michigan or elsewhere. Please provide a full and complete supplemental response pursuant to this limited scope.



**EXHIBIT C**

Request No. 44

Plaintiffs have admitted their use of illegal substances in the Second Amended Complaint. Averhealth is entitled to information related to any criminal action taken against Plaintiffs related to such use. Please withdraw the objections, and provide a full and complete supplemental response.

Request Nos. 46–48

Plaintiffs' objections are unreasonable and specious. The requests are far from "commanding," and seek provision by Plaintiffs of authorizations to secure responsive information over which they have control, if not in their possession. Please withdraw the objections, and provide a full and complete supplemental response.

Request No. 49-52

Provision of the requested identification does not constitute "collateral source" information; even if it did, such information is discoverable at this stage of the litigation. The documents sought are further relevant to evaluation of Plaintiffs' health coverage and to confirm their identity and supportive information. Please withdraw the objections, and provide a full and complete supplemental response.

Request Nos. 53 and 54

Averhealth will stipulate that it does not seek responsive documents solely between Plaintiffs and their counsel. The remainder of the response is insufficient. As noted with respect to Request No. 40, *supra*, Averhealth is not aware of, absent provision of information by Plaintiffs, of the scope of their social media usage and passwords providing access to social media accounts. Such information is wholly within the possession of Plaintiffs and is not "equally available to Defendant." Please provide a full and complete supplemental response.

**Plaintiff Katarzyna Foulger**

Plaintiff fails to meet the requirements of FRCP 34(b)(2)(C), by not stating whether or not any responsive materials have been withheld pursuant to any asserted objection. Responses noting "subject to" an objection do not suffice to meet this requirement; accordingly, for Request Nos. 1, 2, 3, 5, 7, 10, 15-26, 35, 36, 37, 38, 43, 44, 45, 46, 47, and 48, please indicate whether Plaintiff is withholding any document(s) pursuant to the stated objection(s), and for objections stating work-product privilege, please provide a Privilege Log for any implicated document(s).

Request No. 5

Please see Averhealth's position advanced herein with respect to Request No. 5 to the Hekkema Plaintiffs, which is incorporated herein by this reference. Please withdraw the objections, and provide a full and complete supplemental response. To the extent Plaintiff is withholding documents pursuant to the work-product privilege, please provide a Privilege Log for any withheld documents in compliance with FRCP 26(b)(5).



**EXHIBIT C**

Request No. 34

Documents contained in the "court file" are not equally accessible to Averhealth, but are within the control of Plaintiff. The provided response is accordingly insufficient and evasive. Please provide a full and complete supplemental response.

Request No. 38

Please see Averhealth's position advanced herein with respect to Request Nos. 41 and 42 to the Hekkema Plaintiffs, which is incorporated herein by this reference. Please withdraw the stated objections and provide a full and complete response pursuant to the stated limitations.

Request Nos. 40-42

Plaintiffs' objections are unreasonable and specious. The requests are far from "commanding," and seek provision by Plaintiffs of authorizations to secure responsive information over which they have control, if not in their possession. Please withdraw the objections, and provide a full and complete supplemental response.

Request Nos. 43-44

Provision of the requested identification does not constitute "collateral source" information; even if it did, such information is discoverable at this stage of the litigation. The documents sought are further relevant to evaluation of Plaintiff's health coverage and to confirm their identity and supportive information. Please withdraw the objections, and provide a full and complete supplemental response.

Request No. 46

Averhealth will stipulate that it does not seek responsive documents solely between Plaintiff and her counsel. The remainder of the response is insufficient. Averhealth is not aware of, absent provision of information by Plaintiff, of the scope of her social media usage and passwords providing access to social media accounts. Such information is wholly within the possession of Plaintiff and is not "equally available to Defendant." Please provide a full and complete supplemental response.

**Plaintiff David Shnitzer**

Plaintiff fails to meet the requirements of FRCP 34(b)(2)(C), by not stating whether or not any responsive materials have been withheld pursuant to any asserted objection. Responses noting "subject to" an objection do not suffice to meet this requirement; accordingly, for Request Nos. 1, 2, 4, 7, 8, 18, 19-29, 33, 34, 36, 37, 38, 39, 41, 42, 43, 45-50, and 51, please indicate whether Plaintiff is withholding any document(s) pursuant to the stated objection(s), and for objections stating work-product privilege, please provide a Privilege Log for any implicated document(s).

