**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KATARZYNA FOULGER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:22-CV-00878 |
| AVERTEST, LLC, dba Averhealth | ) |
| | ) |
| Averhealth. | ) |
| | ) |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION SEEKING FEES AND EXPENSES**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THE PARTIES' DISCUSSIONS ON PLAINTIFFS' FEES AND EXPENSES | 1 |
| III. | ARGUMENT | 4 |
| | A. Hours spent | 4 |
| | B. Hourly rates | 7 |
| | C. Fees for this motion | 9 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Lockheed Martin Corp.*,
  2015 U.S. Dist. LEXIS 93206 (S.D. Ill. July 17, 2015) ................................................................ 9

*Am. Modern Home Ins. Co. v. Thomas*,
  2019 U.S. Dist. LEXIS 142726 (E.D. Mo. Aug. 22, 2019) ........................................................ 2

*Arnold v. ADT Sec. Servs.*,
  627 F.3d 716 (8th Cir. 2010) ................................................................................................. 2, 6

*Arnold v. ADT Sec. Servs.*,
  2009 U.S. Dist. LEXIS 27310 (W.D. Mo. Mar. 31, 2009) ........................................................ 6

*Childress v. Fox Assoc.*,
  932 F.3d 1165 (8th Cir. 2019) ................................................................................................. 4

*Howland v. Smith*,
  2020 U.S. Dist. LEXIS 208196 (E.D. Mo. Nov. 6, 2020) ........................................................ 4

*Master Saddles LLC v. Andrews*,
  2023 U.S. Dist. LEXIS 158345 (E.D. Ark. Apr. 21, 2023) ........................................................ 5

*McAllister v. The St. Louis Rams LLC,*
  2019 U.S. Dist. LEXIS 237900 (E.D. Mo. June 24, 2019) ........................................................ 7

*Ramshaw v. Ehret*,
  2022 U.S. Dist. LEXIS 131057 (E.D. Mo. July 25, 2022) ........................................................ 5

*Rohrbach, et al. v. NVR, Inc., et al.*,
  2:19-cv-05847-CMR (E.D.Pa.), .......................................................................................... 2, 4, 5

*Schubert v. Pfizer, Inc.*,
  459 F. App'x 568 (8th Cir. 2012) ......................................................................................... 2, 6

*Spano v. Boeing Co.*,
  2016 U.S. Dist. LEXIS 161078 (S.D. Ill. Mar. 31, 2016) ........................................................ 9

*Starks v. St. Louis Cty.*,
  2023 U.S. Dist. LEXIS 53235 (E.D. Mo. Mar. 29, 2023) ........................................................ 5

## I.     <u>INTRODUCTION</u>

Plaintiffs had hoped they wouldn't have to burden the Court with this motion. They had hoped Averhealth would accept the reasonable fees they had incurred in filing their motion for CAP documents. *See* Motion to Compel and accompanying papers at ECF 63. As required by the Court's Order awarding Plaintiffs reasonable fees and expenses in connection with that motion, ECF 73, pp. 4-5, Plaintiffs sent Averhealth an itemized record of fees and expenses totaling $47,653.60. Averhealth flatly rejected that amount, paid Plaintiffs' counsel only $12,500, and invited Plaintiffs to negotiate for more. The parties conducted two in-person meet-and-confers and exchanged a number of emails, but – as shown below – it was to no avail.

Plaintiffs were therefore forced to file this motion. Plaintiffs request that the Court order Averhealth to pay them an additional $27,500 for a total of $40,000, the last amount Plaintiffs agreed to accept by itself. That amount is more than reasonable considering the work that Plaintiffs' counsel did in presenting their motion.

## II.     <u>THE PARTIES' DISCUSSIONS ON PLAINTIFFS' FEES AND EXPENSES</u>

On September 20, 2023, as ordered by the Court, Plaintiffs sent Averhealth's counsel a spreadsheet itemizing their fees and expenses totaling $47,653.60. Ex. A (authenticated in Declaration of Richard S. Cornfeld, Ex. J ("Cornfeld Decl.")), ¶ 2. The bulk of the fees, $43,653.60, was for 55.4 hours at $790 an hour by Richard Cornfeld, who did the drafting on the briefs. Roxanna Laswell, a paralegal with his firm, spent 9 hours at $300 an hour on document preparation. Two lawyers with other firms, M. Anthony Jenkins and J.C. Pleban, spent small amounts of time (at $800 and $550 an hour respectively) reviewing and editing the briefs. There was also a $20.10 mailing fee for sending the motion and related documents to the Court as required.

