**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATARZYNA FOULGER, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:22-CV-00878 |
| AVERTEST, LLC, | ) | |
| d/b/a AVERHEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs hereby move the Court to sanction Averhealth for spoliation of documents and in support thereof state the following:

1. Averhealth is guilty of spoliation of documents in the following respects:

    a. It destroyed records of the chain of custody of many of Plaintiffs' test specimens, some after Plaintiffs formally requested them under Rule 34, even though Averhealth acknowledges that those records are necessary to ensure legal defensibility of its drug tests.

    b. It destroyed the hair sample of Plaintiff Katarzyna Foulger's sole positive test, contrary to both a statement on its test report, under penalty of perjury, that it would preserve the specimen for a year and its contractual obligation to do so, thereby preventing Ms. Foulger from having it retested by another lab to confirm what she knew, that Averhealth's result was false because she has never taken an illegal drug.

    c. It inexplicably destroyed the records of seven supposedly positive drug tests of Plaintiffs, with the result that the Data Packs it produced to Plaintiffs did not reflect the work of its analysts who reviewed the data.

2.  These egregious actions are consistent with the bad faith with which Averhealth has defended this case and its testing practices, making false statements to this and another Court regarding its testing and its document production, in the following respects:

    a.  In support of its motion to dismiss, Averhealth falsely told the Court that a letter dated May 25, 2021, from the College of American Pathologists ("CAP"), Averhealth's governing body, reflects the rejection by CAP of the allegations of faulty testing by its former laboratory director, Dr. Sarah Riley; that statement was knowingly false because Averhealth knew that – as Dominique Delagnes, Averhealth's current Chief Executive Officer and Chief Operating Officer at the time of the letter, testified in deposition – the letter had nothing to do with Dr. Riley's allegations, but related to an entirely different matter.

    b.  In support of its motion to dismiss, Averhealth falsely stated that a non-routine inspection of its laboratory by CAP showed that Dr. Riley's allegations were unfounded; Averhealth knew that statement was false because, a week after the inspection, CAP told Averhealth in writing that Dr. Riley's allegations were substantiated and that the purpose of the inspection was to verify implementation of corrective actions.

    c.  Averhealth also denied to the Court that its probation by CAP was lifted because it had corrected its faulty processes; that denial was knowingly false because its internal documents show that it told its customers that that was the very reason the probation was lifted.

    d.  Averhealth falsely told the Court this past February that it had produced all underlying data for Plaintiffs' positive tests, even though it knew that was not true

and months later produced vast quantities of additional data.

    e.   In a child-custody trial in Michigan in 2021, Ms. Delagnes falsely testified, in defense of Averhealth's drug-testing practices, that no one had ever said that Averhealth was not following its standards; as Ms. Delagnes admitted in her deposition in this case, she knew at the time that CAP had said that Averhealth was not following its standards and, as Ms. Delagnes further admitted, her Michigan testimony was false.

3.   Due to these actions, Plaintiffs seek the following relief:

    a.   A finding that Averhealth is guilty of spoliation of evidence and acted in bad faith.

    b.   A default judgment against Averhealth.

    c.   In the alternative to Item b, an adverse-inference instruction regarding the despoiled evidence.

    d.   An order that Averhealth pay Plaintiffs their reasonable attorneys' fees in bringing this motion.

    e.   An order that Averhealth pay the Court a fine of $10,000.

    f.   Such other and further relief as the Court shall deem appropriate.

4.   In support, Plaintiffs submit the accompanying Brief and supportive exhibits.

Dated: August 8, 2024

Respectfully submitted,

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By:/s/*Richard S. Cornfeld*
Richard S. Cornfeld, #31046MO

3

Daniel S. Levy, #66039MO
2227 S. State Route 157
Edwardsville, Illinois 62025
618.656.5150
rick@ghalaw.com
daniel@ghalaw.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
Pleban & Associates Law LLC
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 – Telephone
(314) 645-7376 – Facsimile

And

Mike Arias, #115385(CA)
Arnold Wang, #204431(CA)
Craig S. Momita #163347(CA)
Arias Sanguinetti Wang & Team, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Tel: (310) 844-9696 / Fax: (310) 861-0168
mike@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com


*Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 8th day of August, 2024, the foregoing was served by operation of the Court's electronic filing system on all counsel of record in this matter.

                */s/Richard S. Cornfeld*