Request Nos. 13, 33, and 34

Documents contained in the identified courts are not equally accessible to Averhealth, but are within the control of Plaintiff. The provided response is accordingly insufficient and evasive. Please provide a full and complete supplemental response to each of the Request Nos. 13, 33, and 34.



# EXHIBIT C



Request No. 39

Please see Averhealth's position advanced herein with respect to Request Nos. 41 and 42 to the Hekkema Plaintiffs, which is incorporated herein by this reference. Please withdraw the stated objections and provide a full and complete response pursuant to the stated limitations.

Request Nos. 41-43

Plaintiffs' objections are unreasonable and specious. The requests are far from "commanding," and seek provision by Plaintiffs of authorizations to secure responsive information over which they have control, if not in their possession. Please withdraw the objections, and provide a full and complete supplemental response.

Request Nos. 45-46

Provision of the requested identification does not constitute "collateral source" information; even if it did, such information is discoverable at this stage of the litigation. The documents sought are further relevant to evaluation of Plaintiff's health coverage and to confirm their identity and supportive information. Please withdraw the objections, and provide a full and complete supplemental response.

After you have had a chance to review the above, please contact our office to make arrangements for a meet and confer conference to discuss the issues raised in this letter.

Sincerely,


Scott K.G. Kozak

SKGK

cc:  All Counsel of Record (via electronic mail only)


**EXHIBIT C**

| | | |
|---|---|---|
| KATARZYNA FOULGER at al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 4:22-CV-00878 |
| v. | ) | |
| | ) | |
| AVERTEST, LLC, d/b/a AVERHEALTH | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

COME NOW Plaintiffs Tiffani and Stephen Padilla, by and through counsel, and certify that on this 1st day of September, 2023, a true and accurate copy of the following was served via email upon Timothy J. Gearin (tgearin@armstrongteasdale.com), David G. Ott (dott@atllp.com), and Scott K.G. Kozak (skozak@armstrongteasdale.com), 7700 Forsyth Blvd., Suite 1800, St. Louis, MO 63105, attorneys for Defendant:

1. Plaintiffs' Tiffani and Stephen Padilla's Responses an Objections to Defendant's First Set of Requests for Production Directed to Plaintiffs Tiffani and Stephen Padilla, PAD 00652-01066.

Respectfully submitted,

PLEBAN & ASSOCIATES LAW, LLC

by: /s/      J.C. Pleban
J.C. Pleban, MO Bar No.: 63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666
FAX: 314-645-7376

*Attorney for Plaintiffs*

**EXHIBIT D**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to all counsel of record via email this 1st day of September, 2023.

/s/      J.C. Pleban_____

**EXHIBIT D**

| From: | Colleen Kinsey |
|---|---|
| Sent: | Saturday, August 26, 2023 10:58 AM |
| To: | Jamie Boyer |
| Cc: | David Ott; Timothy Gearin; Kim Gamble; Angela B. Kennedy |
| Subject: | RE: Zoom Meeting re K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth [IWOV-IDOCS.FID4872179] |

Jamie,

Thank you for the call yesterday. Please allow this email to summarize our discussion.

We discussed there remain outstanding responses for 4 Plaintiffs, where no substantive responses/answers have been produced.

We asked if you intend to contest Rule 35 mental exams for all 8 Plaintiffs. You informed us you would confirm with the team.

General Objection: you confirmed you did not with hold documents pursuant to this objection.