Seven days later David Ott of Armstrong Teasdale LLP sent back a two-and-a-half-page

single-spaced letter rejecting these fees. Ex. B. He contended that both the number of hours and the hourly rates were excessive. He pointed to several cases for comparison. One was his firm's own case, *Rohrbach, et al. v. NVR, Inc., et al.*, 2:19-cv-05847-CMR, ECF No. 52-1 (E.D.Pa.), in which it requested and received a fee award of $14,447.50 for a discovery motion (representing 27.3 hours). *See* below for a discussion of his other cases.

Averhealth also asserted that the attorneys' hourly rates were excessive. It claimed they should have charged the average hourly rates of St. Louis lawyers, as shown in *Missouri Lawyers Weekly*, citing as support *Am. Modern Home Ins. Co. v. Thomas*, 2019 U.S. Dist. LEXIS 142726, at *12 (E.D. Mo. Aug. 22, 2019).

Mr. Ott did not say what he thought a reasonable fee was but invited "a discussion with you about what a just and reasonable fee award would be in these circumstances." Ex. B, p. 3.

Mr. Cornfeld responded by asking what fee he conceded was reasonable. Ex. C (R. Cornfeld email, 9/27/2023. Tim Gearin answered with $12,5000. *Id.* (T. Gearin email, 9/28/23). How did he determine that? (*See id.* [R. Cornfeld email, 9/28/23], asking that question.) Mr. Gearin answered with the following calculation:

> Senior counsel   $420/hour x 23.8 hours
> Junior Counsel    $420/hour x 4.3 hours
> Paralegal              $250/hour x 2.8 hours
> Total = $12,502.00

*Id.* (Gearin email, 10/2/23).

Mr. Cornfeld and Mr. Gearin held a meet-and-confer by telephone that day. Mr. Cornfeld told him why Plaintiffs did not believe the cases Averhealth had cited were applicable, explained the basis for Plaintiffs' counsel's hourly rates, gave him examples of awards that used even higher rates, and provided two 8th Circuit decisions, *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 721 (8th Cir. 2010), and *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 574 (8th Cir. 2012), that

supported Plaintiffs' request. Regarding the number of hours, Mr. Gearin said that he was not contending that Plaintiffs' counsel didn't spend the time but was contending the time was unreasonable. Ex. J5.

Mr. Gearin sent a letter to Mr. Cornfeld that day, rejecting everything Mr. Cornfeld had said, reiterating Averhealth's "initial offer of $12,500" and expressing regret that Mr. Cornfeld had not moved off Plaintiffs' number. Ex. D (T. Gearin letter, 10/2/23). Mr. Cornfeld responded that afternoon, expressing regret that the information he had provided hadn't convinced Averhealth that Plaintiffs' request was reasonable. Ex. E (R. Cornfeld email 10/2/2023). Mr. Gearin replied, asking Mr. Cornfeld to let him know if he "had room to move off of your $49,000+ demand for fees" [*sic*; the amount was $47.000+]. *Id.* (T. Gearin email, 10/3/23].

On October 6, 2023, Mr. Cornfeld wrote Mr. Gearin, "Tim, we have talked this over and are willing to try to reach an amicable resolution." He asked Mr. Gearin to get in touch with Ryan Bruning. *Id.* (R. Cornfeld email, 10/6/23).

Mr. Bruning conducted a meet-and-confer on October 10 with Angela Kennedy and Michael Witsch, two Armstrong Teasdale partners. During the call, he reduced Plaintiffs' number to $40,000. Unfortunately – since Plaintiffs had thought this would be a call to try to reach a resolution – Ms. Kennedy and Mr. Witsch said they had no authority to negotiate the issue, making any discussion fruitless. Instead, they told Mr. Bruning they'd pass on his new number and get back to him. *See* Mr. Bruning's confirming email. Ex. F (R. Bruning email, 10/10/23). (That could have been done by email if that's all they wanted. In fact, why did it take *two* Armstrong partners to join Mr. Bruning on a meaningless call?) Ms. Kennedy wrote back saying she believed a reasonable fee would be "somewhere in the neighborhood of $15,000." (Why then did they offer only $12.500?) She then added $7,500 for a total of $20,000, which she said was

3

"our best and final offer." *Id.* (A. Kennedy email, 10/12/23).