Rule 33(a)(2) Objection: you agreed to withdraw this objection and provide responses. This objection was lodged on:
    Plaintiff David Shnitzer:  Interrogatory No. 1
    Plaintiff Randi Hekkema:  Interrogatory No. 1
    Plaintiff Joseph Hekkema:  Interrogatory No. 1
    Plaintiff Katarzyna Foulger:  Interrogatory No. 1
    Plaintiffs Joseph and Randi Hekkema: Request for Production Nos. 21-32
    Plaintiff Katarzyna Foulger: Request for Production Nos. 15-26
    Plaintiff David Shnitzer: Request for Production Nos. 19-29

Privacy, Physician/Psychotherapist, HIPAA Privilege: you agreed to withdraw this objection, but you are standing on your objection as to requests you deem call for expert opinion. You agreed to provide responsive documents/answers. This applied to
    Plaintiff Randi Hekkema:  Interrogatory No. 11, 15, 18
    Plaintiff Joseph Hekkema:  Interrogatory No. 12, 16, 19

Criminal Records: you agreed to provide responsive information/documents. This applied to:
    Plaintiff Randi Hekkema:  Interrogatory No. 13
    Plaintiff Joseph Hekkema:  Interrogatory No. 12
    Plaintiffs Joseph and Randi Hekkema: Request for Production No 38-39, 44

Custody records: you agreed to provide responsive information/documents. This applied to:
    Plaintiff Randi Hekkema:  Interrogatory No. 20
    Plaintiff Joseph Hekkema:  Interrogatory No. 19
    Plaintiffs Joseph and Randi Hekkema: Request for Production No 17
    Plaintiff Foulger Request No. 34
    Plaintiff Shnitzer Requst No. 13, 33-34

# EXHIBIT E

Treating Physicians and Medical Authorizations: you agreed to withdraw your objection as to mental care and treating and provide responsive documents/information. You are standing on your objection for any other medical care and treatment and the time period requested. This applied to:

    Plaintiff Randi Hekkema: Interrogatory No. 21
    Plaintiff Joseph Hekkema: Interrogatory No. 20
    Plaintiffs Joseph and Randi Hekkema: Request for Production No 46-47
    Plaintiff Foulger Request No. 40-41
    Plaintiff Shnitzer Request No. 41-42

Litigation Funding: you are standing on your objections.

Documents re Meetings between Plaintiffs and Defendants: you agreed to clarify that you are not withholding any documents.

Tax and Employment: you agreed to provide these for Plaintiff Shnitzer. You are standing on your objections as to the other plaintiffs.

Emails, Texts, Social Media: we agreed emails between plaintiffs and their counsel are privileged. You agreed to follow up on if there are non-privileged, responsive documents that you will produce.

Driving Records, Health Insurance, Licenses: you are standing on your objections.

Thiele requests: we clarified we are seeking information related to the circumstances of the Hekkemas working with Mr. Thiele and the beginning of that relationship. This applied to

    Plaintiff Randi Hekkema: Interrogatory No. 17
    Plaintiff Joseph Hekkema: Interrogatory No. 16

Hekkema RFP 6: you agreed to confirm nothing was being withheld on privilege.

Please let me know if you disagree with what we've laid out above.

Thank you,



Armstrong Teasdale LLP
**Colleen A. Kinsey** | Associate
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105–1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.342.8087 | Extension: 7487 | FAX: 314.621.5065
ckinsey@atllp.com
www.armstrongteasdale.com
Always exceed expectations through teamwork and excellent client service.

Please consider the environment before printing this email.

---

**From:** Jamie Boyer <jamie@bruninglegal.com>
**Sent:** Friday, August 25, 2023 8:58 AM
**To:** Jenna K. DeBourge <jdebourge@atllp.com>
**Cc:** David Ott <DOTT@atllp.com>; Colleen Kinsey <CKinsey@atllp.com>
**Subject:** Re: Zoom Meeting re K. Foulger, et al. v. Avertest, LLC d/b/a Averhealth

# EXHIBIT E

**CAUTION:** **EXTERNAL EMAIL**

David and Colleen,

In anticipation of our meet and confer call tomorrow morning, I wanted to provide you with our preliminary position on the issues raised in your letter. To the extent interrogatories and/or requests seek similar information, I have grouped those requests together below for purposes of discussion. I look forward to speaking with you.

**General Objection to Interrogatories**

As a threshold issue, no documents or information were withheld from any responding plaintiff because of this objection. This objection was made because some of the interrogatories require the application of specialized or technical knowledge to answer. For example, one interrogatory refers to the "standards of toxicology" referenced in the complaint. To the extent plaintiffs have worked with consulting experts, we are not required to turn over information or documents regarding such work unless and until these experts are identified as retained or non-retained experts who will testify at trial. This objection was made to preserve that protection.