However, Plaintiffs gave it one more try. Mr. Bruning wrote back on October 24, stating that Plaintiffs would accept $20,000 on condition that Defendant withdraw its own pending fee request, made in its reply on its motion to compel. *Id.* (R. Bruning email, 10/24/23). Plaintiffs believe Averhealth's request for fees is unfounded, as explained in Plaintiffs Motion to Strike, ECF 84. Plaintiffs made the offer to eliminate more needless motion practice. However, Averhealth rejected it. *See id.* (A. Kennedy email, 10/26/23.) That brought the discussions to a standstill, making this motion necessary. *See id.* (R. Bruning email, 10/30/23)

### III. <u>ARGUMENT</u>

In determining the reasonableness of a fee request, "[f]ederal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate, when calculating reasonable attorney's fees." *Howland v. Smith*, 2020 U.S. Dist. LEXIS 208196, at *4-5 (E.D. Mo. Nov. 6, 2020) (quoting *Childress v. Fox Assoc.*, 932 F.3d 1165, 1172 (8th Cir. 2019)). Here both the time spent and the hourly rates are reasonable.

**A. Hours spent**

There is no question but that Plaintiffs counsel spent the time they are claiming on the motion, brief in support and reply brief. Averhealth conceded it was not contending to the contrary. Ex. J ¶ 5. Nor can there be any suggestion that Plaintiffs' counsel spent more time than necessary in a (dishonest) effort to pad the request. Plaintiffs did not request fees until seeing Averhealth's resistance to the motion. *See* Reply Brief. By then, Mr. Cornfeld had spent 44.2 hours (out of his total of 55.4). The time he spent was the time he believed was necessary to present the motion adequately. Ex. J, ¶ 2.

Nevertheless, Averhealth argues that the time was excessive. For support, it cites the hours Armstrong's lawyers spent on a motion to compel in *Rohrbach*, as well as decisions in *Master*

*Saddles LLC v. Andrews*, 2023 U.S. Dist. LEXIS 158345, at *4-5 (E.D. Ark. Apr. 21, 2023), in which the court ruled that 89.3 hours was excessive; *Starks v. St. Louis Cty.*, 2023 U.S. Dist. LEXIS 53235, at *7-8 (E.D. Mo. Mar. 29, 2023), where the court ordered a 25% reduction in the 78.4 hours claimed, and *Ramshaw v. Ehret*, 2022 U.S. Dist. LEXIS 131057, at *7 (E.D. Mo. July 25, 2022), where the court approved a fee of $19,424.80. *See* Ex. B (Ott letter).

None of these cases apply, however. They all dealt with opposing parties that simply failed to provide discovery or ignored court orders. In *Rohrbach*, the motion was based on the plaintiff's utter failure to respond to discovery, not the legal issue of whether they had well-founded objections. *See* Ex. G (Def. NVR's Motion for Sanctions [without exhibits], pp. 2-3, Background section). Obviously, moving to compel missing discovery responses is a simple matter. The *Rohrbach* defendant's original motion to compel was two pages with no brief in support. *See* Ex. H (Def. NVR's Motion to Compel in Rohrbach v. NVR, Inc., No. 2:19-CV-05847 [without exhibits]). Its motion for sanctions did little more than recite the sorry history of the plaintiffs' failure to provide discovery.

Averhealth's other cases are similar. *See Ramshaw*, 2022 U.S. Dist. LEXIS 131057, at *7 ("Although the Court is sympathetic to the impact that the COVID-19 pandemic has had on the parties and on the world, this cannot be an excuse for willingly ignoring the Court's orders and otherwise unnecessarily driving up the cost of litigation for Plaintiffs and the Court."); *Master Saddles*, 2023 U.S. Dist. LEXIS 158345, at *4-5 (Plaintiff did not "promptly supply his lawyer (or opposing counsel, when he was pro se) discovery that might be relevant to this case."); *Starks,* 2023 U.S. Dist. LEXIS 53235, at *2 ("Despite being granted a number of extensions of time, the County failed to respond to these discovery requests, and Plaintiff filed a motion to compel, to which the County also did not respond."). *Starks* reduced the plaintiffs' 78.4 hours by

5

25% (in part because of duplicate work and work related to other issues, something not present here). That still left 58.8 hours, not much less than Plaintiffs' claimed 66.3 hours.