**False Positive Interrogatories**

As phrased, the interrogatory seeks "each and every fact" supportive of allegations regarding false positives. As discovery and investigation of this case are ongoing, plaintiffs cannot (and should not be expected to) identify "each and every fact" supportive of such allegations until discovery is closed. No doubt, additional facts will come to light as the case progresses. At best, plaintiffs can provide the facts they know now, which by and large are contained within the operative complaint, and then supplement as the case proceeds. We are happy to discuss the most efficient process to address this issue.

**Objections Based on Right to Privacy, Physician/Psychotherapist Privilege and/or HIPAA**

Applicable to:  J. Hekkema Rog. 11, 15 & 18
             R. Hekkema Rog. 12, 16, & 19

Plaintiffs agree that, to the extent a plaintiff has put his/her mental health at issue in the case, defendant is entitled to explore that topic. As such, plaintiffs will withdraw the right to privacy, physician/psychotherapist privilege and/or HIPAA objections to such requests.

However, plaintiffs will not withdraw the objections regarding a request calling for an expert opinion. The connection between a person's emotional and/or mental state and substance abuse issues can and likely will be the subject of expert medical and/or mental health opinions in this case. The objection is made to make clear that while a plaintiff may describe how, in their lay opinion, stress contributed to drug use, such responses cannot be used to foreclose other, medically-based opinions on that same topic offered by expert witnesses in the case.

**Objections Regarding Criminal / Judicial Records**

Applicable to: J. Hekkema Rog. 12
             R. Hekkema Rog. 13
             Hekkema RFP 38-39 & 44

Plaintiffs seek clarification on why the criminal and/or judicial record information sought in these requests is relevant and/or not equally available to defendant, especially considering the lack of any time limitation. Case names and numbers for criminal matters are, by and large, available through a simple records search for most

# EXHIBIT E

states. Further, considering plaintiffs admit a history of illegal drug use in the complaint, we are unclear why information regarding convictions and/or court proceedings prior to their interaction with Averhealth are relevant. Such information would do nothing to prove or disprove whether Averhealth was negligently administering and/or analyzing results so that false positives were being generated. Further, plaintiffs are unclear what sort of documents RFPs 39 & 44 are seeking that do not fall within the categories covered by other interrogatories and requests asking for court records, judicial records, child custody proceedings, and medical records.

**Objections Regarding Child Custody & Divorce Records**

Applicable to    J. Hekkema Rog. 19
                 R. Hekkema Rog. 20
                 Hekkema RFP 17
                 Foulger RFP 34
                 Shnitzer RFP 13 & 33-34

To the extent an entire court or agency record is sought, that is equally available to defendant with a records request. If there is an issue with having such a request honored, we are happy to discuss whatever authorizations might be required to access such records.

**Objections Related to Identification of Treating Physicians & Medical Authorizations**

Applicable to    J. Hekkema Rog. 20
                 R. Hekkema Rog. 21
                 Hekkema RFP 46-47
                 Foulger RFP 40-41
                 Shnitzer RFP 41-42

As indicated above, plaintiffs are willing to produce information and/or records relating to the treatment they received as described in the complaint. That said, the requests identified above are far broader than that, seeking the identification of *all* health care providers for the past ten years who have seen or treated plaintiffs for *any* condition, performed *any* test, and/or dispensed *any* mediation. This request is patently overbroad as plaintiffs have not put their entire health history at issue in the complaint. We are willing to discuss parameters to these requests.

**Requests Regarding Litigation Funding**

Applicable to:   Hekkema RFP 55-56
                 Foulger RFP 47-48
                 Shnitzer RFP 50-51

Plaintiffs are standing on their objections to these requests. This information is not relevant to any claim or defense in this lawsuit and defendant's assertion that "we disagree" with the objections is not a legal basis to conclude otherwise.

**Withholding of Responsive Materials**

Plaintiffs are fine with indicating whether any responsive documents were withheld subject to objection.