Contrary to the implication of Averhealth's argument, moreover, there is no dollar limit to the amount of fees or number of hours that can be claimed for a discovery motion. It obviously depends on the work that is necessary, which varies from case to case. In *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 574 (8th Cir. 2012), the Eighth Circuit affirmed an award of $53,255.55 "relating to the additional extraordinary discovery expense caused by Plaintiff's noncompliance with discovery orders and Federal Rules of Civil Procedure." In 2023 dollars, that amount would be considerably higher. And in *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 721 (8th Cir. 2010), the court affirmed an award of 45.7 hours in a case involving a simple failure to respond to requests for information such as their employment history and damage computations. *See* district court's order, *Arnold v. ADT Sec. Servs.*, 2009 U.S. Dist. LEXIS 27310, *7-9 (W.D. Mo. Mar. 31, 2009). This number of hours was nearly double what Averhealth would give Plaintiffs.

Here, the issue was a novel one. It required briefing, among other issues, of whether a party could be shielded from disclosing information from its accrediting body where that body says the information is confidential and should not be disclosed. That entailed issues of privilege under Missouri statutory and common law. *See* Brief in Supp. Plffs' Motion to Compel Prod., ECF 63-11, pp. 12-14. It also required briefing whether, assuming the information *was* privileged, documents produced by the Michigan Department of Health and Human Services showed that Averhealth had, under Missouri law, waived the privilege. *Id.*, pp. 14-16. As the Court recognized, "[Defendant] forced Plaintiffs into a position where their counsel had to research and draft a lengthy brief explaining why the requested materials are not privileged under governing law or otherwise exempt from discovery." ECF 73, p. 4. This was a problem of Defendant's

making. Averhealth's complaint that Plaintiffs did not this clean up quickly enough is not credible. In short, there is no basis for finding that the time Plaintiffs' counsel spent on the motion to compel is unreasonable.

**B. Hourly rates**

The hourly rates of Plaintiffs' counsel are also reasonable. Mr. Cornfeld, who did the bulk of the work, specializes in plaintiffs' mass torts and class actions.[1] As such, his hourly rate is set by courts in response to class action fee petitions. In *McAllister v. The St. Louis Rams LLC,* Case No. 4:16-cv-00172-SNLJ, he submitted a fee petition on March 15, 2019, supported by his Declaration stating that his hourly rate was $650.[2] That rate was used in a "lodestar cross check" of the fee claim, and Judge Limbaugh approved the fees in full.[3] Extrapolating that rate by inflation based on the increase in rates for civil negligence lawyers[4] brings the rate to $790.

Averhealth states, however, that, Mr. Cornfeld's rate should be the average for St. Louis lawyers according to *Missouri Lawyers Weekly.* That publication obtains its data from "fee applications filed with local state and federal courts to give a glimpse, however limited, into the amounts that lawyers in this state charge per hour for their services."[5] It is inappropriate to use that "glimpse" in this case for two reasons. First, Mr. Cornfeld's rate should be above the

---

[1] These are two related fields, as evidenced by the fact that his selection to Best Lawyers and Missouri Superlawyers was in the field of Mass Tort Litigation/Class Actions – Plaintiffs.

[2] *McAllister* was a class action on behalf of owners of St. Louis Rams personal seat licenses that were to allow them to buy season tickets through the 2024 season but were rendered worthless when the Rams moved to Los Angeles in 2016. Plaintiff sought a refund for unusable seasons. To the extent Averhealth claims that here it was unreasonable for Mr. Cornfeld to do all the briefing by himself without assigning it to younger, less expensive lawyers (something they mentioned in the Ott letter but did not raise again in the parties' discussions), he had the same responsibility among the three law firms representing the *McAllister* plaintiffs.

[3] *McAllister v. St. Louis Rams*, 2019 U.S. Dist. LEXIS 237900, at *5 (E.D. Mo. June 24, 2019).

[4] Rates for civil negligence lawyers have increased by roughly 20% over that period. *See* https://data.bls.gov/timeseries/PCU5411105411103?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

[5] https://molawyersmedia.com/2022/11/21/welcome-to-billing-rates-2022/ (accessed 11/1/2023).

7

average.[6] Second, his rate should be tied to his specialty. The *Missouri Lawyers Weekly* is not limited to mass torts or class actions. But looking at individual lawyers, class-actions rates are considerably higher.