**Objections Regarding Documentation of Meetings Between Plaintiffs and Defendant.**

Applicable to:   Hekkema RFP 5
                 Foulger RFP 5

# EXHIBIT E

Defendant is incorrect that, as written, these requests do not seek documentation subject to privileges. If, for example, a plaintiff's attorney spoke with one of defendant's agents and took notes, those notes are clearly work product. That said, nothing was withheld subject to these objections.

**Objections Regarding Tax Returns and Employment Authorizations**

Applicable to: Hekkema RFP 7 & 48
Foulger RFP 42
Shnitzer RFP 43


Plaintiffs seek clarification on why this information is relevant. With the exception of Plaintiff Shnitzer, plaintiffs are not making a lost wage claim and defendant's assertion they have "placed their work history at issue" does not provide an explanation for how this information would tend to prove or disprove a claim or defense in this case.

**Objections Regarding Email, Text and Social Media**

Applicable to: Hekkema RFP 40 & 53-54
Foulger RFP 46

We would like to discuss parameters to this request so that the burden of collecting information is proportional to the needs of this case.

**Objections Regarding Driving Records, Health Insurance Cards, and Drivers' Licenses**

Applicable to: Hekkema RFP 41-42 & 49-52
Foulger RFP 38 & 43-44
Shnitzer RFP 39 & 45-46


Plaintiffs seek clarification on why this information is relevant. Defendant provides no explanation for why they need to "evaluate" plaintiffs' health care coverage, confirm plaintiffs' identity (especially considering the address, family, and employer information provided in response to other requests), and/or what "supportive information" even means.

**J. Hekkema Rog. 16 & R. Hekkema Rog. 17**

Plaintiffs seek clarification regarding what additional information is sought in this interrogatory. The circumstances leading up to the Hekkemas seeing Stephen Thiele are described in the complaint.

**Hekkema RFP 6**

Plaintiffs did not withhold any responsive documents.



Thanks,

Jamie



On Wed, Aug 23, 2023 at 9:11 AM Jenna K. DeBourge <jdebourge@atllp.com> wrote:

David Ott is inviting you to a scheduled Zoom meeting.

# EXHIBIT E

Join Zoom Meeting

https://atllp.zoom.us/j/5897634607?pwd=NDd6VTFlS0Vld1NIdDlLL0ZwMXVtdz09

**Meeting ID: 589 763 4607**

**Passcode: 434028**

---

One tap mobile

+19292056099,,5897634607# US (New York)

8778535247,,5897634607# US Toll-free

---

Dial by your location

• +1 929 205 6099 US (New York)

• 877 853 5247 US Toll-free

Meeting ID: 589 763 4607

Find your local number: https://atllp.zoom.us/u/adwejqMQuG

---

Join by SIP

• 5897634607@zoomcrc.com

# EXHIBIT E

---

Join by H.323

• 162.255.37.11 (US West)

• 162.255.36.11 (US East)

• 115.114.131.7 (India Mumbai)

• 115.114.115.7 (India Hyderabad)

• 213.19.144.110 (Amsterdam Netherlands)

• 213.244.140.110 (Germany)

• 103.122.166.55 (Australia Sydney)

• 103.122.167.55 (Australia Melbourne)

• 209.9.211.110 (Hong Kong SAR)

• 64.211.144.160 (Brazil)

• 69.174.57.160 (Canada Toronto)

• 65.39.152.160 (Canada Vancouver)

• 207.226.132.110 (Japan Tokyo)

• 149.137.24.110 (Japan Osaka)

Meeting ID: 589 763 4607

Passcode: 434028

********** PRIVATE AND CONFIDENTIAL**********

**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale**

# EXHIBIT E

LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our **Global Privacy Policy** to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.

Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 38-43 Lincoln's Inn Fields, London WC2A 3PE. Please review our **International Legal Notices**.

--
**Jamie L. Boyer**
**The Bruning Law Firm LLC**
555 Washington Avenue, Suite 600A
St. Louis, MO 63101
Phone: 314-304-5748
jamie@bruninglegal.com
www.bruninglegal.com

# EXHIBIT E