In 2022, *Missouri Lawyers Weekly* showed two St. Louis lawyers with rates of $950 per hour.[7] Although it gave their substantive practice area as Employment, this rate came from a state-court class action, *Hootselle v. Missouri Department of Corrections*, No. 12AC-CC00518-01 (Cole County Cir. Ct.), which was settled in 2022. *See* Ex. I (Judgment and Order Granting Final Approval of Class Action Settlement in *Hootselle*). Their appearances in that case are shown in the Missouri Courts website.[8]

These rates are not out of line. According to the 2020 billing rate survey of the National Association of Legal Fee Analysis, the average hourly rate for both plaintiffs and defense class-action lawyers with 20+ years in practice fell within the range of $801-$900. https://www.thenalfa.org/blog/survey-class-action-defense-rates-keep-pace-with-plaintiffs-rates-in-2020/ (accessed 10/31/2023). Mr. Cornfeld's rate is below that range, even ignoring inflation.

Moreover, courts have approved hourly rates for St. Louis class action lawyers considerably higher than Mr. Cornfeld's. In 2015, Judge Reagan of the Southern District of Illinois approved $974/hour for St. Louis class action lawyers with 25+ years' experience. *Abbott v. Lockheed*

---

[6] Mr. Cornfeld has practiced Plaintiffs' class actions and mass torts since leaving Thompson Coburn LLP, where he defended such cases for 30 years, in 2012. Since then, he has been selected in Best Lawyers in America (Mass Tort Litigation/Class Actions - Plaintiffs) every year. When initially selected, he was one of only three plaintiffs' lawyers in the St. Louis area with that honor. He has also been selected by Missouri Super Lawyers as a Top Rated Class Action & Mass Torts attorney and by the National Trial Lawyers to its list of Top 100 Civil Plaintiff Trial Lawyers in Missouri and Class Action Top 40 as one of Missouri's leading Class Action Plaintiffs' lawyers. In 2021-2022 he was national president of Class Action Top 40. *See* Ex. 1 to Cornfeld Declaration for a more complete resume.

[7] https://molawyersmedia.com/2022/11/21/billing-rates-2022-the-data/ (accessed 11/1/2023). This page also shows a Kansas City class action lawyer with a rate of $1,125. Kansas City median partners rates are approximately 16% higher than those in St. Louis, according to *Missouri Lawyers Weekly*. A similar adjustment to the $1,125 rate would bring it to $970.

[8] https://www.courts.mo.gov/cnet/cases/newHeader.do?inputVO.caseNumber=12AC-CC00518-01&inputVO.courtId=SMPDB0004_CT19#party (accessed 11/1/23)

*Martin Corp.*, 2015 U.S. Dist. LEXIS 93206, at *12 (S.D. Ill. July 17, 2015). The following year Judge Rosenstengel of the same court found that a reasonable hourly rate for the same St. Louis attorneys with 25+ years' experience was $998. *Spano v. Boeing Co.*, 2016 U.S. Dist. LEXIS 161078, at *10-11 (S.D. Ill. Mar. 31, 2016). Mr. Cornfeld's rate is modest compared to those.

The hourly rates of Ms. Laswell and Messrs. Jenkins and Pleban are also reasonable, but the Court need not consider them because Mr. Cornfeld's fee alone ($43,766) is enough to support Plaintiffs' request for a total fee of $40,000.

In short, the hourly rates submitted by Plaintiffs are clearly reasonable.

### C. Fees for this motion

The letters, emails, meet-and-confers, research and briefing have forced Plaintiffs to spend a considerable amount of unnecessary time since the Court's September 6 Order. Once again, to borrow from the Court, "Averhealth has wasted everyone's time …." Order on Plaintiffs' Motions to Compel. ECF 73, p. 4. As a result, Plaintiffs submit that they should be awarded fees for this motion. If the Court agrees, Plaintiffs will discuss an appropriate fee with Averhealth, based on the Court's decision on this motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendant and its counsel to pay them an additional $27,500 in fees and expenses in filing and briefing their motion to compel production of CAP documents, for a total of $40,000, and award fees and expenses for this motion.

Dated: November 3, 2023          Respectfully submitted,

                                              **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

                                              By:/s/*Richard S. Cornfeld*
                                              Richard S. Cornfeld, #31046MO

Daniel S. Levy, #66039MO
2227 S. State Route 157
Edwardsville, Illinois 62025
618.656.5150
rick@ghalaw.com
daniel@ghalaw.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
Pleban & Associates Law LLC
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 – Telephone
(314) 645-7376 – Facsimile

And

Mike Arias, #115385(CA)
Arnold Wang, #204431(CA)
Craig S. Momita #163347(CA)
Arias Sanguinetti Wang & Team, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Tel: (310) 844-9696 / Fax: (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2023, the foregoing was served by operation of the Court's electronic filing system on all counsel of record in this matter.

<u>*/s/ Richard S. Cornfeld*</u>